# STATE OF ALASKA

**Department of Labor and Workforce Development**

*State ADA Coordinator's Office*

FRANK H. MURKOWSKI, GOVERNOR

801 West 10th Street, Suite A
Juneau, Alaska 99801
V/TTY: (907) 465-2814
FAX: (907) 465-2856

RECEIVED
MAY 30 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

7-19-04

Jack Earl
Inmate
P.O.B. 1100
1100 Bowling Rd
Florence Correctional Center
Florence, Arizona 85232

Mr. Earl,

Thank you for the time extension to complete interviews with as many of the people involved as possible. I have interviewed the U.S. Marshal in charge, the flight nurse, correctional officer's used to transport you to the airport, each list of prisoners that you supplied and sixteen prisoners randomly chosen who were on the flight. I also reviewed written statements from correctional staff involved.

I did not find any evidence of discrimination based on your disability or any program that you were barred from participating in due to your disability.

Transporting large numbers of prisoners on board commercial aircraft passenger jets is dangerous and requires a higher level of security than confinement in a prison facility. The incident you experienced on board the plane, when your colostomy bag emptied, was and is unfortunate. None of the staff I talked with have ever had an incident such as yours happen and they regularly transport prisoners from all over the nation with colostomies. Therefore I see no pattern of discrimination that would lead me to think anyone was out to get you, do you personal injury, or cause added shame or embarrassment because of your disability. Up until your accident in the toilet room you were being allowed to use the toilet like any other prisoner during the flight.

You make a strong point that the ADA requires each person to be evaluated on an individual basis. This further supports my findings that you were not discriminated against and you were accommodated as much as possible within the security restrictions of an in-flight inmate transport. Every time you requested an opportunity to empty your colostomy bag your were allowed to. As you described part of the problem was the safety tape being wet, it was not a lack of provisions that caused the bag to empty but the volume of the contents as well as the difficulty in emptying while handcuffed.

printed on recycled paper

I expected to find empathetic corroboration of your side of the story from the witnesses you provided. As it turned out some of the witnesses you provided viewed your actions as a trigger to the some of the comments made by and contact with the U.S. Marshals. One prisoner even overheard the Marshals trying to figure out what was causing some of the belligerent outbursts you made. Another prisoner said you appeared to be trying to be run into by leaning way into the aisle.

One of the prisoners randomly chosen, said that you had planned all along to create an incident such as you experienced. According to him you bragged about how you would get back at the State of Alaska if they shipped you to Arizona. This inmate described how you would empty your colostomy bag on purpose and then blame the State for not accommodating you. He said you would use an " in flight incident" as grounds to make the State get you back to Alaska.

Your separation from other prisoners and travel in a separate vehicle were due to security risks you might present after the incident on the plane. The "special" team present at the airport wearing masks and full protective gear is common when transporting prisoners and was for security of all prisoners not just to isolate you.

Needless to say, unsupportive random prisoner interviews, contrary statements from witnesses you provided, and conversations with U.S. Marshals, ADOC corrections officers, and the in flight nurse did not substantiate your claim of discrimination based on disability.

Therefore I am closing the file on this complaint. If you choose to pursue this further you will have to do so through the judicial system. The address to write to is enclosed below.

U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Disability Rights Section - NYAV
Washington, DC 20530

This concludes the final stage of the informal grievance process and is the final decision for the State of Alaska regarding this complaint.


Don Brandon
ADA Coordinator
State of Alaska