IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK L. EARL,<br><br>    Plaintiff,<br><br>vs.<br><br>MIKE ADDINGTON, et al.,<br><br>    Defendants. | Case No. 3:06-cv-00126-TMB<br><br>ORDER REGARDING<br>PRE-PAYMENT OF FEES |

Jack Earl, a self-represented prisoner, has filed civil rights complaint under, *inter alia*, 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.[1] Mr. Earl has also filed an application to waive prepayment of the filing fee, under 28 U.S.C. § 1915.[2] Under the Prison Litigation Reform Act, as a prisoner, Mr. Earl is now required to pay the full federal court filing fee of $350.00 for his civil case in installments.[3] Mr. Earl must pay an initial filing fee

---

    [1] *See* Docket No. 1.

    [2] *See* Docket No. 13.

    [3] *See* 28 U.S.C. § 1915(b).

of 20 percent of the greater of (a) the average monthly deposits to his prison or jail account for the six months immediately before filing the lawsuit; or (b) the average monthly balance in his prison or jail account for that same six month period.

The institution with custody of Mr. Earl will deduct the money, when funds are available, from his account and send the money to the Court as ordered. Mr. Earl will then owe monthly payments in the amount of twenty percent of the past month's income from his trust account each time the amount in the account exceeds $10.00, until the statutory filing fee of $350.00 is paid in full.[4]  Responsibility for collecting these fees and submitting them to the Court lies with the agency that has custody of the prisoner.

The Court must have full and complete information about Mr. Earl's financial status in order to compute the initial installment payment, and the Court has developed a form to obtain all the information it needs to make the computation. Mr. Earl will be allowed to file a new application on the enclosed (current) Court form, including all of the required documentation.  Mr. Earl must answer all questions on the application fully, completely and directly, or the application will be denied If a question does not apply, answer "N/A"; otherwise answer "yes" or "no", check all applicable boxes, fill in all blanks, and provide complete information as requested.[5]

---

[4]  *See* 28 U.S.C. § 1915(b).

[5]  *See id.*

Mr. Earl's application is deficient because he did not file a **certified copy of his prison trust account statement for the six month period immediately before filing the complaint.**[6]  Because Mr. Earl filed his complaint on May 30, 2006, he must fill out the last page of the fee application, and must submit a **certificate from the institution showing the average monthly deposits and average monthly balance,** with his trust account statements for the months of December 1, 2005, through May 30, 2006.

Whether or not a prisoner has paid all or part of the filing fee, the Court must dismiss a case if a prisoner's "allegation of poverty is untrue."[7]  Also, the Court must dismiss if it decides that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[8]  The Court is aware, however, that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[9]  Mr. Earl is cautioned that, if this case is dismissed, **no part of the fee will be returned**; instead, the Court will continue to collect the fee until it is **paid in full**.

---

[6] *See* 28 U.S.C. § 1915(a)(2).

[7] 28 U.S.C. § 1915(e)(2)(A).

[8] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A.

[9] *See Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

Finally, **a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."**[10]

**IT IS HEREBY ORDERED** that:

1. Mr. Earl's request to waive prepayment of fees, at docket number 13, is DENIED with leave to amend;

2. If Mr. Earl decides to proceed with this action in light of the above-described risks, he must file an amended application to waive prepayment of fees on the enclosed form, **including all the requested documentation**, on or before **July 28, 2006**, as set forth in this Order; otherwise on or before **July 28, 2006**, he must pay the Court's $350.00 filing fee, or this action will be dismissed without further notice;

---

[10] 28 U.S.C. § 1915(g); *see also, Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) ("Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date. Therefore, regardless of the dates of the dismissals, the analysis is the same: three prior dismissals on the stated grounds equals no in forma pauperis status in new filings, unless the prisoner is in imminent danger of serious physical injury").

3. The Clerk of Court is directed to send form PS10, Prisoner's Application to Waive Prepayment of Fees, with instructions, to Mr. Earl with this Order;

4. In the alternative, Mr. Earl may file the enclosed notice of voluntary dismissal, without prejudice, on or before **July 28, 2006**;[11]

5. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Mr. Earl with this Order;

6. In addition, Mr. Earl shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by Local Rule 10.1(b);

7. No further action will be taken on the pending motion for counsel, at docket numbers 14, until Mr. Earl fully complies with this Order; and

8. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Earl with this Order.

DATED this 28th day of June, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[11] Filing a voluntary dismissal avoids the risk of a "strike" under 28 U.S.C. § 1915(g) (a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury").