IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK LAWRENCE EARL, JR.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIKE ADDINGTON, et al.,<br><br>　　　　Defendants. | Case No. 3:06-cv-00126-TMB<br><br>ORDER GRANTING<br>PAYMENT OF FILING FEE<br><u>IN INSTALLMENTS</u> |

　　　　Jack Lawrence Earl, Jr., a self-represented prisoner, has filed a civil rights complaint, under 42 U.S.C. § 1983, along with an amended application to waive prepayment of fees, under 28 U.S.C. § 1915.[1] Because Mr. Earl has shown that he is currently unable to prepay the $350.00 filing fee, his application to waive prepayment of fees will be granted.

　　　　Under 28 U.S.C. §§ 1915(b)(1) and (2), however, Mr. Earl must pay the full $350.00 filing fee.  An initial partial filing fee of $25.47 has been assessed,[2] and

---

　　[1] *See* Docket Nos. 1, 18.

　　[2] Mr. Earl's trust fund account statement shows average monthly deposits of $78.51 and an average monthly balance of $127.35 over the six months before filing the complaint.  Accordingly, the Court assesses an initial partial filing fee of 20% of $127.35, the greater of the two amounts.


must be paid as soon as funds are available. Mr. Earl will then owe monthly payments in the amount of twenty percent of the past month's income from his trust account each time the amount in his account exceeds $10.00, until the statutory filing fee of $350.00 is paid in full.[3] **Responsibility for collecting these fees and submitting them to the Court lies with the agency that has custody of the prisoner.**[4]

Whether or not the prisoner has paid all or a portion of the filing fee, the Court must dismiss a case if the prisoner's allegation of poverty is untrue or if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5] When an action is dismissed, the Court keeps the $350.00 filing fee to cover the costs of processing the case. No part of the fee is returned to the plaintiff; instead, the Court continues to collect the fee until it is paid in full.

**Further, a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, will be**

---

*See* 28 U.S.C. § 1915(b)(1).

[3] *See* 28 U.S.C. § 1915(b)(2).

[4] *See id.*

[5] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A (screening prisoner civil cases against government entities or officials); 42 U.S.C. § 1997e(c)(1) (screening prisoner civil rights actions).

**prohibited from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in imminent danger of serious physical injury.**[6]

**IT IS HEREBY ORDERED** that:

1. Mr. Earl's amended application to waive prepayment of fees, at docket number 18, is GRANTED;

2. Florence Correctional Center (FCC) (or any other institution with custody of Mr. Earl) shall collect from his prison trust account an initial partial filing fee in the amount of $25.47, and immediately send that payment to the Clerk of Court (when funds are available);

3. FCC (or any other institution with custody of Mr. Earl) shall collect the balance of the $350.00 filing fee owed in this case by collecting monthly payments from Mr. Earl's prison trust account in an amount equal to twenty percent (20%) of the past month's income credited to his trust account and send payments to the Clerk of Court each time the amount in the account exceeds $10.00. ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

4. The Clerk of Court is directed to serve a copy of this Order on FCC;

---

[6] *See* 28 U.S.C. § 1915(g).

5. The Clerk of Court is directed to provide a copy of this Order to the Financial Section of the Court; and

6. FCC shall forward a copy of this Order to any other institution which receives custody of Mr. Earl.

DATED this 1st day of August, 2006, at Anchorage, Alaska.

<u>/s/TIMOTHY M. BURGESS</u>
United States District Judge