IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK L. EARL,<br><br>       Plaintiff,<br><br>vs.<br><br>MIKE ADDINGTON, et al.,<br><br>       Defendants. | Case No. 3:06-cv-00126-TMB<br><br><u>ORDER REGARDING</u><br><u>VOLUNTEER COUNSEL</u> |

Jack L. Earl, a self-represented prisoner proceeding without payment of fees,

has filed a civil complaint,[1] under Title II of the Americans with Disabilities Act,[2]

---

[1]  *See* Docket No. 1.

[2]  The American's with Disabilities Act covers inmates.  *See Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206 (1998); *Frost v. Agnos*, 152 F.3d 1124 (1998).  When disabled prisoners and parolees are injured by the failure of defendants to comply with the ADA's requirements, they may bring suit in federal court.  *See Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) (class action).  Mr. Earl has made allegations of the denial of accommodation, by denying him appropriate supplies and conditions for self-care during his transfer to Arizona, in his complaint.  *See Armstrong*, 275 F.3d at 864 - 65 ("The Board's practice, consistent with its policies, permits Board and Department employees to deny appropriate accommodations requested by disabled prisoners and parolees, and instead to rely on a narrow and unsatisfactory range of alternatives. ... Such treatment not only results in offense and frustration; it appears to have resulted in significant periods of unwarranted incarceration for a

Section 504 of the Rehabilitation Act,[3] or in the alternative,[4] 42 U.S.C. § 1983.[5]  Mr.

Earl has also filed an application for appointment of counsel.[6]  This Order addresses

the motion for counsel.

Although there is a right to counsel at public expense in criminal cases, that

right does not extend to civil cases.  The Court may not compel an attorney to assist

---

number of disabled parolees. ... [W]e need not find a constitutional violation
to establish actual injury under the ADA and the Rehabilitation Act.").

[3]  *See Douglas v. California Dept. Youth Authority,* 271 F.3d 812,
819 (9th Cir. 2001) (a state that receives Rehabilitation Act funds waives its
sovereign immunity from claims made under that Act).

[4]  The Ninth Circuit has decided to "join the Fifth, Eighth, and
Eleventh Circuits and hold that a plaintiff cannot bring an action under 42
U.S.C. § 1983 against a State official in her individual capacity to vindicate
rights created by Title II of the ADA or section 504 of the Rehabilitation
Act." *Vinson v. Thomas*, 288 F.3d 1145, 1155, 1156 (9th Cir. 2002), *cert.
denied*, 537 U.S. 1104, 1156 (2003).

[5]  Under section 1983, and the Eighth and Fourteenth Amendments
to the Constitution, if Mr. Earl was deprived of the "minimal civilized
measure of life's necessities," a prison official could be held liable, if the
official "acted with **deliberate indifference** to a substantial risk of serious
harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1999), citing *Wilson v.
Seiter*, 501 U.S. 294, 304 (1991) (emphasis added).  An "official's conduct
must have been 'wanton,' which turns not on its effect on the prisoner, but
on the constraints facing the official." *Id.*, citing *Wilson*, 501 U.S. at 302-03.
The "definition of cruel and unusual punishment is subject to 'the evolving
standards of decency the mark the progress of a maturing society.'" *Frost
v. Agnos*, 152 F.3d at 1129, quoting *Estelle v. Gamble*, 429 U.S. 97, 103
(1976).  Under this analysis, Mr. Earl may have stated a claim for relief
against defendants Matthew Itkowitz, Director Mike Addington, the U.S.
Marshal "Doe", and the Florence Correctional Center SORT team
members, in their individual capacities,

[6]  *See* Docket No. 14.

an indigent litigant without pay.[7]  In addition, the Court has no funds to pay attorneys

in civil cases.  The Court may, however, <u>request</u> that a private attorney represent an

indigent litigant.[8]  The Ninth Circuit Court of Appeals, following the United States

Supreme Court, has explained that the exercise of that discretion is guided by

several factors:   The Court must determine that the plaintiff (1) cannot afford

counsel; (2) has made reasonable attempts to find counsel without success; and

(3) as at least a possibility of success on the merits.[9]   Finally, the Court must

determine whether the claim is so factually and legally complex that the plaintiff

needs counsel to articulate his or her claims.[10]

Generally, where an indigent party brings an arguably meritorious action, the

action is complicated, and the party requests counsel, the Court will refer the matter

to Alaska Pro Bono Program, Inc.  The agreement with the Pro Bono Program

requires that the Court pre-screen complaints to ensure that the Court has

jurisdiction and that the complaint at least states a cause of action.[11]  With this in

mind, the Court has reviewed Mr. Earl's complaint.  In conducting its review, the

---

[7]  *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

[8]  *See Mallard*, 490 U.S. at 301-02.

[9]  *See Bounds v. Smith*, 430 U.S. 817 (1977); *Ivey v. Board of Regents Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

[10]  *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

[11]  *See also* 28 U.S.C. § 1915(e)(2)(B).

Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[12]  Having reviewed the materials filed by Mr. Earl in this action, the Court concludes that he arguably alleges a meritorious cause of action, in which counsel would be helpful.  Therefore, the Court will refer the matter to the Pro Bono Program.[13]

**IT IS HEREBY ORDERED:**

1.   Mr. Earl's application for assistance in securing counsel, at docket number 14, is GRANTED; and

2.   The Clerk of Court shall send copies of the docket and record to Kara Nyquist and Erick Cordero, Alaska Pro Bono Program, Inc., P.O. Box 140191, Anchorage, Alaska 99514-0191.  Ms. Nyquist and Mr. Cordero are requested to find a volunteer attorney to represent Mr. Earl, and to notify the Court and Mr. Earl when, and if, counsel is secured.

DATED this 16th day of August, 2006,  at Anchorage, Alaska.

/s/TIMOTHY  M.  BURGESS
United States District Judge

---

[12]  *See Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999); *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir. 1996).

[13]  Although the Pro Bono Program will make a reasonable attempt to find a volunteer attorney, there is no guarantee of counsel through the Program.