IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JACK L. EARL,

        Plaintiff,

vs.

MIKE ADDINGTON, et al.,

        Defendants.

Case No. 3:06-cv-00126-TMB

ORDER  DIRECTING
SERVICE  AND  RESPONSE

Jack Earl, a self-represented prisoner, has filed civil rights complaint.[1]   Mr.

Earl's complaint, liberally construed,[2] may state a cause of action under Title II of the

---

[1]  *See* Docket No. 1.

[2]  *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under
§ 1915A, when determining whether a complaint states a claim, a court
must accept as true all allegations of material fact and must construe those
facts in the light most favorable to the plaintiff. ...  Additionally, in general,
courts must construe *pro se* pleadings liberally."); *Frost v. Symington*, 197
F.3d 348, 352 (9th Cir. 1999) (self-represented prisoner's claims must be
liberally construed, and given the benefit of any doubt); *Jackson v. Carey*,
353 F.3d 750, 755 (9th Cir. 2003) ("The 'complaint should not be dismissed
unless it appears beyond doubt that [Jackson] can prove no set of facts in
support of the claim that would entitle [Jackson] to relief.' *Thompson*, 295
F.3d at 895. 'The issue is not whether a plaintiff will ultimately prevail but
whether the claimant is entitled to offer evidence to support the claims.

Americans with Disabilities Act,[3] Section 504 of the Rehabilitation Act,[4] or in the

alternative,[5] 42 U.S.C. § 1983.[6]  This Court has jurisdiction under 28 U.S.C. § 1343.

---

Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.' *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).").

[3] The American's with Disabilities Act covers inmates.  *See Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206 (1998); *Frost v. Agnos*, 152 F.3d 1124 (1998).  When disabled prisoners and parolees are injured by the failure of defendants to comply with the ADA's requirements, they may bring suit in federal court.  *See Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) (class action).  Mr. Earl has made allegations of the denial of accommodation, by denying him appropriate supplies and conditions for self-care during his transfer to Arizona, in his complaint.  *See Armstrong*, 275 F.3d at 864 - 65 ("The Board's practice, consistent with its policies, permits Board and Department employees to deny appropriate accommodations requested by disabled prisoners and parolees, and instead to rely on a narrow and unsatisfactory range of alternatives. ... Such treatment not only results in offense and frustration; it appears to have resulted in significant periods of unwarranted incarceration for a number of disabled parolees. ... [W]e need not find a constitutional violation to establish actual injury under the ADA and the Rehabilitation Act.").

[4] *See Douglas v. California Dept. Youth Authority*, 271 F.3d 812, 819 (9th Cir. 2001) (a state that receives Rehabilitation Act funds waives its sovereign immunity from claims made under that Act).

[5] The Ninth Circuit has decided to "join the Fifth, Eighth, and Eleventh Circuits and hold that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1155, 1156 (9th Cir. 2002), *cert. denied*, 537 U.S. 1104, 1156 (2003).

[6] Under section 1983, and the Eighth and Fourteenth Amendments to the Constitution, if Mr. Earl was deprived of the "minimal civilized measure of life's necessities," a prison official could be held liable, if the official "acted with **deliberate indifference** to a substantial risk of serious harm."  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1999), citing *Wilson v.*

However, Mr. Earl has not alleged facts stating a claim upon which relief may be granted against ADA Coordinator, Dan Brandon, who decided against Mr. Earl in his final administrative proceeding, and informed Mr. Earl that his next remedy was through the judicial system.  Mr. Earl has alleged nothing that indicates that defendant Brandon's actions contributed to Mr. Earl's alleged injury, but only that Mr. Brandon reviewed Mr. Earl's case as the final part of Mr. Earl's administrative remedies.[7]  Likewise, it is unclear whether Mr. Earl has a cause of action against defendant Timothy Lyden; that is, whether Mr. Lyden would have been able to change Mr. Earl's situation so as to prevent any violations of federal law.  Nor has Mr. Earl alleged that the air charter company was in any way responsible or liable to him for failing to meet his needs.

Likewise, Mr. Earl has not alleged facts indicating that Frank Luna is liable in his individual capacity for money damages.  Liability in an **individual capacity** suit

_____

*Seiter*, 501 U.S. 294, 304 (1991) (emphasis added).  An "official's conduct must have been 'wanton,' which turns not on its effect on the prisoner, but on the constraints facing the official."  *Id.*, citing *Wilson*, 501 U.S. at 302-03. The "definition of cruel and unusual punishment is subject to 'the evolving standards of decency the mark the progress of a maturing society.'"  *Frost v. Agnos*, 152 F.3d at 1129, quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Under this analysis, Mr. Earl may have stated a claim for relief against defendants Matthew Itkowitz, Director Mike Addington, the U.S. Marshal "Doe", and the Florence Correctional Center SORT team members, in their individual capacities,

[7] *See* July 19, 2004, letter to Mr. Earl from ADA Coordinator, Don Brandon.

for **money damages** can be demonstrated by showing that the official **caused** the alleged injury.[8]


   **IT IS HEREBY ORDERED:**

1.    Mr. Earl shall proceed with the steps outlined in this Order to insure that service of process is completed within 120 days of the date he filed his complaint.[9]

2.    The Clerk of Court shall issue summonses to **defendants Mike Addington, Cyndi Addington, Matthew Itkowitz**, send a copy of this Order, the original summons, and a Form 285 for each defendant to Mr. Earl.

