September 1, 2003



Mr. Frank Luna, Warden &
Mr. Bond, Assistant Warden
ECA/FCC
P.O. BOX 6200
Florence, Arizona      85233

In re: ADA issues and possible transfer to FCC

Dear Sirs;

I hope this correspondence finds you both well. The reasons I write today is to relay informations to you which does support rejection of my transfer to your facility in Arizona, which you have the right by law to invoke.

Let me start by saying that the Alaska Department of Corrections attempted to send me there in 2001 when Mr. Samberg was the Warden, and it was determined by him, through Chief Cindy David that the facilities could not accommodate my disabilities, and thus transfer was rejected.

I was told that I was permanently nixxed from transfer to Arizona in 2001 by Mr. Tom Martin, because of my chronic disability, and the accommodations necessary to have for my impairment, but there is a new administration and they wanted everyone classified for possible transfer.

In 2000 the State of Alaska's federally mandated ADA Coordinator, Mr. Don Brandon, made determinations as to what accommodations I must be given by the Department of Corrections for the length of my sentence wherever I am housed. I would direct your attention to Adminsitrative Order 129, establishing the ADA Coordinator's office pursyant to 42 U.S.C. 12.101 et seq.

Enclosed for review you will find Mr. Baandon's response to my ADA complaint for the Alaska Depattment of CXorection's original failure to modify policy or procedure to accommodate my disability, which came about after andappeal of the Deapertment's decisions which were overturned by Mr. Brandon ruling that my use of a colostomy does meet the definition under the laws of ADA, as a disability.

Because I have qualif#ihgg disability under the ADA I am entitled to the accommodations and modifications to the Department of Corrections policies outlined in the enclosed ADA determination letter dated November 24, 2000.

As you will read in the determination directives made by State of Alaska ADA Coordinator Mr. Don Brandon, among other things, I am entityled to a wheelcahir accessible cell, or if not abailable a regular private cell.

1

This accommodation is to fulfill the provision of privacy to maintain colostomy and self-care.

Also Mr. Brandon directed that I have access to a single user shower perferably one designed for handicap individuals. This is for two reason the first is for the provision of privacy and the second is that frequently in self-care I must expose the stoma to woap and water and doing so fecal matter does escape, and the handicap drain systems are designed to accommodate the evacuation of this matter and contain the potential biological hazards derived from fecal materials

Moreover I must dispose of the used colostomy pouches in accordance with the laws.

Finally, as it pertains to these ADA determinations, I am to be accommodated as outlined in the November 24, 2000 letter until the end of my sentence wherever I am incarcertaed.

Additionally I have a signed Deopartmental ADA Prisoner Request For Accommodations (see DOC P&P #808.16) which accommodates my disability with the use of two mattresses and an eggcrate mattress. This is to assist in avoiding stomal damages during sleep.

Furthermore there is an agreement with the SCCC administration that I have immediate access on an as needed basis in times of need to maintain my colostomy. Also I have an in-house accommodation to cover completely my cell window during those times of self-care to dulfill the provisions of privacy outlined.

I have reviewed your Prisoner Handbook as it pertains to FCC and conclude that the accommodations I have been afforded in Alaska for over 2½ years cannot be met in the slightest in your facilities, and thus violations of the Americans with Disabilities Act are likely.

I believe that your profit oriented business does not need the additional aggravation nor the expendiutes mybtransfer would certainly cause, and upon your review if you find that you cannot accommodate my disability as outlined in the November 24, 2000 directive and the other mentioned ADA depatmental agreements then rejection of my transfer is appropriate.

I am one person, and my not being accepted for transfer will not effect cashflow when there are so many other firm prisoners whom will be made eligible for transfer immediately.

If you have any questions please fell free to call my attorneys Janel Wright at the Disability Law Center of Alaska at (907) 565-1002 and State of Alaska ADA Coordinatbo Mr. Don Brandon at (909) 465-6929 or 1-800-478-2815.

Thank you for your immediate attention to this information which I hope you utilize to the benefit of all concerned.

Respectfully,

cc: File
    State of Alaska ADA Coordinator
    Disability Law Center