UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JACK L. EARL  v.  MIKE ADDINGTON, et al.

THE HONORABLE TIMOTHY M. BURGESS

DEPUTY CLERK                             CASE NO.  3:06-cv-00126-TMB

Elisa Singleton

PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**    DATE: September 7, 2006

On August 1, 2006, the Court issued an order directing service and response in this prisoner's civil rights case.[1] The Court noted that Mr. Jack L. Earl had stated claims against three of the defendants, and that he had failed to state a claim for relief against ADA Coordinator Dan Brandon, Timothy Lyden, the air charter company, or Frank Luna, in his individual capacity.[2] The Court, however, gave Mr. Earl an opportunity to show that these defendants were liable for damages.[3]

In addition, the Court gave Mr. Earl an opportunity to "request information, from the various employer agencies or entities of his John and Jane Doe defendants, to inquire as to the names of those individual defendants. On or before **September 18, 2006**, Mr. Earl may then move to have those names substituted as defendants in this action, and request that summonses be issued;" and "[i]n the alternative, if Mr. Earl does not receive the

---

[1] *See* Docket No. 22.

[2] *See id*. at 3-4.

[3] *See* id. at 4.

[earl doe.wpd]{IA.WPD*Rev.12/96}

information from any of the employers, he may move for a response from the employer(s).  In that event, Mr. Earl should attach a copy of his letters requesting the information to his motion, as well as any responses to his requests."[4]

Mr. Earl has filed a response to order to show cause, indicating that the FCC S.O.R.T. team members and one U.S. Marshal, who denied him care during his flight to Arizona, may have individual liability for their actions, such that summonses may be issued for those individuals once Mr. Earl complies with the order that he inquire as to their identities.

However, Mr. Earl has yet to allege that Frank Luna had anything to do with Mr. Earl's treatment during or after the transfer to Arizona, even though Mr. Earl informed Mr. Luna about his disability in an attempt to avoid the transfer in the first instance.  If Mr. Earl wishes to amend his complaint to allege specific facts that show Frank Luna's involvement in violating his rights, he must move to amend his complaint to do so.

The Clerk of Court will send Mr. Earl a motion form, PS 15, with a copy of this Order.

IT IS SO ORDERED.

---

[4] *Id.* at 6-7.

[earl doe.wpd]{IA.WPD*Rev.12/96}