John K. Bodick
Assistant Attorney General
310 K Street, Suite 403
Anchorage, Alaska 99501
Telephone: (907)269-6379
Attorney for State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK L. EARL,        )<br>                      )<br>    Plaintiff,      )<br>                      )<br>    vs.               )<br>                      )<br>MIKE ADDINGTON, et al., )<br>                      )<br>    Defendants.       )<br>_____) | Case No. 3:06-CV-00126-TMB |

### **MOTION TO DISMISS**

COMES NOW the State of Alaska, by and through Assistant Attorney General for the State of Alaska, John K. Bodick, and hereby moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff Earl has failed to state a claim upon which relief can be granted because he did not file his claims within the statute of limitations. The State asks that this complaint be dismissed through

the pre-service screening process.1

Plaintiff Earl alleges that, during a prisoner transport that occurred in December of 2003, defendants Mike Addington and Cyndi Addington violated 42 U.S.C. §12132 which is the Ameicans with Disabilities Act (hereinafter "ADA"), Section 504 of the Rehabilitation Act, and the United States and Alaska Constitutions..  Earl's claims under the United States and Alaska Constitutions are in the nature of civil rights claims brought under 42 U.S.C. §1983.2  The limitation period for a §1983 claim is prescribed by the state statute of limitations for a personal injury action.  *Wilson v. Garcia,* 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Sengupta v. University of Alaska*, 21 P.3d 1240, 1249 n.15 (Alaska 2001).  AS 09.10.070 provides the limitations period for personal injury actions is two years.  Thus, Earl's civil rights claims had to be filed by December of 2005.  Since Earl did not file his complaint until May of 2006, his claims must be dismissed.

---

1 The Prison Litigation Reform Act, provides for the screening and dismissal of claims that do not state cognizable claims.  28 U.S.C. §1915A states:
> (a) SCREENING.  The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) GROUNDS FOR DISMISSAL.  On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
> > (1)  is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> > (2)  seeks monetary relief from a defendant who is immune from such relief.

2 The Alaska Supreme Court has not recognized a direct cause of action under the Alaska Constitution so these claims can only be brought under 42 U.S.C. §1983. *Vest v.*

Earl's claims under the ADA and Rehabilitation Act are also barred by the two-year statute of limitations. Where a federal statute does not contain a limitations period courts should look to the most analogous state statute of limitations. *Wilson v. Garcia*, 105 S.Ct. at 1942. Based on this guidance from the Supreme Court, courts have looked to the state's limitations period for personal injury actions for the limitations period for ADA or Rehabilitation Act claims. *See e.g. Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 118 (1st Cir. 2003); *Gaona v. Town & Country Credit,* 324 F.3d 1050, 1056 (8th Cir. 2003); *Faibisch v. University of Minnesota,* 304 F.3d 797, 802 (8th Cir. 2002); *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1137 n.2 (9th Cir. 2002); *Holmes v. Texas A&M University*, 145 F.3d 681, 683 (5th Cir. 1998); *Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 771 (1997); *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993); *Morse v. University of Vermont*, 973 F.2d 122, 127 (2d Cir. 1992); *C.O. v. Portland Public Schools*, 406 F.Supp.2d 1157, 1175 (D.Or. 2005); *Scott v. Garcia*, 370 F.Supp.2d 1056, 1064-65 (S.D.Cal. 2005). Thus, like in the case of civil rights claims, Alaska's two-year statute of limitations for personal injury claims applies to Earl's claims under the ADA and Rehabilitation Act. Since Earl did not file his claims within two years of December of 2003, these claims are barred by the statute of limitations.

## CONCLUSION

Earl's claims against defendants Mike Addington and Cyndi Addington are time barred by the applicable statute of limitations. It appears that during the screening

---

*Schafer*, 757 P.2d 588, 594 (Alaska 1988).

process, this court overlooked Earl's failure to timely file his claims.  It is the position of the State of Alaska that it is appropriate to dismiss these claims before the invasion of the personnel files of defendants Mike Addington and Cydi Addington and service of process as directed by the Order Directing Service and Response.3  Consequently, the State of Alaska asks that Earl's untimely claims be dismissed.

Dated this 7 day of September, 2006.

>DAVID W. MÁRQUEZ
>ATTORNEY GENERAL
>
>By: s/ John K. Bodick
>Assistant Attorney General
>State of Alaska, Department of Law
>Criminal Division Central Office
>310 K Street, Suite 403
>Anchorage, AK  99501
>Telephone:  269-6379
>Facsimile:   269-6305
>Email:  John_Bodick@law.state.ak.us
>AK Bar No. 8411098

**Certificate of Service**

I certify that on September 7, 2006, a copy of the foregoing
Motion to Dismiss and Proposed Order were served on
Jack Earl, inmate
CCA, Red Rock Correctional Center
1752 East Arica Road, Eloy, AZ., 85231

>s/ John K. Bodick

---

3  Both Mike Addington and Cyndi Addington have separated from state service so their home addresses would have to be provided to effect service.