Jack L. Earl, Jr. / Pro Se
# 302235
Red Rock Correctional Center
1752 East Arica Road
Eloy, AZ                    85231

**RECEIVED**

**OCT 1 6 2006**

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK L. EARL, <br><br> Plaintiff, <br><br> vs. <br><br> MIKE ADDINGTON, et al., <br><br> Defendants. | Case no. 3:06-cv-00126-TMB <br> **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MIKE ADDINGTON AND CYNDI ADDINGTON'S MOTION TO DISMISS** |

PLAINTIFF, Jack L. Earl. Jr., appearing without the benefit of counsel, pro se, did finally receive a copy of the aforementioned "motion to dismiss" from Mr. Bodick, after he successfully served it having failed the first time 9/13/06 on 10/2/06, at the Red Rock facility. His clients Mike and Cyndi Addington, defendants in the above captioned case, moved for dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(6) alleging that Plaintiff "failed to state a claim upon which relief can be granted **because he did not file his claims within the statute of limitations.**"

Plaintiff does hereby oppose and asks that the defendants' proposed order granting motion to dismiss be denied.

The two defendants' named in the motion to dismiss have alleged only that the Plaintiff has failed to timely file his civil rights complaint within the statute of limitations, and thus have waived any other affirmative defenses. Their claims fail the threshold required

-1-

to dismiss a complaint on those grounds when considering the statute of limitation question, and court excepting as true and provable all other factual assertions made in the Plaintiff's complaint; Kollodge v State, 757 P.2d 1024, 1026 (Alaska 1988).

Additionally the Alaska Supreme Court has repeatedly held that "because pro se complaints must be liberally construed, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is viewed with disfavor and should rarely be granted" Angnabooguk v State, 26 P.3d 447, 451 (Alaska 2001).

The Plaintiff's civil rights complaint, having apparently satisfied the requirememnts of The Prison Litigation Reform Act under the court screening mandate; see 28 U.S.C. § 1915A, granted informa puperis status the only issue to discuss is the defendants' misplaced reliance upon the Alaska State statute of limitations period cited in defendants' motion to dismiss [@ 2] AS 09.10.070.

Plaintiff's civil rights which are secured by the United States and Alaska State Constitutions, the Americans with Disabilities Act See 42 U.S.C. § 12132 (hereinafter "ADA") and associated federal regulations [C.F.R.] and Section 504 of the Rehabilitation Act (hereinafter "RA") presented via 42 U.S.C. § 1983 were violated by defendants Mike and Cyndi Addington, (and others named) before, during and after a prisoner transport, from Alaska to Arizona December 14, 2003.

Plaintiff had expected that his disability would be reasonably accommodated, having been promised such by the Alaska Department of Corrections who even specially packaged his self-care supplies for use before and during the prisoner air transport to Arizona.

-2-

However, instead of receiving the expected reasonable accommodations for his disability, the Plaintiff received gross and wanton deprivations, traumatic humiliation and unreasonable discrimination. Plaintiff does not dispute the fact that December 14, 2003 was the day that his civil rights were violated, but unlike those person that are not incarcerated at the time of their alleged constitutional violations, the Plaintiff was, which cannot be disputed, and being a "prisoner" the Prison Litigation Reform Act stipulations and provisions apply. Under the "Act" See 42 U.S.C. § 1997e(a) there is a general rule of exhaustion in prisoner cases, which means that the prisoner must pursue a remedy through the administrative processes as long as some action can be ordered in response to the grievance and/or complaint. Also, this means that a prisoner may not proceed to the federal court while he or she is exhausting those administrative processes; McKinney v Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

The United States Court of Appeals for the Ninth Circuit does not regard the intersection of the exhaustion and statute of limitations requirements as creating a problem for prisoner, however, as it agrees with the uniform holdings of the circuits that have considered the question that the applicable statute of limitations **must** be tolled while the prisoner completes the "mandatory exhaustion process;" Harris v Hegmann, 198 F.3d 153, 157-59 (5th Cir. 1999); and Brown v Morgan, 209 F.3d 595 (6th Cir. 2000) and Johnson v Rivera, 272 F.3d 519, 522 (7th Cir. 2001). Congress through the PLRA changed in some significant respect the rules that had been previously applicable in federal court for prisoner suits challenging the conditions of confinement, of pertinence is the amended PLRA prisoner

rules of exhaustion; Porter v Nussle, 534 U.S. 516, 525 n.5, 152 L.Ed.2d 12, 122 S.Ct. 983 (2002).

In fact the United States Court of Appeals for the Ninth Circuit refuses to interpret the PLRA so narrowly as to permit officials to exploit the exhaustion requirement, through either indefinite delay in responding to grievances, or trying to minimize it's mandated importance.

Plaintiff began immediately his administrative remedies and a "final decision" was issued 7-19-04 (see Exhibit A) and the time was properly tolled until 7-19-04, starting the two year statute of limitations to commence, making any action delinquent after 7-19-06.

The Court's have observed the exhaustion requirement and the tolling of applicable statute of limitations pending the administrative processes conclusion recently in Brown v Valoff, 422 F.3d 926, 05 Cal. Daily Op. Serv. 8027, 2005 Daily Journal D.A.R. 10,905 (filed Sept. 6. 2005); Harper v Harmon, 2006 U.S. Dist. LEXIS 70723 (E.D. Cal. Sept. 28, 2006); Brown v Morgan, (2006, CA6 Ky) 209 F.ed 595, 2000 FED App. 127P. In fact the same tolling requirements have been observed in Alaska state courts, under the "Doctrine of Equitable Tolling" in Fred Meyer of Alaska Inc., v Bailey, 100 P.3d 881 and prisoner case Larson v Department of Corrections, 2006 Alas. LEXIS 94 (Decided July 5, 2006).

## CONCLUSION

Plaintiff's claims against defendants Mike and Cyndi Addington are not time barred, and thus the defendants Motion To Dismiss must be Denied, and ORDER Directing Service and Response should be enforced.

DATED this /0TH day of October, 2006 at Red Rock Correctional Center.

By: _____
Jack L. Earl, Jr. / Plaintiff
# 302235
Red Rock Correctional Center
1752 East Arica Road
Eloy, AZ                    85231

## CERTIFICATE OF SERVICE

I certify that on this /0TH day of October, 2006, a copy of the foregoing Opposition , Proposed Order and any attached Exhibits were properly served via U.S. MAIL SERVICE, First Class on:  Mr. John Bodick
Assistant Attorney General
& Defendants Counsel
310 K. Street, Suite 507
Anchorage, AK                99501-2064

_____
Jack L. Earl, Jr.
Plaintiff / Pro Se

_____
Service of Process is being handled by the United States Marshal Service upon all defendants in this case.

-5-