John K. Bodick
Assistant Attorney General
310 K Street, Suite 403
Anchorage, Alaska 99501
Telephone:  (907)269-6379
Attorney for State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| JACK L. EARL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:06-CV-00126-TMB |
| | ) | |
| MIKE ADDINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

COME NOW defendant Cyndi Addington, and respondent the State of

Alaska on behalf of Mike Addington, by and through Assistant Attorney General for the

State of Alaska, John K. Bodick, and hereby reply to plaintiff Jack Earl's opposition to

their motion to dismiss.1   Earl correctly states that the statutes of limitations for prisoner

---

1 Defendant Mike Addington has not yet been served with the complaint and the

Reply to Opposition to Motion to Dismiss
*Earl v. Addington, et al.*, 3:06-cv-00126-TMB
Page 1 of 6

claims are tolled while administrative remedies are being pursued.  However, the statutes

of limitations for Earl's claims were not tolled because he did not properly exhaust his

administrative remedies as to his claims against Mike Addington and Cyndi Addington.

Earl did not exhaust administrative remedies regarding  his civil rights claim because he

only complained of violations of the Americans with Disabilities Act (ADA).  Earl did

not properly exhaust his remedies regarding his ADA claims because his ADA complaint

was exclusively directed at the federal marshal's and made no mention of defendants

Mike Addington or Cyndi Addington.  Thus, the statute  of limitations was not tolled

because Earl did not properly exhaust his administrative remedies as to his claims against

Mike Addington and Cydi Addington.

## FACTS

The Department has a policy for prisoners to address complaints about the

ADA and another policy that provides a grievance procedure for other general prisoner

complaints.  Department Policy 808.16 addresses ADA complaints and provides a

procedure for the review of such complaints which includes review by the Department's

ADA coordinator and appeal to the state ADA coordinator.  Exhibit A.2.  Department

policy 808.03 addresses general prisoner complaints and provides for review by the

grievance coordinator and director of institutions.  Exhibit B.


After Earl's arrival in Arizona, he submitted a complaint regarding alleged

---

state appeared on his behalf in response to the order directing service.  Defendant Cyndi
Addington has been served and has appeared.
    2  All exhibits are attached to the affidavit of Tim Lyden.

Reply to Opposition to Motion to Dismiss
*Earl v. Addington, et al.*, 3:06-cv-00126-TMB
Page 2 of 6

ADA violations to Department of Corrections Standards Administrator Tim Lyden on

January 10, 2004. Exhibit C. On January 22, 2004, Lyden wrote Earl and advised that he

was processing Earl's complaint as an ADA complaint. Exhibit D. On February 24,

2004, Lyden denied Earl's ADA complaint. Exhibit E. Earl submitted an appeal of this

denial to statewide ADA coordinator Don Brandon on March 10, 2004. Exhibit F.

Brandon denied Earl's appeal in a letter dated July 19, 2004. A copy of this letter is

attached to Earl's opposition.

Earl did not submit a grievance under Department Policy 808.03 regarding

his transfer to Arizona. Exhibit G.

## ARGUMENT

Earl did not exhaust his administrative remedies as to his claims against

Mike Addington and Cyndi Addington so the statute of limitations for these claims was

not tolled. 42 U.S.C.A. §1997e(a) requires prisoners to exhaust available administrative

remedies:

> No action shall be brought with respect to prison conditions
> under section 1983 of this title, or any other Federal law, by
> a prisoner confined in any jail, prison, or other correctional
> facility until such administrative remedies as are available
> are exhausted.

This "exhaustion requirement applies to all inmate suits about prison life, whether they

involve general circumstances or some other wrong." *Porter v. Nussle*, 122 S.Ct. 983,

992 (2002). Important purposes behind the proper exhaustion of remedies is to provide

prison officials with a fair opportunity to correct their own errors and to create an

administrative record that is helpful to the court. *Woodford v. Ngo*, 126 S.Ct. 2378,

Reply to Opposition to Motion to Dismiss
*Earl v. Addington, et al.*, 3:06-cv-00126-TMB
Page 3 of 6

2387-88 (2006).  Proper exhaustion results in an agency addressing issues on the merits.  *Id*. at 2385.

