DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that s/he freely presents the declaration and that it contains informatin that is true and correct.

On 12/14/03 I was an inmate on the flight from Anchorage Alaska to Arizona, Florence Correctional Center, in Florence. The whole time we were subjected to cruel and unusual punishment by correction-al staff in Alaska and Federal Marshals who were to transport us on the flight.

I was seated behind Jack Earl when I saw how little the Marshals cared for human suffering. Jack Earl asked to use the restroom because his "bag" was getting full and did not want to have an accident, and it was uncomfortable for him, at least thats what he told one of the Marshals, when the Marshal told him to "hang on, when we get to your seat you will be able to go."

Jack Earl was treated wrongly, even after pleading with the Marshal, just becuase he needed to use the bathroom. Well, when it was his turn to use the bathroom he was pointed in that direction , and apparently he had an accident. They brought him back to his seat in front of me, and shoved into it, and told him that's the last time you'll use the bathroom on this flight.

I found out later that they claimed that Jack Earl threw poop all over the restroom, yet when he returned to his seat directly in front of me I smelled no evidence that he had poop on him, nor did I see evidence that he had poop on him. You'd think if a guy was to have "flung" the contents of a pouch and smeared it all over the place he'd smell, and have evidence of this on him.

From these allegations on until we landed in Arizona Jack Earl was always   verbally abused by a little guy and treated badly.

DATED this _6_ day of ___Mar,___ ,2004.

BY: _J. Kochut_____
Jacob   Kochutin
#  35259
CCA/FCC
P.O. BOX  6200
Florence, AZ        85232

**STATE C**
Departmer

FRANK MURKOWSKI, GOVERNOR

THOMAS MARTIN
CHIEF CLASSIFICATION OFFICER
4500 Diplomacy Drive Suite 109
Anchorage, AK 99508
Phone: (907) 269-7425
Fax: (907) 269-7439
tom_martin@correct.state.ak.us

September 22, 2003

Mr. Jack Earl
Spring Creek Correct
PO Box 2109
Seward, AK 99664

RE: Correspondence Received 9/22/03

Dear Mr. Earl:

During my tenure as Chief Classification Officer, there have been two issues regarding your case and transfer outside the State of AK. The first in which an American's with Disabilities Act complaint was filed and the second involved your continued high performance in the production area of the industries program at the Spring Creek Correctional Center.

I always thought the issue regarding the ADA complaint was somewhat problematic since we have had other prisoners within the facility in Arizona that have colonostomies and several have stomas. Therefore, I though the other prisoners were being taken advantage of due to the complaint with them being housed outside the state.

Also, with the amount of time that you had performed in the prison industries program, I also did not believe that was fair to other prisoners who were rotating through the program. At this time, the new administration has decided to review all prisoners who meet the criteria for transfer consideration. The last medical release that I have from Spring Creek clears your case for transfer. Also, you are not currently in the core workers list in industries and you meet all of the prescribed criteria for transfer consideration. You have received the notice that was dated September 12, 2003 and the Deputy Commissioner will make his final decision regarding your transfer following receipt of your appeal.

If my office can be of any further assistance, please don't hesitate to notify us.

Sincerely

Tom Martin
Chief Classification Officer

Cc:   Superintendent Turnbull
      Assistant Superintendent Simons
      Deputy Commissioner Stolworthy

EXHIBIT A

printed on recycled paper

STATE OF ALASKA

DEPARTMENT OF CORRECTIONS

APPEAL OF CLASSIFICATION ACTION

Institution:  Spring Creek Correctional Center

Date: _____  September 19th, 2003

Prisoner's Name:  **Earl, Jr.**          **Jack**          **L.**

              Last                First              Middle Initial

Action Being Appealed:

☐  Initial Classification

                                        Received By: _____

☐  Classification Review

                                        Date: _____  Time: _____ , ____ M

☒  Other:  **Possible out-of-state transfer to Arizona Detention Center**

                (Enter what is being appealed, if different from initial or review classification)

The institutional probation officer or the Shift Supervisor may be contacted for explanation of how to complete this form and/or the appeal procedures in accordance with 760.01, Appeal Procedures. The appeal must be submitted through the institutional staff member designated to receive classification appeals, who is: **P.O. Cliff Shion**

APPEAL STATEMENT: Mr. Stolworthy; I am appealing the proposed transfer to the contracted detention center in Florence Arizona for the following reasons, and request, upon your review, delineated reasons as to each point and your findings as to that point.

