IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK LAWRENCE EARL, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MIKE ADDINGTON, et al., <br><br> Defendants. | Case No. 3:06-cv-00126-TMB <br><br> ORDER REGARDING SERVICE |

On August 1, 2006, the Court issued an order directing service and response in this prisoner's civil rights case.[1] The Court gave Mr. Earl an opportunity to "request information, from the various employer agencies or entities of his John and Jane Doe defendants, to inquire as to the names of those individual defendants [and to] then move to have those names substituted as defendants in this action, and request that summonses be issued;" and "[i]n the alternative, if Mr. Earl does not receive the information from any of the employers, he may move for a response from

---

[1] See Docket No. 22.

the employer(s). In that event, Mr. Earl should attach a copy of his letters requesting the information to his motion, as well as any responses to his requests."[2]

Mr. Earl followed those instructions, and when he received no response, he filed motions with the Court to obtain the names of those Doe defendants.[3] Therefore, the Court will order that the names of the S.O.R.T. defendants, who are employees of the prison in Arizona with which the State of Alaska contracts, be provided by counsel for the State of Alaska.

Next, a return of service has been filed with the Court, unexecuted, for defendant Matthew Itkowitz, named as the flight officer in charge of transporting Mr. Earl from Alaska to Mesa, Arizona, in conjunction with the United States Marshal Service. The public record indicates that the United States Marshal Service manages that transportation service.[4] The Marshal will be directed to personally serve defendant Itkowitz at work. Once Mr. Itkowitz is served, the Court will direct him to supply the name of the John Doe defendant identified as the U.S. Marshal stationed near the bathroom during the flight at issue in this case.

Finally, Mr. Earl was also told that because he had "yet to allege that Frank Luna had anything to do with Mr. Earl's treatment during or after the transfer to Arizona, even though Mr. Earl informed Mr. Luna about his disability in an attempt

---

[2] *Id.* at 6-7.

[3] *See* Docket Nos. 30, 31.

[4] *See, e.g.*, www.usdoj.gov/oig/reports/USMS/a0701/final.pdf.

to avoid the transfer in the first instance ... [i]f Mr. Earl wishes to amend his complaint to allege specific facts that show Frank Luna's involvement in violating his rights, he must move to amend his complaint to do so."[5]  Mr. Earl has not amended his complaint, and has indicated that he wishes to dismiss Mr. Luna as a defendant in this action.[6]  Therefore, Mr. Luna will be dismissed as a defendant.

**IT IS HEREBY ORDERED:**

1. Mr. Earl's motion, at docket number 30, seeking the names of the Doe - S.O.R.T. defendants, is GRANTED.  On or before **December 4, 2006**, counsel for the State of Alaska shall provide the names of the Doe - S.O.R.T. individuals named as defendants in Mr. Earl's complaint.

2. Mr. Earl's motion for assistance in locating defendant Mike Addington, at docket number 45, is DENIED as moot.[7]

3. The Clerk of Court shall re-issue a summons to Matthew Itkowitz, and forward to the United States Marshal a completed U.S. Marshal form 285, a copy of the complaint and original summons, and this order.

4. The U.S. Marshal is directed to personally serve defendant Matthew Itkowitz, identified as the flight officer in charge of transporting Mr. Earl from Alaska to

---

[5] Docket No. 25 at 2.

[6] *See* Docket No. 30, attached letter to Mr. Luna.

[7] Counsel has made an appearance on behalf of Mike Addington. *See* Docket No. 47.

   Mesa, Arizona, in conjunction with the United States Marshal Service, at his current work address, with a copy of the original summons, complaint, and this Order.

5. The Court will address Mr. Earl's motion, at docket number 31, seeking the name of the John Doe defendant identified as the U.S. Marshal stationed near the bathroom during the flight at issue in this case, once Mr. Itkowitz has been served.

6. Frank Luna is DISMISSED as a defendant in this action.

7. Mr. Earl's motion, at docket number 27, requesting that the Court make copies of any documents necessary to send to the defendants is DENIED as moot at this time. The current defendants will receive a notice of electronic filing whenever Mr. Earl files documents in this case.

8. Mr. Earl's request for the Court to send him a copy of defendants' motion to dismiss, at docket number 32, is now moot, as having been re-sent to Mr. Earl by counsel for the defendants.[8]

DATED this 9th day of November, 2006, at Anchorage, Alaska.

              /s/TIMOTHY M. BURGESS
              United States District Judge

---

[8] *See* Docket No. 33.