John K. Bodick
Assistant Attorney General
310 K Street, Suite 403
Anchorage, Alaska 99501
Telephone: (907)269-6379
Attorney for defendants Mike
Addington and Cyndi Addington

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK L. EARL,           )<br>                         )<br>     Plaintiff,        )<br>                         )<br>vs.                      )<br>                         )<br>MIKE ADDINGTON, et al., )<br>                         )<br>     Defendants.        )<br>_____) | Case No. 3:06-CV-00126-TMB |

## MOTION TO DISMISS

COMES NOW defendant Mike Addington, by and through Assistant Attorney General for the State of Alaska, John K. Bodick, and hereby moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff Earl has failed to state a claim upon which relief can be granted because he did not file his claims within the statute of limitations. This motion is identical to the motion filed on

Mr. Addington's behalf by the State of Alaska and is filed because Mr. Addington has now appeared in this case and must answer.

Plaintiff Earl alleges that, during a prisoner transport that occurred in December of 2003, defendant Mike Addington violated 42 U.S.C. §12132 which is the Ameicans with Disabilities Act (hereinafter "ADA"), Section 504 of the Rehabilitation Act, and the United States and Alaska Constitutions. Earl's claims under the United States and Alaska Constitutions are in the nature of civil rights claims brought under 42 U.S.C. §1983.[1] The limitation period for a §1983 claim is prescribed by the state statute of limitations for a personal injury action. *Wilson v. Garcia,* 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Sengupta v. University of Alaska*, 21 P.3d 1240, 1249 n.15 (Alaska 2001). AS 09.10.070 provides the limitations period for personal injury actions is two years. Thus, Earl's civil rights claims against Mr. Addington had to be filed by December of 2005. Since Earl did not file his complaint until May of 2006, his claims against Mr. Addington must be dismissed.

Earl's claims against Mr. Addington under the ADA and Rehabilitation Act are also barred by the two-year statute of limitations. Where a federal statute does not contain a limitations period courts should look to the most analogous state statute of limitations. *Wilson v. Garcia*, 105 S.Ct. at 1942. Based on this guidance from the Supreme Court, courts have looked to the state's limitations period for personal injury actions for the limitations period for ADA or Rehabilitation Act claims. *See e.g. Nieves-*

---

[1] The Alaska Supreme Court has not recognized a direct cause of action under the Alaska Constitution so these claims can only be brought under 42 U.S.C. §1983. *Vest v.*

*Marquez v. Puerto Rico*, 353 F.3d 108, 118 (1st Cir. 2003); *Gaona v. Town & Country Credit,* 324 F.3d 1050, 1056 (8th Cir. 2003); *Faibisch v. University of Minnesota,* 304 F.3d 797, 802 (8th Cir. 2002); *Pickern v. Holiday Quality Foods Inc.,* 293 F.3d 1133, 1137 n.2 (9th Cir. 2002); *Holmes v. Texas A&M University*, 145 F.3d 681, 683 (5th Cir. 1998); *Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 771 (1997); *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993); *Morse v. University of Vermont* , 973 F.2d 122, 127 (2d Cir. 1992); *C.O. v. Portland Public Schools*, 406 F.Supp.2d 1157, 1175 (D.Or. 2005); *Scott v. Garcia*, 370 F.Supp.2d 1056, 1064-65 (S.D.Cal. 2005). Thus, like in the case of civil rights claims, Alaska's two-year statute of limitations for personal injury claims applies to Earl's claims under the ADA and Rehabilitation Act. Since Earl did not file his claims against Mr. Addington within two years of December of 2003, these claims are barred by the statute of limitations.

## CONCLUSION

Earl's claims against defendant Mike Addington are time barred by the applicable statute of limitations and must be dismissed.

Dated this 16 day of November, 2006.

DAVID W. MÁRQUEZ

---

*Schafer*, 757 P.2d 588, 594 (Alaska 1988).

                    ATTORNEY GENERAL

                    By: s/ John K. Bodick
                    Assistant Attorney General
                    State of Alaska, Department of Law
                    Criminal Division Central Office
                    310 K Street, Suite 403
                    Anchorage, AK  99501
                    Telephone:  269-6379
                    Facsimile:    269-6305
                    Email:  John_Bodick@law.state.ak.us
                    AK Bar No. 8411098

## Certificate of Service

I certify that on November 16, 2006, a copy of the foregoing Motion to Dismiss and Proposed Order were served on
Jack Earl, inmate
#302235
CCA, Red Rock Correctional Center
1752 East Arica Road, Eloy, AZ., 85231
                s/ John K. Bodick