007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK LAWRENCE EARL, JR.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MIKE ADDINGTON, et al.,<br><br>　　　　Defendants. | Case No. 3:06-cv-00126-TMB<br><br>ORDER REGARDING SERVICE<br>on S.O.R.T. DEFENDANTS |

On August 1, 2006, the Court issued an order directing service and response in this prisoner's civil rights case.[1] The Court gave Mr. Earl an opportunity to "request information, from the various employer agencies or entities of his John and Jane Doe defendants, to inquire as to the names of those individual defendants [and to] then move to have those names substituted as defendants in this action, and request that summonses be issued;" and "[i]n the alternative, if Mr. Earl does not receive the information from any of the employers, he may move for a response from the employer(s). In that event, Mr. Earl should attach a copy of his letters requesting the information to his motion, as well as any responses to his requests."[2]

---

[1] *See* Docket No. 22.

[2] *Id.* at 6-7.

Mr. Earl followed those instructions, and when he received no response, he filed motions with the Court to obtain the names of those Doe defendants.[3] Therefore, the Court ordered that the names of the S.O.R.T. team members, who are employees of the prison in Arizona with which the State of Alaska contracts, be provided by counsel for the State of Alaska.[4] Those names were provided, and Mr. Earl has now moved for clarification regarding how to serve those individuals, for whom he has no home addresses.[5]

So as to avoid service at their individual homes, which the Court will only order as a last resort, the Marshal will be directed to personally serve the S.O.R.T. team members, listed on the notice filed at docket number 56, at work.

**IT IS HEREBY ORDERED:**

1. Mr. Earl must amend his complaint, naming the S.O.R.T. team members as defendants, on the enclosed prisoner's civil rights form, on or before **May 30, 2007**; Mr. Earl should make no other substantive changes to his complaint, other than to omit defendants who have been dismissed from this case.

2. The Clerk of Court is directed to send a copy of this Court's form PS01, Complaint Under the Civil Rights Act, with instructions, to Mr. Earl with a copy of this Order.

---

[3] See Docket Nos. 30, 31.

[4] See Docket No. 53.

[5] See Docket Nos. 56, 57.

3.  The Clerk of Court shall also send Mr. Earl 11 summons forms with this Order. Mr. Earl must complete **one** summons form for **each** of the S.O.R.T. team members, listed on the notice filed at docket number 56, **Estaban Sanchez, Michael Evanson, Jarred Kloos, Craig Frappiea, Sean Meiner, Wes Wallis, Wes Wernett, Ramon Balderama, Stephen Naganjo, Curtis Grueneburg, and Richard Acuna**, and return the completed original summons forms, plus two copies for each individual, to the Court for signature and seal. If the summonses are in proper form, they will be issued for service.[6]

4.  Once Mr. Earl receives the summonses **issued** by the Clerk of Court (not the blank forms, which plaintiff must complete and send back to the Court), he shall send, **for each S.O.R.T. team member,** a fully completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order to:

    United States Marshal
    222 West 7th Avenue, Box 28
    Anchorage, Alaska 99513

3.  When the United States Marshal receives from Mr. Earl an appropriately completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order **for each of the above-named S.O.R.T. team member**, the Marshal shall serve a copy of the complaint, summons

---

[6] *See* FED. R. CIV. P. 4(b).

and this Order upon those individuals at the Corrections Corporation of America (CCA), in Florence, Arizona. Any questions about the exact address and/or location of the CCA in Arizona, with which the State of Alaska contracts, should be directed to counsel for the State of Alaska, John Bodick. All costs of this service shall be paid in advance by the United States. **Mr. Earl is responsible for paying the U.S. Marshal's fees and costs, however, and will be billed for these fees and costs after service of process is complete.**

4. The S.O.R.T. defendants shall have twenty (20) days after the date of service to file an answer or other responsive pleading. In the answer, each defendant shall state, specifically, whether he was one of the individual S.O.R.T. team members who had contact with Mr. Earl (and/or participated in the alleged incidents described in the complaint), when Mr. Earl arrived in Arizona from Alaska, on or about December 14, 2003. This information will not in any way be construed to imply that such defendant admits to any of the wrongdoing alleged in the complaint.

5. In the alternative, the employer may file one answer for all the S.O.R.T. team members, and include the names of the individuals who had contact with Mr. Earl (and/or who participated in the incidents alleged in the complaint) when Mr. Earl arrived in Arizona from Alaska, on or about December 14, 2003, and which ones did not, so that the un-involved S.O.R.T. team members may be

expeditiously dismissed from this lawsuit. This information will not in any way be construed to imply that any defendant admits to any of the wrongdoing alleged in the complaint.

6. Mr. Earl's motion for entry of default, at docket number 61, will not be addressed until Mr. Itkowitz has been given the time allotted in the Court's Order Regarding Service on United States Marshal,[7] ordering Mr. Itkowitz to respond to the complaint by April 30, 2007, or risk default.

7. Mr. Earl's motion for a status report, at docket number 60, will be addressed once he fully complies with this Order, and Mr. Itkowitz responds (or fails to respond) to the Court's Order of April 11, 2007.

DATED this 30th day of April, 2007, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

[7] See Docket No. 61.