NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK LAWRENCE EARL, JR., <br><br> Plaintiff, <br><br> v. <br><br> MIKE ADDINGTON, CYNDI ADDINGTON, MATTHEW ITKOWITZ, et. al., <br><br> Defendants. | Case No. 3:06-cv-00126-TMB <br><br> **MOTION TO DISMISS DEFENDANT MATTHEW ITKOWITZ and MEMORANDUM IN SUPPORT** |

Defendant Matthew Itkowitz, through counsel, moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss all claims that the plaintiff has alleged against him in his complaint.

This motion is supported by the following memorandum.

## INTRODUCTION

Plaintiff, Jack Lawrence Earl, Jr.(Earl), has sued Matthew Itkowitz, an employee of the United States Marshal Service, alleging that Deputy Itkowitz violated Title II of the Americans with Disabilities Act (42 U.S.C. § 12132); Section 504 of the Rehabilitation Act (29 U.S.C. § 794); the Eighth and Fourteenth Amendments to the U. S. Constitution, and Article I, sections 3, 7 and 12 of the Alaska Constitution. Individual federal employees are not subject to suit under the Americans with Disabilities Act, the Rehabilitation Act, or claims of violations of state constitutions. These claims should be dismissed. Allegations against individual federal employees for violations of the United States Constitution must be brought within two years. This complaint was not filed within the statute of limitations. Accordingly, the four causes of action leveled against Deputy Itkowitz must be dismissed.

## FACTUAL BACKGROUND

Plaintiff, Jack Lawrence Earl, Jr.(Earl), is a prisoner within the State of Alaska correctional system. Docket 1, Complaint at ¶ 4. He is serving an eighty-five year sentence for first degree murder. <u>Earl v. State</u>, 2002 WL 531097 (Alaska App.). Among those he has sued is Deputy U. S. Marshal Matthew Itkowitz. He claims that Deputy Itkowitz violated Title II of the Americans with Disabilities Act (42 U.S.C. § 12132); Section 504 of the Rehabilitation Act (29 U.S.C. § 794); the Eighth and Fourteenth Amendments to the U. S. Constitution, and various clauses of the Alaska Constitution.

According to the allegations in Earl's complaint, on December 14, 2003, Earl was transferred from Alaska to a contract correctional facility in Florence, Arizona. Docket 1 at ¶¶ 4,

26. Itkowitz was the flight officer in charge of the aircraft transferring prisoners for the Alaska Department of Corrections. Id. at ¶ 7.

Earl has a colostomy. Id. at ¶ 17. He emptied it before boarding the aircraft. Id. at ¶ 28. During transport, he was in "leg irons, belly chains, and handcuffs." Id. at 27. During the flight from Alaska to Arizona, Earl asked to use the restroom twice. Id. at ¶ 31. The first time, he was escorted to the restroom, but the unidentified deputy U. S. Marshal near the restroom "didn't know anything about [his colostomy] supplies and that Earl's restraints would not be removed . . . ."[1] Id. at ¶ 32. When he exited the restroom, he was given a hand sanitizing lotion because the water was not working in the restroom. Id. at ¶ 33.

On his second trip to the restroom, Earl claims to have had "difficulty cleaning the pouch with restraints, [and he] mishandled the pouch as he was cleaning it, resulting in some of the contents falling directly onto the toilet and Earl's clothing." Id. at ¶ 35. Earl alleges that for the remainder of the flight, he "endured" threats and harassment from Itkowitz, who accused him of acting intentionally in the bathroom.[2] Id. at ¶ 37. Earl claims that Itkowitz harassed him about his disability and status as a prisoner and "purposefully physically assaulted"[3] Earl every time he walked by. Id.

Earl was handed over to officials in Arizona upon arrival. His Fifth through Tenth causes

---

[1] This Court has noted that Earl stated in his grievance to the State of Alaska that "the flight nurse was uninformed about his supplies . . . and that his colostomy supplies . . . were not on the plane." Docket 62 at 6.

[2] One may infer that the restroom was rather a mess after this event.

[3] What this alleged assault consisted of is not specified.

Earl v Addington, et. al.
Case No. 3:06-cv-00126-TMB                           3

of action involve events after his arrival in Arizona. Itkowitz is not named as a defendant in those causes of action.

Itkowitz is now a Deputy U. S. Marshal in the Central District of California.

## DISCUSSION

    A.    <u>Legal Standards for a Motion to Dismiss</u>.

Itkowitz moves to dismiss Earl's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

    Federal Rule of Civil Procedure 12 states, in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In reviewing the complaint, all factual allegations "are taken as true and construed in the light

most favorable to [p]laintiff." Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir.1996). Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986).

In the present case, there is no set of facts that Earl could present that would create subject matter jurisdiction over his claims under the Americans with Disabilities Act and the Rehabilitation Act or create a claim upon which relief could be granted. Dismissal of all claims against Itkowitz is appropriate

B.     Americans with Disabilities Act

Earl's first cause of action against Deputy Itkowitz alleges a violation of Title II of the Americans with Disabilities Act (ADA). Title II provides that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

The ADA does not provide Earl with a cause of action against Itkowitz. Title II does not apply to the federal government or its agencies. "Public entity" is defined in the ADA as "any State or local government" or "any department agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. §§ 12131 (1)(A) and (B). Federal agencies are not covered by the act. See Cellular Phone Task Force v. FCC, 217 F.3d 72 (2d Cir. 2000). Nor are individuals subject to personal liability for violations of ADA provisions. Miller v, King, 384 F.3d 1248 (11th Cir. 2004). Claims against federal officials for violations of ADA provisions are barred by the doctrine of sovereign immunity. Dufresne v.

