NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK LAWRENCE EARL, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE ADDINGTON, CYNDI ADDINGTON, MATTHEW ITKOWITZ, et. al.,<br><br>    Defendants. | Case No. 3:06-cv-00126-TMB<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS DEFENDANT MATTHEW ITKOWITZ** |

      Plaintiff opposes Defendant Matthew Itkowitz's motion to dismiss, but has failed to address or rebut the reasons for dismissal.

      Itkowitz was a federal employee at the time of the events that are the subject of this lawsuit.  Individual federal employees are not subject to suit under the Americans with

Earl v Addington, et. al.
Case No. 3:06-cv-00126-TMB

Disabilities Act, the Rehabilitation Act, or claims of violations of state constitutions.  Earl seeks to circumvent this fact by calling Itkowitz an "agent" of the State of Alaska.  The fact that Itkowitz, acting within the scope of his employment, was transporting state prisoners does not strip him of his status as a federal employee.  Earl's argument against dismissal of his ADA and Rehabilitation Act claims is without support or merit.

Earl does not address his failure to bring his *Bivens* claim within the two year statute of limitations.  His reliance on this Court's prior ruling on the State's motion is misplaced.  Since there were administrative remedies for Earl to pursue and exhaust against the State of Alaska, the starting point for that two year limitations clock did not start from the date of the event, but rather from when the administrative claim was denied.  There is no analogous administrative exhaustion to a *Bivens* claim[1]; the statute of limitations starts to run from the date of the event.  Earl did not bring this action within that two year period.  His *Bivens* claim should be dismissed.

Finally, Earl's attempted refutation of his service deficiencies relies on confusing the Attorney General of the State of Alaska with the United States Attorney General.  They are not synonymous, and service on one does not satisfy the requirement of serving the other.

Accordingly, the four causes of action leveled against Deputy Itkowitz must be dismissed.

//   //

//   //

//   //

//   //

---

[1] There is an administrative exhaustion requirement under the Federal Tort Claims Act, but Earl has not sought money damages from the United States for tort damages in this case.

Earl v Addington, et. al.
Case No. 3:06-cv-00126-TMB                    2

Respectfully submitted this 11th day of July, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
Alaska Bar No. 8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2007,
a copy of the foregoing **REPLY TO OPPOSITION TO MOTION TO DISMISS DEFENDANT MATTHEW ITKOWITZ**
was served via U.S. mail on:

Jack Lawrence Earl, Jr.
302235
RED ROCK CORRECTIONAL CENTER/CCA
1750 E. Arica Road
Eloy, AZ 85231

and electronically on
John K. Bodick.

s/ Richard L. Pomeroy