Jack L. Earl, Jr. / Pro Se
# 302235
Red Rock Correctional Center
1752 East Arica Road
Eloy, AZ          85231



RECEIVED
OCT 2 9 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

JACK L. EARL, JR., )
                   )
        Plaintiff, )
                   )
vs.                ) Case No. 3:06-cv-00126-TMB
                   )
MIKE ADDINGTON, et al., ) **MEMORANDUM IN SUPPORT OF MOTION**
                   ) **FOR RECONSIDERATION OF COURT'S**
        Defendants. ) **SUA SPONTE DISMISSAL OF DEFENDANT**
                   ) **DEBBIE CARTER**

In this case defendant Debbie Carter is the only named defendant that is presumed to have adequate medical training, and as a result of a previous "tarmac briefing" knew of the plaintiff's disability and special needs. Defendant Carter's refusal to intervene and assist the plaintiff when it was apparent that he would continue to experience difficulties in self-care, during the flight (when taking into consideration the problems he had when forced to kneel in the snow, fully restrained, prior to boarding the plane) shows a deliberate indifference, and the infliction of unnecessary suffering; **Estelle v Gamble**, 97 S.Ct. 285 (1976) by her continuous failures to act.

The plaintiff had a constitutional right to be secure in his bodily integrity; **Hovater v Robinson**, 1 F.3d 1063 (10th Cir. 1993) and just because her inaction caused no actual physical injury, the scope of the eighth amendment protection is to be applied much broader; **Scher v Engelke**, 943 F.2d 921 (8th Cir. 1991) and eventhough the plaintiff is not required to demonstrate or show a culpable state of mind, on this defendant's part; **Choate v Lockhart**, 7 F.3d at 994 her

-1-

continuous inactions suggest a culpable state of mind.

It has been held that "were circumstances are [clearly] sufficient to indicate the need of medical attention" the delay or denial of such aid constitutes a deprivation of constitutional due process; **Fitzke v Shappell**, 468 F.2d. 1072 (1972)

Plaintiff had a right to complain about his mistreatment, he had a right to express his concerns as to this defendant's qualifications, and at no time did the plaintiff threaten, or act out physically towards this or anyother defendant, which may have justified the inaction. The plaintiff in a "second amended complaint" has cured any deficiency regarding specific allegations concerning defendant Debbie Carter, "Flight Nurse," and this court should reconsider it sua sponte dismissal of this defendant, in the totality of the circumstances of her role in the collective constitutional deprivations suffered by the plaintiff, before and during the flight which [s]he (with appropriate assistance) could have ensured that no mishandling of the colostomy pouch would have occurred, which [s]he performed for another inmate with a colostomy [Eric Allen] on a prisoner transport flight after the December 13, 2003 flight of the plaintiff. The Court should have given the defendant the opportunity to either amend his complaint to remedy deficiency, or to object to the dismissal. However, plaintiff was not made privvy of the dismissal, by the clerk of court, in a timely manner. Dismissal is a harsh penalty and should be imposed only in extreme circumstances; **Johnson v Dept. of Treasury**, 939 F.2d 820 (9th Cir. 1991)

Conclusion

Defendant Debbie Carter contributed significantly to the deprivations and constitutional, and A.D.A. violations, which are

"material" to these claims and must be considered by the trier of facts.

Where federally protected rights have been involved, violated or ignored, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief, and further expressed that the judiciary has a particular responsibility to assure the vindication of constitutional intrests, such as those embraced by the eighth amendment; **Morgan v Woessner, 997 F.2d 1244 (9th Cir. 1993)**

Plaintiff believes the deficiency in specific allegations concerning defendant Debbie Carter have been rectified, and prays this court will grant "the necessary relief," allowing the second amended complaint.

By _____
Jack L. Earl, Jr.
Plaintiff, Pro Se

-3-