Daniel P. Struck, Bar #012377
Timothy J. Bojanowski, Bar #022126
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-7324
Fax:  (602) 200-7837
tbojanowski@jshfirm.com

Attorneys for Defendant Michael Evenson

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

## AT ANCHORAGE

| | |
|---|---|
| JACK LAWRENCE EARL, JR., | NO. 3:06-cv-00126 (TMB) |
| Plaintiff, | |
| v. | |
| MIKE ADDINGTON, et al., | |
| Defendants. | |

## DEFENDANT MICHAEL EVENSON'S MOTION TO DISMISS

Now comes Michael Evenson, and moves this Court to dismiss Plaintiff's First Amended Complaint, pursuant to FED. R. CIV. P. 12(b) because: 1) Plaintiff failed to properly exhaust all available administrative remedies, 2) Plaintiff's claims are time-barred, and 3) Plaintiff fails to state a claim upon which relief can be granted.  A Memorandum of Points and Authorities in support of this Motion is attached hereto and incorporated herewith.

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1 of 30

1849607.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL BACKGROUND

On May 30, 2006, Plaintiff filed his Complaint, naming "John/Jane Doe S.O.R.T. Team [sic] Member" as a Defendant. Plaintiff discerned the identities of the FCC SORT team members on December 4, 2006 [Doc. #53]. On December 11, 2006, Plaintiff requested clarification regarding how those individuals could be served, since he was only provided with names, but not addresses [Doc. #57]. On April 30, 2007, this Court entered an Order Regarding Service on the S.O.R.T. Defendants [Doc. #65]. Plaintiff voluntarily dismissed all S.O.R.T. Team members, except Michael Evenson, on May 29, 2007. [Doc. #75]. Plaintiff's Amended Complaint, naming Evenson in place of "John/Jane Doe S.O.R.T. Team [sic] Member," was received by the Clerk and filed on June 1, 2007. [Doc. #77]

Plaintiff's cause of action arises from the conditions of his air transport from Anchorage, Alaska to Florence, Arizona on December 14, 2003. In his suit he names the Director of Institutions who was present when the flight departed, an Alaska Department of Corrections officer who was on board during the flight, a U.S. Marshal who was on the flight, a Joint Prisoner-Alien Transportation System ("JPATS") flight nurse, and Michael Evenson. Michael Evenson is an employee of Corrections Corporation of America, Inc. ("CCA"), the owner and operator of the Florence Correctional Center ("FCC"), which houses out-of-

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
                            2 of 30
1849607.1

state prisoners under a contract with the Alaska Department of Corrections. Evenson had a limited role in the transport of Plaintiff in that he was one of the officers who took custody of Plaintiff from the U.S. Marshals, when the plane landed in Arizona. Evenson also was involved in the transport of Plaintiff from the airport to the prison.

Plaintiff wears a colostomy bag and alleges that Evenson violated his rights under the Americans with Disabilities Act ("ADA"), Rehabilitation Act of 1974 ("RA"), was deliberately indifferent to Plaintiff's medical needs under the Eighth Amendment of the U.S. Constitution, and his rights under Art. 1, Section 12 of the Alaska Constitution. These violations purportedly occurred in a series of events after arrival at the facility. Evenson and other FCC SORT officers placed Plaintiff in a van, in full restraints, where he was kept separate from other segregated inmates.[1] Upon arrival at FCC, Plaintiff was kept in the van while other inmates were taken into the facility for intake processing.[2] After taking Plaintiff into the facility, officers placed him in a segregation locked shower unit for an hour after which they removed his restraints and issued him new clothing.[3] While in the shower, Plaintiff was denied his request to use a restroom to attend to his full

---

[1] Am. Compl. at ¶ 36.

[2] *Id.* at ¶ 37.

[3] *Id.*

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1849607.1

colostomy pouch.[4]  After one hour, another FCC employee came and assisted Plaintiff with his colostomy pouch.[5]  In short, Plaintiff alleges that Evenson delayed attending to Plaintiff's colostomy pouch for approximately one hour.  Plaintiff does not allege he suffered any injury as a result of this delay.

At no point did Plaintiff pursue an administrative remedy under the FCC grievance policy regarding Evenson's conduct nor did Plaintiff provide any notice to Evenson, FCC, or CCA that he possessed a legal claim against them.  Accordingly, Plaintiff's claims must be dismissed for failure to properly exhaust all available administrative remedies pursuant to 42 U.S.C. § 1997e(a) and dismissed as time-barred since the statute of limitations expired well before the filing.  Plaintiff is not entitled to toll the statue of limitations with respect to Evenson.  Alternatively, Plaintiff's claims against Evenson must be dismissed since the Amended Complaint fails to state a claim upon which relief can be granted under the ADA/RA as those statues foreclose recovery in individual capacity suits. Lastly, the actions complained of do not rise to the level of cognizable constitutional violations under 42 U.S.C. § 1983 and the Alaska State Constitution, especially considering Plaintiff's failure to allege physical injury pursuant to 42 U.S.C. § 1997e(e).

---

[4] *Id.* at ¶ 39.

[5] *Id.* at ¶¶ 39-40.

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

4 of 30

1849607.1

## II. PLAINTIFF FAILED TO EXHAUST THE ADMINISTRATIVE REMEDIES AVAILABLE TO HIM AS REQUIRED BY 42 U.S.C. § 1997e(a).

### A. Plaintiff must properly exhaust all Available Administrative Remedies Prior to Bringing Suit regarding any Claim.

The Prison Litigation Reform Act ("PLRA") requires inmates to properly exhaust all administrative remedies before bringing a lawsuit. Under 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under § 1997 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The "PLRA's exhaustion requirement applies with equal force to prisoners held in private prisons"[6] as state-owned prisons.