3.    Mr. Earl may explain why any of the other named defendants are liable for damages, as explained in this order, on the enclosed form.

4.    The Clerk of Court is directed to send Mr. Earl a Response to Order to Show Cause form, PS-7A, with a copy of this Order.

5.    As soon as Mr. Earl receives this Order, he shall send, **for defendants Mike Addington, Cyndi Addington, and Matthew Itkowitz,** a fully completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order to:

---

   [8]  *Kentucky v. Graham*, 473 U.S. 159, 165, 166 (1985).

   [9]  *See* FED. R. CIV. P. 4(m).

United States Marshal
222 West 7th Avenue, Box 28
Anchorage, Alaska 99513

6.    The Clerk of Court shall <u>immediately</u> send a copy of this Order and the

complaint, and the summonses to:

John K. Bodick
Assistant Attorney General
Criminal Division
310 K Street, Suite 507
Anchorage, Alaska  99501-2064

7.    On or before twenty-one (21) days from the date of service of this Order, the

Attorney General for the State of Alaska or his designee shall file an

appearance for each defendant to be served that the Attorney General has

decided to represent.

8.    As to any other defendants to be served, who are or have been employees of

the State of Alaska, Department of Corrections, who are being sued for their

actions while employed, the Attorney General or his designee shall provide to

the United States Marshal such defendants' last known addresses contained

in state personnel files.  **This information shall be maintained as**

**confidential by the United States Marshal and shall not be disclosed**

**other than as necessary to effectuate service of process through the**

**Marshal's office.  The information shall not be placed in any files open**

**to the public.**  The Attorney General or his designee shall, simultaneously

and within twenty-one (21) days from the filing of this Order, file with the Clerk

of Court a notice identifying those defendants to be served for whom addresses have been provided to the Marshal and, when appropriate, identifying those defendants to be served for which the State of Alaska has no current address.  **This notice shall not include the addresses of the defendants.**

9.     When the United States Marshal receives from Mr. Earl an appropriately completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order **for each defendant**, as well as any confidential addresses provided by the Attorney General for employees or former employees of the State of Alaska, the Marshal shall serve a copy of the complaint, summons and this Order upon the defendant(s).  All costs of this service shall be paid in advance by the United States.  **Mr. Earl is responsible for paying the U.S. Marshal's fees and costs, however, and will be billed for these fees and costs after service of process is complete.**

10.    Defendants shall have thirty (30) days after the date of service to file an answer or other responsive pleading.

11.    Mr. Earl will be given twenty days from the date of this Order in which to request information, from the various employer agencies or entities of his John and Jane Doe defendants, to inquire as to the names of those individual defendants.  On or before **September 18, 2006**, Mr. Earl may then move to

have those names substituted as defendants in this action, and request that summonses be issued.

12.    In the alternative, if Mr. Earl does not receive the information from any of the employers, he may move for a response from the employer(s).  In that event, Mr. Earl should attach a copy of his letters requesting the information to his motion, as well as any responses to his requests.

13.    The Clerk of Court is directed to send a motion form, PS 15, to Mr. Earl with a copy of this Order.

14.    At all times, Mr. Earl shall keep the Court informed of any change of address. Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS." The notice shall contain **only** information about the change of address, and its effective date.  The notice shall not include any requests for any other relief.  Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

15.    Mr. Earl shall serve a copy of all further pleadings or documents submitted to the Court upon the defendant(s) or, if an appearance has been entered by counsel for defendant(s), on defendants' attorney(s). Mr. Earl shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to the defendants or their counsel.  A certificate of service may be written in the following form at the end of his document:

I hereby certify that a copy of the above __(name of document)__ was mailed, first class, U.S. mail, to _(name of opposing party or counsel)_ at _(address)_ on _(date of mailing/handing to correctional officer)_.

_____
(Mr. Earl's Signature)

Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded by the Court.

16.     No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a District Court Judge or Magistrate Judge of this Court about the merits of this action.  Mr. Earl should not write letters to the Court, but must file any requests for action by the Court during these proceedings in the form of a **motion**.

17.     The Clerk of Court is directed to send a copy of the Court's motion form, PS15, to Mr. Earl with this Order.

18.     Mr. Earl shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

DATED this 16th day of August, 2006,  at Anchorage, Alaska.

/s/TIMOTHY  M.  BURGESS
United States District Judge