As stated above, the Department provides a grievance processes for ADA complaints in Policy 808.16 and for other complaints in Policy 808.03.  Earl's civil rights allegations against Mike Addington and Cyndi Addigton consist of deliberate indifference to his serious medical needs in violation of the Fourteenth and  Eight Amendments.  *See* paragraph 59 of complaint.  Earl was required to file a grievance under Policy 808.03 that gave the Department a fair opportunity to address the merits of the specific civil rights violations he alleges against Mike Addington and Cyndi Addington and develop an administrative record that is helpful to the court.  Earl did not file such a grievance.

Instead, Earl filed a complaint that alleged only ADA violations.  Thus, on its face, this complaint did not pertain to Earl's civil rights claims of deliberate indifference to his medical needs.  Moreover, Earl expressly stated only that he was bringing a "'formal' ADA complaint" and directed his allegations only to the behavior of the "Sky Marshalls."  Earl did not allege anywhere in his ADA complaint that Mike Addington and Cyndi Addington did anything that resulted in any failure to provide for his medical needs during his transport to Arizona; in fact, there is no mention at all of Mike Addington or Cyndi Addington.  Last, in his requested relief, Earl states nothing about Mike Addington or Cyndi Addington and asks only for punitive damages "for the abuses of Sky Marshalls."  Thus, Earl's January 10, 2004 complaint cannot be construed as exhausting his civil rights claims against Mike Addington  and Cyndi Addington

Reply to Opposition to Motion to Dismiss
*Earl v. Addington, et al.*, 3:06-cv-00126-TMB
Page 4 of 6

because it simply does not include any reference to such claims.

Similarly, Earl also did not exhaust any ADA claims against Mike Addington and Cyndi Addington because he did not state any specific allegations in his administrative complaint as to how they discriminated against him due to his disability during his transfer to Arizona.

By failing to include claims against Mike Addington and Cyndi Addington in his ADA complaint, Earl deprived the Department of the opportunity to address the merits of the issues he now raises against them in this case and to create an administrative record that is helpful to the court. The Department's response of February 24, 2004 bears this out as it is silent regarding the actions of Mike Addington and Cyndi Addington during the transport. Had Earl raised issues regarding their roles during his transport to Arizona, and the alleged ADA and civil rights violations, these allegations would have been investigated and a factual record would have been developed that clearly states what occurred.

The vague references Earl made to Mike Addington and Cyndi Addington in his later March 10, 2004 appeal to statewide coordinator Don Brandon do not cure the exhaustion defects. Initially, because such references were not included in his original complaint to the Department, they were not properly brought in his appeal to Don Brandon. Additionally, this appeal again refers exclusively to ADA issues and thus does not serve to exhaust regarding the civil rights claims Earl alleges in his complaint. Last, like his complaint to the Department, Earl does not state that Mike Addington and Cyndi Addington did anything to violate his constitutional rights or discriminate against him due

Reply to Opposition to Motion to Dismiss
*Earl v. Addington, et al.*, 3:06-cv-00126-TMB
Page 5 of 6

to his disability.

## CONCLUSION

Earl did not properly exhaust his administrative remedies regarding his

ADA and civil rights claims against defendants Mike Addington and Cyndi Addington .

Thus, the statute of limitations was not tolled as to Earl's claims against them and these

claims must be dismissed because they were not filed within two years of December 14,

2004.

Dated this 26 day of October, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: s/ John K. Bodick
Assistant Attorney General
State of Alaska, Department of Law
Criminal Division Central Office
310 K Street, Suite 403
Anchorage, AK  99501
Telephone:  269-6379
Facsimile:    269-6305
Email:  John_Bodick@law.state.ak.us
AK Bar No. 8411098

### Certificate of Service

I certify that on October 26, 2006, a copy of the foregoing
Motion to Dismiss and Proposed Order were served on
Jack Earl, inmate #302235
CCA, Red Rock Correctional Center
1752 East Arica Road, Eloy, AZ., 85231
s/ John K. Bodick

Reply to Opposition to Motion to Dismiss
*Earl v. Addington, et al.*, 3:06-cv-00126-TMB
Page 6 of 6