                              ARGUMENT ONE

        Upon review of the CCA Prisoner Hanbook and associated other informations, I have learned that the flight from Alaska to Arizona is 14 hours in duration. I have a colostomy that requires frequent empyying, which requires both hands, water, a toilet, my colostomy supplies and privacy

                  Prisoner's Signature:  _[signature]_        9-19-03

(Use back of this sheet, if more space is needed)                    Date

DECISION ON APPEAL:

EX A-7/21/00 letter to Parker from Cindy Drinkwater
EX B-11/24/00 ADA Final Response
EX C-cop-out from Turnbull in re! wheelchair
EX D-ADA agreement, double mattress
        Evacuate DOC 4/1/03
EX E-ADA recommendation (memo)
        4-15-03 Housing areas

                Signature of Official Making Decision

                Title of Official

20-760.01A   Revised: 1/87
CC: DOC
    File

                                                  EXHIBIT R

From what I understand the transporting of prisoners entails I would distrupt procedures, with being unrestrained and escorted to and from the toilet at least every two hours.

What is a misconception made by DOC is that every colostomy and/ileostomy is the same, and this could not be farther from the truth. Each ostomate suffers differently than his or her counterparts can imagine.

In fact my condition has exacerbated mental health problems to such a degree that in order to cope minimally I take a perscribed medica-tion known as Zoloft, however suffering from Social Anxiety Disorder with frequent panic attacks is magnified when placed into a stressful situation as the flight would cause.

ARGUMENT TWO

As a result of my disability and surrounding maters I was forced to submit a ADA formal complaint, which I'll expound on later in this appeal. However the result of this complaint resulted in ADA required accommodations. The DOC policy and procedures #803.16 for prisoners with disabilities to request ADA accommodations, and as it applies Spring Creek Staff was given basic ADA trainings by State of Alaska ADA Coordinator, Mr. Don Brandon, so they could understand how disabilities effect prisoners and how to understand the differences, and why certain accommodations are needed and necessary.

Eventhough the claims have been made that FCC/CCA will comply with all ADA requirements and established ADA related accommodations none of their personnel have been trained on how to effectively not violate ADA requirements. Have not been trained how to understand disabilities and associated accommodations.

I believe it important to discuss that just because one cannot see a disability does not mean that one does not exist. Which was a problem initially with my disability, until the ADA Final Response of November 24, 2000, which directed the State of Alaska DOC on accommodations which will be granted no matter where I am housed for as long as I am incar-cerated.

What is clear under the Request For Proposal in regards to the State of Alaska and CCA contract under Section 1.23 is that if FCC cannot fulfill the ADA accommodations that have been established for well over 2± years, as well as the departmental ADA accommodations then non-compliance will result in monetary damages in excess of the per bed per day cost, because I will contact State of Alaska ADA Coordinator and my counsels at Disability Law Center, and submit formal and legal complaints. I have been victimized so much that trauma both physical and mental still effect me daily, however since the ADA decision of 2000 and the SCCC Administration disability staff non-compliance to those directives I have had minimal adversity. Modifications have been placed throughout.

I have enclosed documentations that beg your review as to what ADA accommodations have been established through proper procedures and federal mandate and federal and state laws.. Please carefully read and consider the contents of these documents, as they give sufficient notice of the ADA accommodations established.

# STATE OF ALASKA

**FRANK H. MURKOWSKI**
**GOVERNOR**

## Department of Corrections
### Office of the Commissioner

4500 Diplomacy Dr., Suite 109
Anchorage, AK 99508
Phone: (907) 269-7397
Fax: (907) 269-7390

October 16, 2003

Jack Earl
Spring Creek Correctional Center
P.O. Box 5001
Seward, AK 99664

RE:    Out-of-State Transfer Appeal

Dear Mr. Earl:

I have received and reviewed your appeal regarding transfer to the Florence Correctional Center (FCC). Your case is not new and we have addressed many of these issues before. I will start your appeal by addressing your issues as they appear in your appeal document.

Your first argument is the flight to Arizona is lengthy and would interfere with emptying your colostomy which, according to you, requires both hands, water, a toilet, colostomy supplies, and privacy. You can easily be provided with enhanced access to restroom facilities to perform these functions so it is not a valid reason to void your transfer.

Your second issue is your fear that FCC will not comply with all of your claims that have been administered by the institution in Alaska. Actually, the institution in FCC has more single cell availability for prisoners with medical issues than Spring Creek Correctional Center. If you experience any difficulties in this regard, I urge you to contact your on-site Alaska probation officer so it can be promptly resolved.

Your third argument brings up the issue of single cell housing. Although, like in Alaska, we cannot guarantee that you will be housed in a single cell all the time, we will make every effort to house you in a single or handicapped cell when possible. FCC has shower facilities appropriate for your disability.

Your fifth argument concerns the use of an "eggcrate" mattress. The medical department at FCC accommodates prisoner needs for legitimate medical needs including the issuance of "eggcrate" mattresses.

Your sixth argument concerns the method of strip-searching prisoners. Strip search procedures at FCC are consistent with those in Alaska. However, at FCC there are

EXHIBIT C