Veneman, 113 F.3d 952 (9th Cir. 1997).

Earl's ADA claims against Deputy Itkowitz should be dismissed.

C.  Rehabilitation Act

Earl's second cause of action against Deputy Itkowitz alleges a violation of Section 504 of the Rehabilitation Act, codified at 29 U.S.C. § 794.  This section of the Act provides that

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. . . . .

29 U.S.C. § 794(a).

To the extent that Earl is seeking money damages under the Rehabilitation Act, money damages against the Government are barred by the doctrine of sovereign immunity and only injunctive relief is available.[4]  Lane v. Pena, 518 U.S. 187, 193 (1996); Dufresne v. Veneman, 114 F.3d 952 (9th Cir 1997).  In addition, Rehabilitation Act actions cannot be brought against individual federal employees.  Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002); Stevenson v. Ind. School Dist. No. I-038 of Garvin Co., Oklahoma, 393 F.Supp.2d 1148, 1151-52 (W.D.Okla. 2005).

---

[4] Earl has only sought injunctive relief against Defendant Michael Addington in his capacity as Directory of Institutions for the Alaska Department of Corrections.  Docket 1 at 12.

Nor does Earl's citation of 42 U.S.C. § 1983 provide a jurisdictional basis for suing a public official in his individual capacity predicated upon alleged violations of the ADA or the Rehabilitation Act. An individual cannot be sued under section 1983 for violations of Title II of the ADA or section 504 of the Rehabilitation Act. Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002)(citing Alsbrook v. City of Maumelle, 184 F.3d 999 (8th Cir.1999) (en banc); Lollar v. Baker, 196 F.3d 603, 609-10 (5th Cir. 1999); Holbrook v. City of Alpharetta, 112 F.3d 1522 (11th Cir.1997)).

Earl's Rehabilitation Act claims against Deputy Itkowitz should be dismissed.

D.     Violations of the United States Constitution

Earl's third cause of action against Deputy Itkowitz alleges a violation of the Eighth and Fourteenth Amendments to the United States Constitution. Earl relies on 42 U.S.C. § 1983 to establish jurisdiction for this claim. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the

purposes of this section, any Act of Congress applicable exclusively to the District

of Columbia shall be considered to be a statute of the District of Columbia.

Section 1983 provides a remedy only for deprivation of constitutional rights by persons acting under color of law of any state or territory or the District of Columbia, and not for deprivation of rights by federal officials acting under color of federal law. Daly-Murphy v. Winston, 837 F.2d 348 (9th Cir. 1987). Section 1983 does not provide jurisdiction for Earl to sue Itkowitz.

However, to bring a claim for violation of federal constitutional rights, the Supreme Court has fashioned jurisdiction. In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971), the Supreme Court held that federal courts have inherent authority to award damages to plaintiffs whose federal constitutional rights were violated by federal officials. The law of the forum state determines the statute of limitations for a Bivens claim. *See* Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir.2000). In Alaska, the statute of limitations is two years. AS § 09.10.070; DeNardo v. Murphy, 781 F.2d 1345, 1346 (9th Cir. 1986). Earl filed this complaint on May 30, 2006. The events of which he complains occurred on December 14, 2003, more than two years before he filed his complaint. To be timely, Earl should have filed his Bivens claim on or before December 13, 2005. He filed his complaint one hundred sixty eight (168) days after this deadline.

Earl's claims are untimely and should be dismissed.

E.     Violations of the Alaska Constitution

Earl's fourth, and final, cause of action against Deputy Itkowitz claims a violation of the Alaska state constitution. Alleged violations of a state constitution cannot support a Bivens

claim. <u>Papa v. United States</u>, 281 F.2d 1004, 1010 n. 17 (9th Cir. 2002). Accordingly, jurisdiction is lacking for state claims against a federal employee.[5]

      F.    <u>Service</u>.

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal due to inadequate service of process. If such a defense is not raised in a responsive pleading, it is waiver. Fed.R.Civ.P. 12. Service is required on the attorney general and the United States attorney as well as on the individual. <u>See</u> Fed. R. Civ. P. 4(i)(2)(B). Only Deputy Itkowitz was served.

## CONCLUSION

Earl's claims that Deputy Itkowitz violated the ADA, the Rehabilitation Act, the United States and the Alaskan Constitutions are not actionable. Individual federal employees are not subject to suit under the Americans with Disabilities Act or the Rehabilitation Act. Claims against federal employees of violations of state constitutions are not actionable. Earl's complaint that Deputy Itkowitz violated the United States Constitution was not brought within the two year statute of limitations. All four causes of action leveled against Deputy Itkowitz should be dismissed.

---

[5] Earl has not claimed jurisdiction under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et. seq., which does provide a limited waiver of sovereign immunity for claims against the United States for monetary damages. However, there is a two year statute of limitations for filing an administrative claim with the appropriate federal agency, which in this case would be the U. S. Marshal Service. Earl has not filed a tort claim. His deadline for doing so has passed. Hence, he has no possible claim under the FTCA.

Respectfully submitted this 10th day of May, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
Alaska Bar No. 8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2007,
a copy of the foregoing **MOTION TO
DISMISS DEFENDANT MATTHEW
ITKOWITZ and MEMORANDUM
 IN SUPPORT** was served via U.S. mail on:

Jack Lawrence Earl, Jr.
302235
RED ROCK CORRECTIONAL CENTER/CCA
1750 E. Arica Road
Eloy, AZ 85231

and electronically on
John K. Bodick.

s/ Richard L. Pomeroy