The exhaustion requirement promotes three important interests: "(1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact."[7] Those goals, however, "can only be realized if the prison is given a fair opportunity to consider the grievance. The prison grievance system will not

---

[6] *Roles v. Maddox,* 439 F.3d 1016, 1017 (9th Cir. 2006).

[7] *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991).

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1849607.1

have such an opportunity unless the grievant complies with the system's critical procedural rules."[8]

An inmate is required to exhaust all administrative remedies before filing civil litigation.[9] The exhaustion requirement applies to all inmate suits about prison life and "are designed to … create[] an incentive for [inmates] to do what they otherwise would prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims … by requiring proper exhaustion of administrative remedies, *which means using all steps that the agency holds out, and doing so properly.*"[10] In addition, a prisoner must exhaust all of his administrative remedies, not just some.[11] In short, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."[12]

---

[8] *Woodford v. Ngo,* 126 S.Ct. 2378, 2388 (2006).

[9] *Porter v. Nussle,* 534 U.S. 516, 524 (2002).

[10] *Woodford,* 126 S.Ct. at 2385 (emphasis added).

[11] *See, e.g. Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (dismissing § 1983 claim because the inmate did not appeal the denial of the grievance, thus failing to give the state a full chance to hear the grievance); *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997) (finding inmate failed to exhaust when the inmate filed a grievance but "did not appeal the denial of that complaint to the highest possible administrative level"); *Saunders v. Goord,* No. 98-cv-8501 (JGK), 2002 WL 1751341, at *3 (S.D.N.Y. 2002) ("Even if the plaintiff did not receive responses directed toward some grievances, the plaintiff was required, at minimum, to make reasonable attempts to appeal those grievances before bringing an action in federal court.")

[12] *Jones v. Bock,* 127 S.Ct. 910, 918-919 (2006).

**B.    Plaintiff Failed to Properly Exhaust His Administrative Remedies Provided by FCC.**

Upon his arrival at FCC, Plaintiff received an Inmate Handbook and orientation to FCC, which set forth, *inter alia,* the Prisoner Grievance Procedures and specified that Inmates must comply with Alaska Policy 808.03.[13]    Only matters relating to inmate discipline and classification are exempt from the grievance policy.[14]    Policy 808.03 specifies that grievances must be informally addressed[15] and formal grievances must be filed on the approved form, within thirty (30) days the prisoner learns of the incident.[16]    Once a formal grievance has been filed, the FCC Grievance Coordinator is to review the grievance and determine whether it is to be screened (*i.e.,* rejected for one of thirteen (13) deficiencies), resolved, investigated or sent to the Warden.[17]    If a grievance is screened, the inmate is notified of the deficiency and has two days within which to correct the deficiency and resubmit the grievance.[18] Furthermore, if the inmate contends that the grievance was improperly screened, the inmate may, within two days, appeal the screening decision to the Warden, who has ten (10) days to

---

[13] Ex. 1, (Prisoner Handbook – Alaska Unit, effective June 9, 2003) at 2.

[14] *See* 22 AAC 05.185(a).

[15] Ex. 2, (Policy 080.03, effective May 23, 2002), at 1.

[16] *Id.* at 2.

[17] Ex. 1 at 3; Ex. 2 at 3-4.

[18] Ex. 2 at 4.

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

7 of 30

1849607.1

review and issue a written decision concerning the appeal.[19]  If a grievance survives screening, but the inmate is unsatisfied, he has two further levels of appeal to the Director of Institutions and Alaska Grievance and Compliance Administrator.[20]

The FCC grievance log shows that Plaintiff submitted three grievance forms, respectively assigned grievance/code numbers 04-0004/6613, 04-0005/6614, and 04-0006/6615, which were received on January 2, 2004.[21]  None of these grievances related to the December 14, 2003 transport or Evenson, but instead were related to concerns that Plaintiff was not on the list to use the law library, had unanswered informal requests, and his facility issued clothing does not properly fit.[22]  All three of these grievances were screened as not being properly submitted in accordance with Alaska Policy 808.03.[23]  Plaintiff did not timely resubmit these grievances to correct any deficiency, and did not appeal the screening.[24]  Following that date, Plaintiff only submitted grievances regarding fruit (Code No. 6673, dated 1/2/04); a broken locker and leaky sink in his cell (Code No.

---

[19] Ex. 1 at 3; Ex. 2 at 4.

[20] Ex. 1 at 3, Ex. 2 at 5.

[21] Ex. 3 (FCC Grievance Log for the period from January 2 - 21, 2004) at 1.  The Grievance No. is an internal FCC number.  The four-digit Code No. is a tracking number used by the Alaska Department of Corrections.

[22] *See* Lyden Aff., Ex. G [Doc. No. 42-13] at 2.

[23] Ex. 3 at 1.

[24] *Id.*

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
                                8 of 30
1849607.1

6674, dated 1/4/04); failure to provide second mattress (Code. No. 6675, dated 1/2/04); law library materials (Code. No. 6678, dated 1/5/04); policy regarding need for written refusal of medical care (Code. No. 6679, dated 1/5/2004); and, discontinuation of vitamins (Code. No. 6737, dated 1/11/04).[25] Plaintiff did not properly submit and exhaust administrative remedies concerning Evenson's conduct during his transport or denial of colostomy self-care during the 30-day period following December 14, 2003.[26] Since Plaintiff failed to properly exhaust administrative remedies with respect to the actions of Evenson, his cause of action must be dismissed pursuant to 42 U.S.C. § 1997e(a). Likewise, because administrative remedies must also be exhausted for state law claims, Plaintiff's Alaska Constitutional claim against Evenson must also be dismissed.[27]

### C. Plaintiff's "Exhaustion" under Alaska Policy 808.16 does not Constitute Exhaustion under 42 U.S.C. § 1997e(a).

Plaintiff alleges that he "exhausted all administrative remedies available to him" and attached a July 19, 2004 letter from Don Brandon.[28] However, this exhaustion relates only to Plaintiff's ADA complaint, and was addressed pursuant to Alaska Policy 808.16, (Prisoner ADA Compliance Program), *not* the Inmate

---

[25] *See* Lyden Aff., Ex. G [Doc. No. 42-13] at 3. *See also,* Lyden Aff. [Doc. No. 42-1] at ¶ 6.

[26] *Id.* at 1-2.

[27] *Broeckel v. Alaska,* 941 P.2d 893, 896 (Alaska 1997).

[28] Am. Compl. at ¶ 46.

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

9 of 30

1849607.1

Grievance Policy, 808.03.[29]  Neither Plaintiff's ADA complaint[30], dated January 10, 2004, nor his ADA Appeal to Don Brandon,[31] dated March 10, 2004, complain of the actions of Evenson or any FCC SORT Officer.  Likewise, Plaintiff never served copies of these complaints, nor the responses thereto, to anyone at CCA or FCC.[32]

Both the United States and the Alaska Supreme Courts require that the *prison's* internal grievance procedure must not only be used, but exhausted, before any court action can be initiated.[33]  That grievance policy is set forth not only in the Inmate Handbook and Policy 808.03, but is codified at 22 AAC 05.185.  Assuming *arguendo* Plaintiff's ADA complaint and appeal included his allegations against Evenson, those complaints nevertheless fail to give FCC any notice of Plaintiff's concerns.  Further, the lack of claims in the Complaint denies FCC the ability to investigate and build an administrative record, have a full and fair opportunity to adjudicate

---

[29] *See* Lyden Aff. [Doc. No. 42-1] at ¶¶ 2-3 and 5.

[30] Lyden Aff., Ex. C [Doc. No. 42-4].

[31] Lyden Aff., Ex. E [Doc. Nos. 42-7 through 42-12].

[32] *See* Lyden Aff., Ex. C [Doc. No. 42-4] at 4; Ex. D [Doc. No. 42-6] at 5; Ex. E [Doc. No. 42-9] at 3.

[33] *Woodford* 126 S.Ct. at 2388 (PLRA goals "can only be realized if *the prison* is given a fair opportunity to consider the grievance.  *The prison grievance system* will not have such an opportunity unless the grievant complies with the system's critical procedural rules.")(emphasis added); *Broeckel* 941 P.2d at 896 ("prison inmate *must* exhaust available *prison grievance procedures* before asserting a claim in court.") (emphasis added).

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*

3:06-cv-00126 (TMB)

1849607.1

Plaintiff's claims regarding Evenson or set forth a finding and conclusion of fact.   As Plaintiff's ADA complaint and appeal frustrate the purposes for proper exhaustion required by *Woodford and Broeckel,* it is an improper exhaustion of all available administrative remedies.   For these reasons, the Ninth Circuit recently held that an inmate complaint for violations of the ADA and RA sent to and investigated by the U.S. Department of Justice, rather than the prison, does "not serve to exhaust his administrative remedies" under the PLRA.[34]

> D.   **Dismissal with Prejudice is Appropriate for Failure to Exhaust Administrative Remedies.**

Unlike failing to state a claim upon which relief can be granted, Plaintiff cannot turn back the clock to remedy his failure to comply with the policies and procedures which govern the proper exhaustion of his administrative remedies.   Thus, it would be futile for Plaintiff to refile his Complaint.   In such cases, despite the PLRA's requirement that the Complaint be dismissed without prejudice, dismissal with prejudice is warranted.[35]   Defendants request that Plaintiff's Amended Complaint be dismissed with prejudice.

---

[34] *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1063 (9th Cir. 2007).

[35] *Shane v. Fauver,* 213 F.3d 113, 117 (3d Cir. 2000).

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
11 of 30
1849607.1

III. **PLAINTIFF'S CLAIMS AGAINST DEFENDANT EVENSON ARE TIME-BARRED.**

    A. **Plaintiff's Original Complaint was filed five Months after the Statute of Limitations Expired.**

Neither Section 1983, the American's with Disabilities Act, nor the Rehabilitation Act contain a limitations period. Thus, the appropriate period is that of the forum state, in this case, Alaska's statute of limitations for personal injury torts.[36] As 09.10.070 provides that: "a person may not bring an action … for personal injury or death, or injury to the rights of another not arising on contract and not specifically provided otherwise … unless the action is commenced within two years of the accrual of the cause of action."

Although the Court is to look to the forum states law for the applicable statute of limitations, federal law determines when a civil rights claim accrues.[37] Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.[38] Plaintiff alleges that all actions by Evenson occurred on December 14, 2003.[39]

Plaintiff submitted his Complaint naming "John/Jane Doe S.O.R.T. Team [sic] Member" on May 16, 2006 and it was received

---

[36] *Wilson v. Garcia,* 471 U.S. 261, 276 (1985); *Elliott v. City of Union City,* 25 F.3d 800, 802 (9th Cir. 2004); *Torres v. City of Santa Ana,* 108 F.3d 224, 226 (9th Cir. 1997); *Vaughn v. Grijalva,* 927 F.2d 476, 487 (9th Cir. 1991).

[37] *Elliott,* 25 F.3d at 801-02.

[38] *Two Rivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999); *Elliott,* 25 F.3d at 801.

[39] *See* Am. Compl. at ¶¶ 22, 60, 64, 65, 67-68, and 70.

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
12 of 30
1849607.1

by the Clerk on May 30, 2006.[40]  Based on the accrual date, any claim by Plaintiff filed after December 14, 2005 is time-barred. As Plaintiff's claim against "John/Jane Doe S.O.R.T. Team [sic] Member," later amended to Evenson was filed more than five months after the accrual date, his claims are time-barred, and Evenson is entitled to dismissal with prejudice.

### B.   Plaintiff's Complaint Remains Time-Barred under the Doctrine of Equitable Tolling.

In response to Defendants Mike and Cyndi Addington's Motions to Dismiss, Plaintiff asserted that his Complaint was timely under the doctrine of equitable tolling, as he was pursuing administrative remedies.  It is Plaintiffs burden to establish that he is entitled to equitable tolling.[41]  Plaintiff cannot meet that burden.

The rules for equitable tolling, like the statute of limitations, are borrowed from the forum state.[42]  The Alaska Supreme Court first adopted the doctrine of equitable tolling in 1987, noting that "[t]he need for equitable tolling arises when a plaintiff has multiple legal remedies available to him. Courts will not force a plaintiff to simultaneously pursue two separate and duplicative remedies."[43]

---

[40] *See* Compl. [Doc. #1] at 12, 1.

[41] *Hinton v. Pacific Enterprises,* 5 F.3d. 391, 395 (9th Cir. 1993)

[42] *Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir. 1999); *Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir. 1993); *Bacon v. City of Los Angeles,* 843 F.2d 372, 374 (9th Cir. 1988).

[43] *Gudenau & Co. v. Sweeney Insurance, Inc.,* 736 P.2d 763 (Alaska 1987).

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*

3:06-cv-00126 (TMB)

1849607.1

However, equitable tolling is not a right bestowed upon any plaintiff who asserts it.  Rather, the *Gudenau* court articulated the following three-part test: (1) "his pursuit of the initial remedy must give the defendant notice of the existence of a legal claim against it;" (2) "the defendant must not be prejudiced in its ability to gather evidence by the bringing of the second claim;" and, (3) "the plaintiff must have acted in good faith."[44]  However, an examination of Plaintiff's faulty and improper exhaustion of administrative remedies shows that while it is possible that Plaintiff may be entitled equitable tolling with respect to some Defendants, he is not entitled to the benefit with respect to Evenson.

"The doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense."[45]  Plaintiff's formal ADA complaint and subsequent appeal in the Alaska Department of Corrections failed to give notice to Evenson of the claim.[46] During the long time which has passed, Evenson both left and returned to the employment of CCA; Plaintiff has been moved from FCC to another facility in Arizona; the release or transfer of

---

[44] *Gudenau,* 736 P.2d at 768.  *See also, Brannon v. Continental Casualty Co.,* 137 P.3d 280, 286 (Alaska 2006); *Kaiser v. Umialik Insurance,* 108 P.3d 876, 881-82 (Alaska 2005); *Fred Meyer of Alaska, Inc. v. Bailey,* 100 P.3d 881, 886 (Alaska 2004); *Dayhoff v. Temsco Helicopters, Inc.,* 772 P.2d 1085, 1087 (Alaska 1989).

[45] *Cervantes,* 5 F.3d at 1275.

[46] *See* Section II.C., *supra.*

other inmate witnesses who are no longer available; and, the transfer to other locations and resignations of CCA employees present at the airport and FCC reception area on December 14, 2003. The recently served Amended Complaint is the first time Evenson is mentioned and as such greatly prejudices his ability to gather evidence.

Aside from the specifics regarding notice and prejudice to Evenson, Plaintiff's ADA Complaint and Appeal, generally fail to meet the prerequisites established by the Alaska Supreme Court in order to invoke the doctrine of equitable tolling against a statute of limitations defense. It goes without saying that participation in a prior timely filed court case tolls the statute of limitations.[47]    However, that is not the case here. *Gudenau* established that "the statute of limitations is tolled only for those who initially pursue their rights in a judicial or quasi-judicial forum. The pursuit of non-judicial remedies rarely gives the defendant adequate notice of the existence of a

---

[47]    *Fred Meyer,* 100 P.3d 881 (Opt-out member of class against identical defendant is entitled to equitable tolling as class membership established notice, eliminated prejudice, and that plaintiff had acted in good faith since supervisor told him he would lose his job if he participated in the class action, and suit was filed once threat of retaliation abated.); *Larsen v. Alaska,* No. S-12092, 2006 WL 1868494 (Alaska, July 5, 2006)(Inmate who brought administrative appeal of 2003 classification decision to Superior Court was entitled to equitable tolling for administrative appeal to Superior Court of subsequent 2005 classification decision where State conceded that same issues as 2003 decision are implicated by 2005 decision).

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*

3:06-cv-00126 (TMB)

1849607.1

legal claim against it."[48]   As such, the Court has held that private complaints do not give adequate notice of a claim.[49] Quasi-judicial forums are those which have "the power to conduct investigations, issue subpoenas, and hold hearings subject to appeal to the superior court."[50]   However, mere correspondence with an agency, absent the agency's initiation of any kind of legal or quasi-legal process, is not the pursuit of rights which would toll the statute of limitations.[51]   Furthermore, the Alaska Supreme Court has explicitly considered and rejected the theory

---

[48] *Gudenau,* 736 P.2d at 786.

[49] *Brown v. Wood,* 575 P.2d 760 (Alaska 1978) (Three letters of complaint, sent over the course of five years, were too sporadic to give defendant notice of an employment discrimination claim); *Kaiser,* 108 P.3d 876, 882 (Alaska 2005) (correspondence with insurance investigator is "not pursu[it of] any other remedy and therefore cannot toll the limitation period"); *Gudenau,* 736 P.2d at 768 (single private complaint letter to insurance broker and second private complaint letter to another insurance broker does not give "timely notice of the existence of a legal claim against" defendant).

[50] *Dayhoff,* 772 P.2d at 1088-89 (holding that filing of wage claim with Alaska Department of Labor "constitutes pursuit of an alternative legal remedy in a quasi-judicial forum.").

[51] *Burseth v. Weyerhaeuser Mortg. Co., Inc.*, No. S-5075, 1993 WL 13563649 (Alaska, October 13, 1993) at *4 ("We find that there is not evidence that any agency was persuaded to initiate any kind of legal or quasi-legal process on Burseth's complaints …. the 'pursuit' itself must be in the form of a legal process sufficient to give the defendant 'adequate notice of a legal claim against it'  Burseth has failed to establish that his correspondence with various regulatory agencies [the FHA and FDIC] met this standard.") (*citing Dayhoff,* 736 P.2d at 768); *Patterson v. Alaska,* 880 P.2d 1038, 1044 (Alaska 1994) (filing of wage claim with U.S. Department of Labor is not a precondition for filing suit under § 301 of the Labor Management Relations Act, and therefore does not toll the statute of limitations.)

that incarceration is an extraordinary circumstance which justifies equitable tolling.[52]

Plaintiff does not contend, nor has he established, that the Alaska Department of Corrections process under Policy 808.16 is a quasi-judicial forum.  It is not.  At the conclusion of that process, if a complainant is not satisfied with the response of the State ADA Coordinator, he could then file a formal complaint with the Alaska Human Rights Commission and/or U.S. Department of Justice, which could begin, what the Alaska Supreme Court has recognized as a, quasi-legal remedy.[53]  In any event, Plaintiff's formal ADA complaint and appeal fail to provide notice either specifically to Evenson, CCA, or FCC regarding the alleged actions of one of its SORT members on December 14, 2003.  While the absence of such notice is sufficient under Alaska Law to preclude Plaintiff from invoking the doctrine of equitable tolling, when compounded with the prejudice the passage of time places upon Evenson, equity demands dismissal of all counts in the Amended Complaint against Evenson.

---

[52] *Kaiser,* 108 P.3d at 882 ("divorce, incarceration and illness …. are not the kind of extraordinary circumstances that would justify tolling.")

[53] *See* Lyden Aff, Ex. A [Doc No. 42-2] at 3, *See also,* July 19, 2004 letter from Don Brandon to Jack Earl [Doc. No. 14-2] at 2 (advising Plaintiff to write to the U.S. Department of Justice Civil Rights Division in order to further pursue his claims).

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*

3:06-cv-00126 (TMB)

1849607.1

IV.  **PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST EVENSON UPON WHICH RELIEF CAN BE GRANTED.**

A.  **Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") Claims.**

Plaintiff names Evenson as the sole defendant for Counts 5 and 6, in the First Amended Complaint, alleging violations of his rights brought under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1974 ("RA").[54]  The ADA and RA "both prohibit discrimination on the basis of disability."[55]  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs or activities; and (3) such exclusion or discrimination was by reason of [his] disability."[56]  Likewise, "[t]o establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance."[57]  Moreover, treatment,

---

[54] Am. Compl. ¶¶ 59-64.

[55] *Lovell v. Chandler,* 303 F.3d 1039, 1052 (9th Cir. 2002).

[56] *Id.  See also, O'Guinn v. Lovelock Correctional Center,* 502 F.3d 1056, 1060 (9th Cir. 2007); *McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir. 2004).

[57] *Id.  See also, O'Guinn,* 502 F.3d at 1060; *Duvall v. County of Kitsnap,* 260 F.3d 1124, 1135 (9th Cir. 2001).

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
                                    18 of 30
1849607.1

or lack thereof, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA or RA.[58]

Furthermore, "Title II of the ADA prohibits discrimination *in programs of a public entity* or discrimination by *any such entity*."[59]  The ADA defines "public entity" in relevant part as "any department, agency, special purpose district, or other instrumentality of a State or States or local government."[60] "Public entity" "as it is defined within the statute *does not* include individuals."[61]  Evenson is an individual and is sued only in his individual capacity.[62]  At all times relevant in the First Amended Complaint, Evenson was an employee of Corrections Corporation of America at the Florence Correctional Center, but

---

[58] *Burger v. Bloomberg,* 418 F.3d 882, 882 (8th Cir. 2005)(medical treatment decisions not a basis for RA or ADA claims); *Schiaver ex. rel Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005 (RA not intended to apply to medical treatment decisions); *Fitzgerald v. Corr. Corp. of Amer.* 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within the scope of ADA or RA).

[59] *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000)(emphasis added).

[60] 42 U.S.C. § 12131(1)(A)-(B).

[61] *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005, n.8 (8th Cir. 1999)(emphasis added).  *See also, Walker v. Snyder,* 213 F.3d 344, 346 (7th Cir. 2002); *Butler v. City of Prairie Village,* 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir. 1996); *Montez v. Romer,* 32 F.Supp.2d 1235, 1240-41 (D. Colo. 1999)(finding that individual liability does not exist under ADA); *Gallo v. Bd. of Regents of the Univ. of California,* 916 F.Supp. 1005, 1009 (S.D. Ca. 1995).

[62] *See* Am. Compl. ¶ 10.

was never a senior official at the facility.[63]  As individual liability is precluded under Title II of the Americans with Disabilities Act, Plaintiff may not pursue his ADA claim against Evenson.

Likewise, RA claims require that the program providing the benefit or services receives federal funding.  Plaintiff does not allege that Evenson is providing Plaintiff with any benefit or services, much less that Evenson receives federal funding.  Actions under the RA only contemplate recovery from public entities, not individuals.[64]  Nor can Plaintiff bring an action under 42 U.S.C. § 1983 against an individual in his or her individual capacity to vindicate rights created by the ADA or RA.[65]  As such, Plaintiff's RA claim against Evenson must be dismissed.

---

[63] *See, id.*  This Court dismissed Frank Luna, the FCC Warden and Defendant Evenson's supervisor, when Plaintiff's original Complaint was pre-screened.  *See* August 16, 2006 Order Directing Service and Response [Doc. #22], at 3-4.

[64] *Becker v. Oregon,* 170 F.Supp.2d 116, 120 (D. Or. 2001) ("The overwhelming majority of reported cases addressing this issue, including cases from this district, have held that because individuals do not 'receive financial assistance for purposes of the Rehabilitation Act,' there is no individual liability under the RA")(*citing, Grzan v. Charter Hosp. of Northwest Ind.,* 104 F.3d 116, 120 (7th Cir. 1997)); *C.O. v. Portland Public Schools,* 406 F.Supp.2d 1157, 1172 (D. Or. 2005).

[65] *Vinson v. Thomas,* 288 F.3d 1145, 1156 (9th Cir. 2002).

**B.   Plaintiff's Amended Complaint fails to State a Constitutional Claim with Respect to Evenson for Deliberate Indifference to a Medical Need.**

Both the Eighth Amendment[66] of the U.S. Constitution and Article I, Section 12 of the Alaska State Constitution provide that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  As Plaintiff's federal and state constitutional claims arise from identical prohibitions, they may be judged by the same standard as to whether they state a claim upon which relief can be granted with respect to Evenson.  Plaintiff's constitutional claims against Evenson rely upon the premise that he was "deliberately indifferent to [Plaintiff's] serious medical needs"[67] since he "was fully aware of Mr. Earl's serious medical condition but purposely denied him appropriate supplies and conditions for self-care of contingent medical assistance."[68]

Initially, a plaintiff cannot avoid dismissal of his complaint simply by attaching bare legal conclusions to narrated facts that do not outline the basis of his claims.[69]  Likewise, repetition of those bare legal conclusions as in ¶¶ 65-70 of Plaintiff's First Amended Complaint is insufficient to state a

---

[66] While Plaintiff raises claims under both the Eighth and Fouteenth Amendments of the United States Constitution, at all relevant times he was a sentenced inmate and his claims of cruel and unusual punishment need only be examined under the Eighth Amendment.  *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).

[67] Am. Compl. at ¶¶ 65, 67, 68 and 70.

[68] Am. Compl. at ¶¶ 66 and 69.

[69] *Thomas v. Farley,* 31 F.3d 557 (7th Cir. 1994).

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1849607.1

claim.    Rather, the Court must examine the underlying factual allegations regarding Evenson, in order to evaluate whether or not Plaintiff states a claim against him for deliberate indifference.    The Court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact, or unreasonable inferences.[70]    Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.[71]    An action is frivolous if it lacks an arguable basis in either law or fact.[72]

Plaintiff alleges that, once he deplaned on December 14, 2003, Evenson and several other FCC officers placed him in a van, in full restraints, where he was kept separate from other segregated inmates.[73]    Upon arrival at FCC, Plaintiff was kept in the van while some other inmates were first taken into the facility for intake processing.[74]    When Plaintiff was taken into the facility, he was placed in a segregation locked shower unit for an hour until his restraints were removed and he was issued new clothing.[75]    At that time, Plaintiff alleges he asked Evenson if he could use a restroom to attend to his colostomy pouch, and

---

[70] *See Spreewell v. Golden State Warriors,* 266 F.3d 979, 988, *amended,* 275 F.3d 1187 (9th Cir. 2001).

[71] *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

[72] *Neitzke v. Williams,* 490 U.S. 319, 324 (1989).

[73] Am. Compl. at ¶ 36.

[74] *Id.* at ¶ 37.

[75] *Id.*

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
22 of 30
1849607.1

Evenson denied his request.[76]   However, Plaintiff admits that
within an hour, another FCC employee came and assisted him with
his colostomy pouch.[77]

These allegations simply do not state a cognizable
constitutional claim upon which relief can be granted.  Section
1983 imposes two essential pleading requirements upon a
Plaintiff:  (1) that a person acting under color of state law
committed the conduct at issue, and (2) that the conduct
deprived the claimant of some right, privilege, or immunity
protected by the Constitution.[78]

To constitute a cognizable Eighth Amendment claim, prison
conditions must involve "the wanton and unnecessary infliction
of pain."[79]   A medical claim does not rise to the level of an
Eighth Amendment violation unless (1) "the prison official
deprived the prisoner of the 'minimal civilized measure of
life's necessities'" and (2) "the prison official 'acted with
deliberate indifference in doing so.'"[80]   A prison official does
not act in a deliberately indifferent manner unless he "knows of
and disregards an excessive risk to inmate health or safety."[81]

---

[76] *Id.* at ¶ 39.

[77] *Id.* at ¶¶ 39-40.

[78] *Nelson v. Campbell,* 541 U.S. 637, 124 (2004); *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006); *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985)(en banc).

[79] *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

[80] *Toguchi v. Chung,* 391 F.3d 1051, 1057 (9th Cir. 2004)(quoting *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002)).

[81] *Farmer v. Brennan* 511 U.S.825, 834 (1994).

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1849607.1

While deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"[82] or in the manner "in which prison physicians provide medical care,"[83] the delay must have lead to further harm in order for the prisoner to make a claim for deliberate indifference to serious medical needs.[84]  Furthermore, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."[85]  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.[86]

Plaintiff's claim fails to meet these prerequisites on several levels.  First, Plaintiff does not allege any further harm for the one hour delay in attending to his full colostomy bag.[87]  Since Plaintiff fails to allege any physical injury stemming from the one hour delay in providing him with

---

[82]  *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 2002), *overruled on other grounds, WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).

[83]  *Id.*

[84]  *Id.* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985).

[85]  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980)(citing *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976)).

[86]  *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir. 1990).

[87]  Defendant Evenson notes that the list of "injuries" at ¶ 16 of the Amended Complaint arise from the fact that Plaintiff has had a colostomy, not his conditions of transport or incarceration.

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*

3:06-cv-00126 (TMB)

1849607.1

accommodations or supplies to attend to his colostomy self-care, Evenson is entitled to dismissal.[88]

Secondly, conditions, such as Evenson's one hour delay, that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations.[89]  Likewise, conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional violation if imposed for shorter periods.[90]  A failure on occasion to provide a new colostomy bag, coupled with Plaintiff's failure to allege an injury resulting from the delay, "at best … amounts to negligence, not deliberate indifference."[91]  Here, Plaintiff alleges no physical injury. Even if Plaintiff had been forced to dump his colostomy bag in the shower area or otherwise soiled himself, those conditions do not rise to the level of a constitutional violation.[92]

---

[88]  42 U.S.C. § 1997e(e).

[89]  *Adams v. Pate,* 445 F.2d 105, 108-09 (7th Cir. 1971); *Del Raine v. Williford,* 32 F.3d 1024, 1050 (7th Cir. 1994)(Manion, J. concurring).

[90]  *See Jones-Bey v. Wright,* 944 F.Supp. 723, 732 (N.D. Ind. 1996).

[91]  *Ayala v. Terhune,* 195 Fed. Appx. 87, 91 (3rd Cir. 2006).

[92]  *See Booker v. Herman,* 2006 WL 2457230, No. 1:06-CV-178 TLS (N.D. Ind. August 22, 2006)(exposure to dumped colostomy bag contents and physical contact with same "did not place his welfare at serious risk or deny him the minimal civilized measure of life's necessities, and it did not violate his Constitutional rights."); *Cunningham v. Eyman*, 17 Fed. Appx. 449, 452 (7th Cir. 2001) (no Eighth Amendment claim stated where shackled prisoner forced to soil self); *Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988) (temporary deprivation of toilet paper insufficient to state Eighth Amendment claim); *Smith v.*

Third and most significantly, Evenson cannot be deliberately indifferent to medical needs, if he was not involved in or knew about Plaintiff's treatment at an earlier time.[93] Plaintiff never alleges that Evenson was aware of his colostomy prior to his arrival at FCC. Plaintiff does not allege that Evenson was ever briefed by Debbie Carter, the flight nurse who allegedly was aware of Plaintiff's medical needs and could provide medical instructions to Evenson. Rather, Plaintiff alleges only that Deputy U.S. Marshal Itkowitz spoke with Evenson, and does not raise any allegation about the substance of that conversation.[94] Evenson, once he became aware

_Copeland_, 87 F.3d 265 (8th Cir. 1996) (exposure to raw sewage for four days does not implicate constitutional concerns when prisoner did not allege that he was exposed to disease or suffered any other consequences of the exposure to raw sewage); _Williams v. Delo_, 49 F.3d 442, 445-46 (8th Cir. 1995) (four days in strip cell without clothes, bedding or running water did not violate Eighth Amendment when prisoner's health was not impaired); _Juliano v. Camden County Dept. of Corrections_, Civ. Action No. 06-1110 (FLW) 2006 WL 1210845 (D.N.J. May 3, 2006) (During 10-day transport from Jamestown, CA to Camden, NJ, complaints that full restraints made eating and using bathroom facilities impossible are "not serious enough to satisfy the objective component of an Eighth Amendment Claim [nor] give rise to an inference that defendants willfully disregarded an excessive risk to his safety, necessary to satisfy the deliberate inference standard"); _Jenson v. Jorgenson_, Civ. Action No. 03-4200, 2005 WL 2412379 (D.S.D. September 29, 2005) (During 10+ day transport from Sioux Falls, SD to Jenson, TX allegation that inmate was denied use of a toilet, "do not amount to sufficiently serious constitutional violations").

[93]  _Baker,_ 186 F.Supp.2d at 104 (Where Plaintiff "does not contend, or offer any evidence, that the defendant was involved in, or knew about his [colostomy] at an earlier time …. a reasonable jury could not find that the defendant was deliberately indifferent to the plaintiff's medical needs.")

[94]  _See_ Am. Compl. at ¶ 34.

of Plaintiff's full colostomy bag sent someone to assist
Plaintiff with his colostomy needs.[95]  Where a prison official
actually knew of a substantial risk and responded reasonably to
that risk, there is no deliberate indifference and the official
may "be found free of liability … [e]ven if the harm ultimately
was not averted"[96]

    **C.**   **Plaintiff's Amended Complaint Fails to State any
other Constitutional Claim with Respect to
Evenson.**

    With a liberal reading of Plaintiff's Amended Complaint, it
is possible to construe a Federal Fourteenth Amendment Due
Process Claim based on the allegations in paragraphs 40-45.
These allegations, concern Plaintiff's placement in segregation
and the preparation of disciplinary reports, by an unnamed nurse
and unnamed "CCA staff."  Plaintiff never alleges that Evenson
had any role in Plaintiff's placement in segregation or his
disciplinary reports.  Section 1983 plainly requires that there
be an actual link between the actions of defendants and the
deprivation alleged to have been suffered by plaintiff.[97]  While
a "'person 'subjects' another to the deprivation of a
constitutional right, within the meaning of Section 1983, if
[that person] does an affirmative act or omits to perform an act
which [that person] is legally required to do that causes the

---

[95] Am. Compl. at ¶¶ 39-40.

[96] *Farmer,* 511 U.S. at 844.

[97] *Monell v. Department of Social Services,* 436 U.S. 658 (1978);
*Rizzo v. Goode,* 423 U.S. 362 (1976).

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
27 of 30
1849607.1

deprivation of which complaint is made,'"[98] Plaintiff never alleges that Evenson subjected him to being placed in segregation after his reception at FCC, or that Evenson was ever involved in filing any disciplinary report. Accordingly, any Federal Fourteenth Amendment Due Process Claim against Evenson must be dismissed.

Likewise, Plaintiff alleges that he was handled roughly by Evenson and several FCC SORT officers prior to being placed in the van on December 14, 2003[99]. Yet, Plaintiff only alleges that Evenson was only "deliberately indifferent to [his] *serious medical needs.*"[100]  In short, Plaintiff never states an Eighth Amendment Excessive Force claim against Evenson.  Even if he had, "[n]ot every push and shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."[101]  Moreover, the Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force, such as this one, provided that the use of force is not of a sort repugnant to the conscience of mankind.[102]  Thus, Plaintiff's Amended Complaint fails to state

---

[98] *Hydrick v. Hunter,* 466 F.3d 676, 689 (9th Cir. 2006)(quoting *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978)).

[99] Am. Compl. at ¶ 35.

[100] *Id.* at ¶ 67 (emphasis added).

[101] *Hudson v. McMillian,* 503 U.S. 1, 9 (1992)

[102] *Id.* at 9-10.

Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
28 of 30
1849607.1

an excessive force claim against Evenson upon which relief can be granted.

## V.   <u>CONCLUSION</u>

WHEREFORE, Evenson respectfully requests this Court dismiss the First Amended Complaint because Plaintiff failed to properly exhaust all available administrative remedies; Plaintiff's claims against Evenson are time-barred, and, Plaintiff failed to state a claim against Evenson upon which relief can be granted.

RESPECTFULLY SUBMITTED this 26th day of November 2007.

JONES, SKELTON & HOCHULI, P.L.C.


By s/Timothy J. Bojanowski
    Daniel P. Struck
    Timothy J. Bojanowski
    2901 N. Central Ave., Suite 800
    Phoenix, Arizona  85012
    Tel:  (602) 263-7324
    Fax:  (602) 200-7837
    E-mail: tbojanowski@jshfirm.com

    Michael D. Corey, ABA #8511130
    Sandberg, Wuestenfeld & Corey
    701 West 8th Avenue, Suite 1100
    Anchorage, Alaska  99501
    Tel:  (907) 276-6363
    Fax:  (907) 276-3528

    *Attorneys for Defendant Michael Evenson*

/ / /

/ / /

/ / /

/ / /


Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1849607.1

This is to certify that a true and
correct copy of the foregoing was
served by ( XX ) mail (    ) hand (    ) fax
this 256th day of November 2007, to:

The Honorable Timothy J. Burgess
**U.S. DISTRICT COURT**
222 West 7th Avenue, #4
Anchorage, Alaska 99513

Jack L. Earl, Jr., #302235
**RED ROCK CORRECTIONAL FACILITY (AK CONTRACT)**
1752 East Arica Road
Eloy, Arizona 85231
*Plaintiff Pro Per*

and that true and correct copies were
served, via the CM/ECF system, this
date, upon:

The Honorable Timothy J. Burgess
**U.S. DISTRICT COURT**
222 West 7th Avenue, #4
Anchorage, Alaska 99513

John K. Bodick, Esq.
**STATE OF ALASKA**
Attorney General's Office
310 K Street, Suite 403
Anchorage, Alaska 99501
*Counsel for Defendants Addington*

and

Richard L. Pomeroy, Esq.
**U.S. ATTORNEY'S OFFICE**
222 West 7th Avenue, #9
Anchorage, Alaska 99513
*Counsel for Defendant Itkowitz*


        s/Dianne Clark
_____


Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*

3:06-cv-00126 (TMB)

1849607.1