**EXHIBIT 1**

# PRISONER HANDBOOK--ALASKA UNIT

CCA/Florence Correctional Center
P. O. Box 6200    1100 Bowling Road
Florence, AZ  85232
(520) 868-9095

## ADMINISTRATIVE STAFF

| TITLE | NAME |
|---|---|
| Warden | Mr. F. Luna |
| Assistant Warden | Mr. D. Smelser |
| Assistant Warden | Mr. M. Bond |
| Program Manager | Mr. J. Quasny |
| Chief of Security | Mr. K. Stansel |
| Assistant Chief of Security | Mr. M. Lopez |
| Unit Manager  G-Unit | Ms. D. Davis |
| Case Managers G-Unit | Mr. C. Aguirre |
|  | Mr. R. Romero |
| Unit Manager  J-Unit | Ms. G. Pacheco |
| Case Managers J-Unit | Ms. E. Canez |
|  | Mr. M. Madrid |
| Unit Manager  L-Unit | Ms. J. Matlock |
| Case Managers L-Unit | Ms. J. Jones |
| Compliance/Grievance Officer-Alaska Unit | Mr. Ritchie |
| Telephone Manager | Ms. J. Ukasek |
| Law Librarian | Ms. J. Smith |
| Hobbycraft Supervisor | Mr. Brookhiser |
| Principal | Mr. Thynne |
| Substance Abuse Supervisor | Ms. D. Allen |
| Chaplain | Mr. J. Hackett |
| Medical  Supervisor | Ms. B. Vanblaricom |

First Edition

Approved _____        6-9-03

Warden's Signature

- If the prisoner appeals the committee's/hearing officer's findings under these procedures, the institution shall stay the prisoner's penalty until the departmental appeal process is completed.

9. Amendments to Rules/Notice. The Director of Institutions must approve an amendment to the rules described above. The amendment is effective only after such approval and the Warden gives the facility's prisoner population reasonable notice (22 AAC 05.400(h)).

## PROCEDURES FOLLOWING AN EMERGENCY

1. In the event of a widespread facility disruption that requires emergency action, any or all portions of the regulations may be suspended.

2. Any prisoner involved in the emergency may be detained without a hearing throughout the course of the emergency.

3. Upon the restoration of order, all prisoners who were detained shall be accorded all disciplinary procedures as provided for by this regulation.

## SENTENCE COMPUTATION (TIME ACCOUNTING)

All time accounting is computed by Alaska D.O.C. officials. If you have questions regarding this issue, please write to:

**Chief Classification Officer**
**Alaska DOC**
**4500 Diplomacy Dr.**
**Anchorage, AK 99508**

## PRISONER GRIEVANCE PROCEDURES

By contract, the grievance procedure is under Alaska Policy 808.03 which is made available in the Law Library.

You must try to resolve a grievance informally through discussion and negotiation (with affected staff) and complete a written request (cop-out) prior to utilizing the formal grievance procedures. If you do wish to pursue a formal complaint, it is important that the procedures outlined below be followed in order to ensure that your grievance is promptly addressed.

You shall never be subjected to retaliation, reprisal, or harassment for use of or participation in the grievance procedure. Any allegations of this nature will be promptly and thoroughly investigated by the Warden.

- Grievance forms are available from housing unit Sallyport or the Case Manager's office.
- The grievance form must be completed within thirty (30) days of the alleged incident and placed in the locked "Grievance Box" located in each Sallyport.
- The Grievance Officer will promptly decide whether the grievance should be screened, resolved easily, sent directly to the Warden or be investigated.
- If screened, (see full policy, 808.03, in Law Library) you have two (2) days to return an appeal to the Grievance Officer. The Warden has 10 working days to respond. This level of review is final.
- If easily resolved, the Grievance Officer has the discretion to attempt to resolve the initially filed grievance it can be easily resolved with the concurrence of the prisoner, who mutually agrees with it's resolution and withdrawal.
- If investigated, the investigator has ten (10) working days to forward, through the Grievance Officer, their findings and recommendations to the Warden.
- The Warden has five (5) working days to respond, through the Grievance Officer.
- If you wish to appeal the Warden's decision, you must complete and file a Prisoner Grievance appeal Statement form (808.03D) with the Grievance officer within two (2) working days after receiving the Warden's decision. The Grievance Officer shall forward the appeal to the Director of Institutions, Alaska D.O.C.
- The Director shall respond within fifteen (15) working days after receiving the appeal.

If you believe a grievance has not been handled consistent with policy, you may seek review by the Grievance/Compliance Administrator after the Director renders a decision. You must request a review by writing a letter directly to the Grievance/Compliance Administrator; Alaska Department of Corrections, 240 Main Street Suite 700, Juneau, Alaska 99801.

## *EMERGENCY GRIEVANCES*

You may make an emergency grievance by notifying either the Grievance Officer, Warden or designee (e.g. shift supervisor during nights, weekends, and holidays) orally or in writing. Emergency grievances involve issues that threaten life, the security of the facility, or may cause harm to any individual. The Warden or designee (with immediate notification to the Warden) shall determine whether the grievance is an emergency. The Grievance Officer, Warden, or designee will investigate and resolve the emergency grievance the same day or before the end of the work shift period. The investigator/reviewing authority shall give the prisoner a written decision as soon as practical.

## *HEALTH CARE GRIEVANCES*

Health care includes the fields of medical, dental, psychiatry, and mental health. The same time lines and procedures apply except if you wish to appeal the Warden's review, the Grievance Officer forwards it to the Alaska DOC Health Care Administrator in Anchorage. The Medical Advisory Committee shall (through the Grievance Officer) give you a written decision within fifteen (15) working days after they receive your appeal.

## *CLEARY NON-COMPLIANCE GRIEVANCES*

If you file a grievance concerning an issue addressed in the Cleary Final Order, you must (1) exhaust the administrative grievance procedure set out in policy 808.03; and (2) allow the Grievance/Compliance Administrator

ten (10) working days to review the Department's decision and give the prisoner a written decision. If you do not agree with the Administrator's decision, you may file an action with the Cleary court, however if plaintiff's counsel is no longer available to you, you must file pro-se or obtain your own representation.

## *INMATE MOVEMENT*

1. Prisoners will not be in the hallways without a specific destination and/or appointment to go to that area.

2. Prisoners will walk on the right side of the hallways at all times.

3. Prisoners will display their ID badge on their shirt pocket (with picture visible) whenever they leave their housing unit.

## *CLASSIFICATION*

Classification is scheduled and administered by Alaska D.O.C. officials using the guidelines established in Alaska 22AAC05.254, "Classification Review for Prisoners Incarcerated Outside Alaska." Alaska staff are on-site regularly and specific classification questions can be directed to them by submitting a "cop-out" or through your Case Manager.

I.    Classification Schedule

    A. Arizona prisoners within two years of a firm release date, or who were minimum custody at time of transfer to Arizona, will receive their first out-of state review by Alaska Central Classification approximately six months following the last classification review that preceded the hearing at which transfer to Arizona was considered and approximately every 6 months thereafter.

    B. All other Arizona prisoners will be reviewed annually.

II.    Procedural Mechanism for Review

    A. The standard mechanism for conducting the review will be an on-site reviews conducted in Arizona by a three person review team to include Alaska and Arizona staff.

    B. The prisoner will be notified of the approximate hearing date at least {48} hours in advance of the hearing. The prisoner will be given an opportunity to propose topics to be addressed at the hearing.

    C. A prisoner may sign a waiver if he does not wish to participate in the hearing. In such cases, the hearing will proceed. Behavior and program information will be obtained from the Case Manager, and a determination will be made regarding custody level and whether the prisoner will be returned to Alaska.

    D. Your FCC Case Manager will participate in the hearing to the extent necessary to provide up-to-date file information to the review team.

    E. The recommendation of the review team will go the Warden.

    F. Written notice of the decision will be given to the prisoner the following month.

**EXHIBIT 2**



| State of Alaska | Index #: | 808.03 | Page 1 of 8 |
| Department of Corrections | Effective: | 5/23/02 | Reviewed: |
| Policies and Procedures | Distribution: | Public | Due for Rev:   5/03 |

| Chapter: | Prisoner Rights |
| Subject: | Prisoner Grievances |

### Authority

In accordance with 22 AAC 05.155, the Department will maintain a manual comprised of policies and procedures established by the Commissioner to interpret and implement relevant sections of the Alaska Statutes and 22 AAC.

### References

Alaska Administrative Codes

22 AAC 05.185

22 AAC 05.190

Standards for Adult Correctional Institutions, 1990

3-4271, 3-4393, 3-4434

Standards for Adult Local Detention Facilities, 1991

3-ALDF-3E-06, 3E-11, 4G-07, 5D-06

### Purpose

To establish uniform procedures within the Department for processing prisoner grievances.

### Application

All staff and prisoner population.

### Definitions

A.  Health Care

Health care includes the fields of medical, dental, psychiatric, and mental health.

B.  Emergency Health Care

Emergency health care is health care needed immediately to protect the life or health of a person.

C.  Medical Grievance Review Committee

The Medical Grievance Review Committee shall be composed at a minimum of the Health Care Administrator, a physician other than the Medical Director, the Quality Assurance and Utilization Review nurse, and a representative of the Division of Institutions designated by the Director of Institutions.

### Policy

A.  The Grievance and Compliance Administrator and the Director of Institutions shall develop, implement, and monitor a prisoner grievance system within the Department.   The Superintendent at each institution shall monitor the grievance process.

B.  Prisoners shall attempt to resolve their grievances informally through discussion and negotiation with affected staff prior to utilizing the formal grievance procedures.

C.  The Department shall assign objective staff who are not involved in the subject of the grievance to investigate the grievance and issue a recommendation.

D.  Staff may not take retaliatory action against any prisoner for the filing or pursuit of a grievance.   Retaliatory action could include any form of discipline, placement in

administrative segregation, transfer, other adverse classification action, or harassment that is imposed upon a prisoner for the prisoner's filing or pursuit of a grievance. It does not include transfers that are in the best interest of the institution or the department.

Procedures

A. General

   1. Information

The prisoner handbook provides information about grievance procedures. Prisoners must also be provided information during prisoner orientation. If a prisoner cannot understand the grievance procedure, staff shall explain the procedure to the prisoner, using an interpreter if necessary. See Form 808.03E.

   2. Scope of a Grievance

Except as provided below, a prisoner may file a grievance over any matter within the Department's control. This includes: alleging a violation of the Department's regulations, a statute, or a procedure set out in the prisoner handbook or health care grievances. However, prisoners may not file grievances concerning classification or disciplinary decisions, administrative transfers, prohibited conduct of prisoners, Alaska Parole Board procedures or decisions, or court procedures or decisions. A separate grievance must be filed for unrelated subjects or incidents.

   3. Grievances Against Superintendent

A grievance may be filed against a Superintendent only for action taken directly by the Superintendent.

   4. Filing Period

A prisoner must file a grievance (see Attachment 808.03C) within 30 days from the date the incident occurred or from when the prisoner has knowledge of the incident. Filing a form for informal resolution does not satisfy this time requirement. If not filed within 30 days, the Grievance Coordinator shall screen out the grievance and return it to the prisoner. See section B.2.a. below.

   5. Grievance Coordinator

The Superintendent of a facility shall assign an appropriate staff member as the Grievance Coordinator.

   6. Where to File a Grievance

Except for an emergency grievance, a prisoner must file all grievances and grievance appeals in the locked box located in the housing unit. The Grievance Coordinator shall make and keep a copy of the grievance and distribute the original in accordance with the procedures set out in this policy.

   7. Prisoner Transferred or Released from Custody

If the Department transfers a prisoner while it is processing the prisoner's grievance, the Grievance Coordinator shall continue the grievance process in coordination with the Grievance Coordinator of the receiving institution unless the prisoner's transfer resolves the issue. If the Department releases a prisoner from custody, the prisoner must notify the Grievance Coordinator in writing and leave a contact address if he or she wants the grievance process to continue. The Grievance Coordinator may continue processing the prisoner's grievance, at the discretion of the Superintendent, if a prisoner is transferred or released from custody.

   8. Records

| Subject: Prisoner Grievances | Index #: 808.03 | Page: 3 of 8 |
|---|---|---|

The Grievance Coordinator shall place copies of completed grievances in the prisoner's institutional or medical file, as appropriate.

9.  Retaliatory Action

The Department shall promptly investigate any allegations of retaliation against prisoners who use the grievance process to ensure that the prisoner is not subjected to any form of retaliation for the filing or pursuit of a grievance.

B.  General Grievance Procedures

All prisoners, officers, and reviewing authorities shall follow the procedures below when filing and responding to a grievance. Special procedures for emergency grievances, health care grievances, and grievances alleging violation of the Cleary Final Order are set out in sections C - E below.

1.  Informal Resolution

A prisoner must try to resolve a problem informally before filing a grievance, except for an emergency grievance as defined in section C below, or a grievance involving allegations of staff misconduct, section B.2.a.(5) below. The prisoner must complete a Request For Interview form (808.11) and give the form to the appropriate staff member or place it in the locked box in the housing unit.

2.  Filing a Grievance (Level One)

If the prisoner cannot resolve a problem informally, he or she may file a grievance. To file a grievance, the prisoner must fill out Page One of the Prisoner Grievance Form (808.03C), attach the response to the informal resolution attempt, and place the form in the locked box. The Grievance Coordinator shall record the grievance and its subject matter in a grievance log. See policy #803.11, Permanent Record Logs. The grievance process begins when the Grievance Coordinator records and files the grievance.

a.  The Grievance Coordinator shall promptly decide whether the grievance should be screened, resolved easily, sent to the Grievance Coordinator of the facility where the incident occurred, sent directly to the Superintendent, or assigned to an investigator.

(1)  Screened Grievances

The Grievance Coordinator shall screen out and return a grievance to the prisoner if:

(a)  The action or decision being grieved is not a grievable issue as specified in section A.2. above;

(b)  The grievance is not within the institution's or Department's jurisdiction;

(c)  The issue grieved was not first addressed informally;

(d)  The issue was already grieved by the prisoner or by another prisoner and resolved;

(e)  The grievance is submitted on behalf of another prisoner who is able to file his or her own grievance;

(f)  The form is not filled out completely;

(g)  The grievance is not filed within 30 days;

(h)  The grievance is grieving an action not yet taken;

(i)  The grievance contains inappropriate use of obscene or profane words;

| Subject: Prisoner Grievances | Index #: 808.03 | Page: 4 of 8 |

(j)   The grievance is factually incredible or clearly devoid of merit;

(k)   The specific relief sought is unclear;

(l)   The grievance raises unrelated issues that should be presented in separate grievances; or

(m)   The grievance is against the Superintendent, but is not for action taken directly by the Superintendent.

If screened, the Grievance Coordinator must fill out the Grievance Screening form (808.03A), and provide a copy to the prisoner. If a prisoner can correct the deficiency that caused a grievance to be screened, the prisoner shall be permitted to resubmit the grievance. The grievance shall be considered timely if resubmitted within two working days of receipt of the screening form.

If the prisoner believes that a grievance was screened improperly and this is part of a systemic problem, the prisoner may file a separate grievance concerning the screening process.

(2)   Appeal of Screened Grievance

(a)   The prisoner must state in writing why the screening decision is incorrect on the Request for Interview form (808.11A), attach it to the grievance and the screening form, and return it to the Grievance Coordinator within two working days after receiving the screening decision.

(b)   The Grievance Coordinator shall record the appeal and forward it to the Superintendent or, if the screened grievance concerns an action taken by the Superintendent, to the Deputy Director of Institutions.

(c)   The Superintendent/Deputy Director has 10 working days after receipt of the appeal to complete the review and issue a written decision through the Grievance Coordinator to the prisoner. If a response is not received by the prisoner within the 10 working days, the appeal is considered denied. However, a late response granting an appeal is valid. This level of review is final.

(3)   Easily Resolved Filed Grievance

The Grievance Coordinator has the discretion to attempt to resolve the initially filed grievance if it can be easily resolved with the concurrence of the prisoner. If such a resolution is reached, the Resolved Filed Grievance form (808.03B) must be filled out completely and properly counter-signed by the prisoner and the Grievance Coordinator.

(4)   Assign Investigator

If the grievance is not screened out or resolved and withdrawn after its initial filing, the Grievance Coordinator must either investigate or assign another staff member to investigate the grievance. The investigator shall forward a clear and concise written statement of findings and recommendations (on Page Two of form 808.03C) to the Superintendent through the Grievance Coordinator within 10 working days from the date the grievance was filed.

(a)   Grievance Against Superintendent

If the grievance is filed against the Superintendent, the Grievance Coordinator shall forward it to the Deputy Director of Institutions for

| Subject: Prisoner Grievances | Index #: 808.03 | Page: 5 of 8 |
| --- | --- | --- |

assignment to an impartial investigator. The investigator shall forward the findings and recommendations to the Deputy Director of Institutions.

    (5)  Allegations of Staff Misconduct

When a Grievance Coordinator receives a grievance alleging staff violations of the ethical code or standards of conduct, defined by policy #202.01, the Grievance Coordinator shall record and forward the grievance directly to the Superintendent. The Superintendent shall either:

      (a)  Investigate, resolve the grievance, and provide a written decision to the prisoner through the Grievance Coordinator; or

      (b)  Return the grievance to the Grievance Coordinator for informal resolution or assignment to an investigator.

3.  Formal Review by the Superintendent/Deputy Director The Superintendent/Deputy Director shall, through the Grievance Coordinator, give the prisoner a written response, on form 808.03C, within five working days after receiving the investigator's findings. The decision must note any corrective action, include sufficient findings and conclusions to provide for further review, and include a copy of the investigator's findings and recommendations.

4.  Appeal Process (Level Two)

A prisoner may appeal a Superintendent/Deputy Director's decision. The prisoner must complete and file a Prisoner Grievance Appeal Statement form (808.03D) with the Grievance Coordinator within two working days after receiving the Superintendent/Deputy Director's decision. The Grievance Coordinator shall record the appeal and immediately send the appeal to the Deputy Director or, in the case of an appeal from the Deputy Director's decision where the Superintendent has been initially grieved, to the Director.

  a.  The Deputy Director/Director shall respond to the prisoner in writing through the Grievance Coordinator within 15 working days after receiving the appeal. The original must be sent to the Grievance Coordinator with a copy to the prisoner. The Deputy Director/Director shall either affirm or reverse the Superintendent's decision, note any corrective action, and set out findings and conclusions sufficient to permit further review. If a response is not received by the prisoner within 15 working days, the appeal is considered denied. However, a late response granting the appeal is valid.

  b.  The Deputy Director/Director shall file a copy of the prisoner's appeal and the written response to the appeal with the Grievance and Compliance Administrator. *Hertz v. State*, 869 P.2d 154 (Alaska 1994).

  c.  The Department may deny any prisoner's appeal that does not follow these appeal procedures.

5.  Review by the Grievance and Compliance Administrator (Level Three)

A prisoner who believes a grievance has not been handled consistent with this policy may seek review by the Grievance and Compliance Administrator after the Deputy Director/Director renders a decision. The prisoner must request a review by writing a letter, and sending it in a sealed envelope directly to the Grievance and Compliance Administrator within 30 days. The Grievance and Compliance Administrator shall respond in writing to the prisoner within 30 days.

C.  Emergency Grievances

A prisoner may make an emergency grievance by notifying the Grievance Coordinator, the Superintendent, or the Superintendent's designee (e.g., Shift Supervisor during nights, weekends and holidays) orally or in writing. Emergency grievances involve issues that threaten life or the security of the facility, or may cause harm to any individual. The Superintendent, or the Superintendent's designee with immediate notification to the Superintendent, shall determine whether the issue grieved is an emergency. The Grievance Coordinator, Superintendent, or the Superintendent's designee shall investigate and resolve the emergency grievance the same day or before the end of the shift. The Grievance Coordinator, the Superintendent, or the Superintendent's designee shall give the prisoner a written decision as soon as practicable.

D.  Health Care Grievances

1.  Scope of Grievance

A prisoner may file a medical grievance regarding medical treatment, including:

a.  The prisoner is refused treatment by medical, dental, psychiatric, or mental health staff, whether salaried or contract service personnel;

b.  The Department refuses treatment recommended by a consulting health care professional (non-Department personnel); or

c.  The prisoner is recommended for treatment by a consulting health care professional and the prisoner wants that recommendation reviewed.

2.  Procedures

Prisoners shall follow sections B.1 and .2 above when filing grievances about health care. In addition, the following procedures apply:

a.  The Grievance Coordinator, in consultation with health care staff not the subject of the grievance, shall promptly decide whether the grievance should be screened or can be resolved easily. If not, the Grievance Coordinator shall assign the grievance to the facility Health Care Officer for investigation and response. The facility Health Care Officer shall send a written response (on form 808.03C) to the prisoner, through the Grievance Coordinator, within 10 working days from the date the grievance was filed.

b.  If the grievance is against the facility Health Care Officer, the Grievance Coordinator shall ask the Anchorage Central Office Health Care Administrator to assign an impartial investigator. If the investigation is to be conducted by a person from outside the facility, the investigator shall have 10 working days from receipt of the assignment to send a written response to the prisoner through the Grievance Coordinator.

c.  The facility Health Care Officer shall investigate and resolve emergency grievances either within the same day or by the end of the officer's shift. The officer shall send a written decision to the prisoner through the Grievance Coordinator as soon as practicable.

3.  Appeal

If a prisoner is not satisfied with the response to the grievance, the prisoner may appeal the decision. The prisoner must complete form 808.03D and give it to the Grievance Coordinator within two working days after receiving the decision. The Grievance Coordinator shall direct the Health Care Officer to compile copies of all relevant medical records for placement in a sealed envelope. The Grievance Coordinator shall record and forward the grievance appeal and the sealed copies of

| Subject: Prisoner Grievances | Index #: 808.03 | Page: 7 of 8 |
|---|---|---|

relevant medical records to the Health Care Administrator's office for the assignment of an impartial investigator.

    a.   The assigned investigator shall investigate the matter and provide the Medical Director with a written statement of findings and recommendations within 10 working days of receipt.

    b.   The Medical Director shall review the investigator's written recommendations and, through the Grievance Coordinator, give the prisoner a written decision within 5 working days of receipt of the investigator's statement of findings and recommendations. The decision must contain findings of fact and conclusions as to the merits of the grievance. The Medical Director shall send copies of all appeal decisions to the Grievance and Compliance Administrator.

    c.   If the appeal involves a health care decision made by the Medical Director, the Medical Grievance Review Committee shall review the investigator's written recommendations and, through the Grievance Coordinator, give the prisoner a written decision within 10 working days of receipt of the investigator's statement of findings and recommendations. The decision must contain findings of fact and conclusions as to the merits of the grievance. The Medical Grievance Review Committee shall send copies of all appeal decisions to the Grievance and Compliance Administrator.

E.  Cleary Non-Compliance Grievances

If a prisoner files a grievance concerning an issue addressed in the Cleary Final Order, the prisoner must: (1) exhaust the administrative grievance procedure set out in this policy; and (2) allow the Grievance and Compliance Administrator 30 working days to review the Department's decision and give the prisoner a written decision. If the prisoner does not agree with the Administrator's decision, the prisoner may file an action with the *Cleary* court. See *Hertz v. State*, 869 P.2d 154 (Alaska 1994).

    1.  Legal Counsel for *Cleary* Plaintiff Class

        a.   Legal counsel for the *Cleary* Plaintiff class has been released. Accordingly, a prisoner must proceed pro se or retain separate counsel to file an action with the *Cleary* Court.

F.  Records

    1.  The Grievance and Compliance Administrator shall report annually to the Commissioner about the disposition and the handling of grievances by the Department during the reporting period.

    2.  The Grievance Coordinator shall keep copies of all individual prisoner grievances and any relevant documents at the institution for at least three years after the final resolution of each grievance.

    3.  The Grievance and Compliance Administrator shall periodically audit grievance records to ensure that all grievances are properly logged and handled in accordance with this policy.

Implementation

This policy and procedure is effective 14 days following the date signed by the Commissioner. Each Manager shall incorporate the contents of this document into local policy and procedure. All local policies and procedures must conform to the contents of this document; any deviation from the contents of this document must be approved in writing by the Division Director.

| Subject: Prisoner Grievances | Index #: 808.03 | Page: 8 of 8 |
|---|---|---|

May 23, 2002
_____
Date

*Margaret M. Pugh*
_____
Margaret M. Pugh, Commissioner
Department of Corrections

Forms Applicable:
808.03A
808.03B
808.03C
808.03D
808.03 E

# PRISONER GRIEVANCE

| Print Name | Institution/Module | OTIS Number | Log Number |
|---|---|---|---|
| | | | |

| Date of incident: | Describe incident and your attempts to handle it informally/One issue per grievance. |
|---|---|
| | |

(Attach additional pages if necessary.)

I request the following relief (State outcome you are seeking):

I understand that this grievance must be filed with the Grievance Coordinator within 30 days of the occurrence or my knowledge of this incident.

Date:_____ Prisoner's Signature:_____

I acknowledge receipt of this grievance and have issued the log number above for reference.  Please refer any inquiries about this grievance to the assigned log number.

Date filed in compliance:_____ Grievance Coordinator's Signature:_____

Department of Corrections Form #808.03C
Rev. 04/02

# PRISONER GRIEVANCE

## FOUR STEPS OF A GRIEVANCE

**STEP ONE.** You must first try to resolve the grievance informally by filling out Request for Interview, form 808.11. Go to step two if you are not satisfied with the results.

**STEP TWO.** Fill out form 808.03C and give it to the Grievance Coordinator if you want to file a formal grievance. You must file this form within 30 days from the date that the grieved action occurred or you have knowledge of the action. The Grievance Coordinator may decide to screen your grievance, ask your permission to try to resolve the grievance if it seems easy to resolve, or assign an investigator. Go to step three if the officer assigns an investigator. Otherwise, see below:

> Screened: You will receive form 808.03A (Grievance Screening Form) from the Grievance Coordinator if your grievance is screened. You may appeal the screening decision by stating in writing why the decision was wrong. Form 808.11 (Request for Interview) will be used for this purpose. Attach form 808.11 to the grievance and screening form. Give them to the Grievance Coordinator. If you lose the appeal of the screening, there is no further step. If you win the appeal, go to step three.

> Easily Resolved: You and the Grievance Coordinator must fill out form 808.03B if the grievance is resolved. Go to step three if the grievance is not resolved.

**STEP THREE.** You will receive a written decision from the Department concerning your grievance. You may appeal this decision by filling out form 808.03D and the "Prisoner Response" section on page 2 of form 808.03C. You must give this appeal to the Grievance Coordinator within 2 days. Go to step four.

**STEP FOUR.** You will receive another written decision from the Department. Follow the steps below if you do not agree with this decision.

> Medical Grievances

> There is no further step within the Department of Corrections for medical grievances.

> All Other Grievances

> You must appeal the Department's decision to the Grievance and Compliance Administrator by sending a letter to the Administrator. The Administrator will give you a written decision within 30 days of receipt of your appeal. This is your final step unless you believe that your grievance is an issue addressed in the *Cleary* Final Settlement Agreement.

> 1. *Cleary* Issue: If you do not agree with the Grievance and Compliance Administrator's decision, you may proceed pro se or retain separate counsel to file an action with the *Cleary* Court. This is your final step.

See section C of Policy #808.03 for emergency grievances.
Policy #808.03 contains more details concerning the grievance process.

**EX. 2, PAGE 10**

# GRIEVANCE SCREENING FORM

To: _____

Prisoner's Name/OTIS Number                          _____
                                                      Log Number

_____

Institution

Your grievance is being returned to you because: (see the applicable line checked below):

—   a. The action or decision being grieved is not a grievable issue as specified in section A.2 of DOC Policy 808.03.

—   b. The grievance is not within the institution's or Department's jurisdiction.

—   c. The issue grieved was not first addressed informally.

—   d. This issue was already grieved by the prisoner or by another prisoner and resolved.

—   e. The grievance is submitted on behalf of another prisoner who is able to file his or her own grievance.

—   f. This form is not filled out completely.
        Instructions: _____
        _____

—   g. The grievance was not filed within 30 days.

—   h. The grievance is grieving an action not yet taken.

—   i. The grievance contains inappropriate use of obscene or profane words.

—   j. The grievance is factually incredible or clearly devoid of merit.

—   k. Specific relief sought is not clear.

—   l. The grievance raises unrelated issues that should be presented in separate grievances.

—   m. The grievance is against the Superintendent, but is not for action taken directly by the Superintendent.

—   The above noted reason for screening your grievance is not self-explanatory. The following written explanation is provided to clarify the above noted screening decision:

_____
_____
_____


_____                    _____
Date                               Signature of Grievance Coordinator

If you have evidence to show that this screening decision is incorrect or improper, you may appeal the decision to the Superintendent in writing. The appeal must be attached to your grievance and to this screening form.

Distribution:        Original to Prisoner Case File
                     Prisoner                              **Ex. 2, Page 11**
                     Grievance Coordinator

Department of Corrections Form #808.03A
Rev. 04/02                                                 Page 1 of 1

## PRISONER GRIEVANCE

| Prisoner Name | Log Number |
|---|---|
|  |  |

Investigator's findings and recommendations:

Investigation: I met with grievant on _____ at _____ hours.

Investigator's Signature _____ Date _____

Superintendent's findings and determination:

Prisoner's response:

___ I am satisfied with this response.
___ I am not satisfied with this response.
        ___ But <u>do not</u> wish to appeal.
        ___ And <u>do</u> intend to appeal to the director of institutions or medical Director.

I understand that my completed statement of appeal form must be submitted to the Grievance Coordinator within two working days of this date.

Prisoner's Signature                                          Date

Form delivered to prisoner by officer _____ on _____

DISTRIBUTION:   Prisoner Case File or Medical File
                Prisoner
                Grievance Coordinator

**Ex. 2, PAGE 12**

Department of Corrections Form #808.03C
Rev. 04/02

# RESOLVED FILED GRIEVANCE FORM

I, _____ , a prisoner at _____ , agree to voluntarily withdraw grievance

log number _____ based upon the following reason(s) (see checked line applicable below):

_____    1.   The grievance issue I raised in this logged formal grievance has been resolved since the grievance was
               filed.

_____    2.   The appropriate Department staff have been contacted and the necessary action needed to resolve and
               rectify this matter to my satisfaction is being taken.

_____    3.   I have thought about this matter and I determined that this is not the appropriate process to address my
               concern or issue.

_____    4.   Other:

               _____
               _____
               _____
               _____
               _____

I take this action freely.  I am not under any form of duress or coercion, nor has there been any expressed or implied threats
of retaliation if I do not seek this withdrawal.  Also, I am fully aware of the fact that I have the option to re-file this grievance
within 30 days from the date on this withdrawal form.


_____          _____
Prisoner's Signature                     Date Signed


_____          _____
Grievance Coordinator's Signature        Date Signed


Distribution:    Original to Prisoner's Case File
                 Prisoner
                 Grievance Coordinator

**Ex. 2, Page 13**

Department of Corrections Form #808.03B
Rev. 04/02                                          Page 1 of 1

## PRISONER GRIEVANCE APPEAL STATEMENT

| Print Name | Institution/Module | OTIS Number | Log Number |
|------------|--------------------|-------------|------------|
|            |                    |             |            |

| Date of appeal: | I am appealing the determination for the following reasons: |
|-----------------|-------------------------------------------------------------|

Prisoner's Signature:

I acknowledge receipt of this grievance appeal statement and have logged it with the appropriate initially filed grievance.

Date filed in Compliance: _____ Grievance Coordinator's Signature: _____

Division of Institutions or Medical Grievance Review Committee decision:

Distribution:  Original to Prisoner Case file or Medical file
              Prisoner
              Grievance Coordinator
              Grievance & Compliance Administrator (Central Office)

Department of Corrections Form #808.03D
Rev. 04/02

**Ex. 2, Page 14**

**EXHIBIT 3**

## Current Grievances

### Disposition

| Grievance Number | I/M Name | Date Filed | S | R | I | Assigned To | Due Back | Signed by I/M | Appeal (Y, N) | Date Appealed Filed & Faxed | Date Due Back | Code | Complete |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04-0001 | Alsee, Tom | 1/2 | | | X | ms. Sanchez | 1/6 | (R) 1/2?/04 | Y | | | 6610 | |
| 04-0002 | Parnell, David | 1/2 | X | | | | 1/10 | | N | | | 6611 | |
| 04-0003 | Marshall, Bill | 1/2 | X | X | | ms. Arthur | 1/10 | | N | | | 6612 | |
| 04-0004 | Enot, Jack | 1/2 | X | | | | 1/10 | | N | | | 6613 | |
| 04-0005 | Eshay, Jack | 1/2 | X | | | | 1/10 | | N | | | 6614 | |
| 04-0006 | Eshay, Jack | 1/2 | X | | | | 1/10 | | N | | | 6615 | |
| 04-0007 | Lavey, Tom | 1/2 | X | | | | 1/10 | | N | | | 6617 | |
| 04-0008 | Mack, Marlon | 1/2 | | | X | mr. Lewis | 1/6 | (R) 1/4/04 | N | | | 6618 | |
| 04-0009 | Malenotti, C | 1/2 | X | | | | 1/10 | | N | | | 6618 | |
| 04-0010 | Griffin, W | 1/2 | | | X | Ruby | 1/6 | (R) 1/4/04 | Y | 1/10 | | 6619 | |
| 04-0011 | Cooper, D | 1/2 | X | | | | 1/6 | | N | | | 6620 | |
| 04-0012 | Stanley, W | 1/2 | | | X | M.A. Hardin | 1/6 | (R) 1/23/04 | N | | | 6621 | |
| 04-0013 | Wiseman, W | 1/5 | X | | X | ms. Sanchez | 1/5 | (R) | N | | | 6628 | |
| 04-0014 | Brockman, D | 1/6 | X | | X | mr. Leeba | 1/5 | (R) 1/8/04 | N | | | 6629 | |
| 04-0015 | Karr, Mark | 1/6 | | X | | | 1/2 | | N | | | 6630 | |
| 04-0016 | Dellmon, James | 1/6 | | X | | | 1/2 | | N | | | 6631 | |
| 04-0017 | Karr, Parnell | 1/6 | | X | | | 1/2 | | N | | | 6632 | |
| 04-0018 | McMullin, M | 1/6 | | | X | mr. Hardin | 1/20 | (R) 1/23/04 | Y | 1/30 | | 6668 | |
| 04-0019 | Amos, Steve | 1/6 | | X | | | 1/2 | | Y | | | 6669 | |
| 04-0020 | Deeves, D | 1/6 | | | X | mr. Richy | 1/30 | (R) 1/14/04 | Y | 1/20/04 | | 6677 | |

Legend  S = Screened  I = Investigated  R = Resolved

Legend  S reened  I = Investigated  R = Resolved

Legend S= Screened          R= Resolved          I = Investigated

**Ex. 3, Page 1**

## Current Grie__ces

### Disposition

| Grievance Number | I/M Name | Date Filed | S | R | I | Assigned To | Due Back | Signed by I/M | Appeal (Y, N) | Date Appealed Filed & Faxed | Date Due Back | Code | Complete |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04-0041 | Powell Steven | 7/12 | X | | | | 1/24 | | N | | | 6742 | |
| 04-0043 | Powell Steven | 1/12 | Ø | | | | 1/-0 | | N | | | 6743 | |
| 04-0042 | Ron Mark | 1/12 | Ø | | | | 1/20 | | N | | | 6743 | |
| 04-0044 | Dallman J | 1/12 | X | Ø | | | 1/24 | | Y | | | 6745 | |
| 04-0045 | Powell Steven | 1/12 | | Ø | | ms. Weight | 1/24 | Ⓡ 2/4/04 | N | | | 6746 | |
| 04-0046 | Berge J | 1/14 | X | | | | 1/26 | | N | | | 6781 | |
| 04-0047 | Berge J | 1/14 | Ø | | | | 1/26 | | N | | | 6782 | |
| 04-0048 | Berge J | 1/14 | X | | | | 1/26 | | N | | | 6783 | |
| 04-0049 | Berge J | 1/14 | Ø | | | | 1/26 | | N | | | 6784 | |
| 04-0050 | Howteth W | 1/14 | X | | | | 1/26 | | N | | | 6785 | |
| 04-0051 | Dacuus D | 1/14 | | | X | ms. Ortiz | 1/28 | Ⓡ 1/27/04 | Y | 1/27/04 | | 6788 | |
| 04-0052 | Yeseri Richard | 1/19 | Y | | | | 1/31 | | N | | | 6804 | |
| 04-0053 | Gratny Roger | 1/19 | Ø | | X | ms Ortiz | 2/2 | Ⓡ 1/30/04 | Y | | | 6805 | |
| 04-0054 | Kalkman M | 1/19 | Ø | | | | 1/31 | | N | | | 6806 | |
| 04-0055 | Haruch J | 1/19 | Ø | | | | 1/31 | | N | | | Lost | |
| 04-0056 | Cooper D | 1/19 | | | X | ms. Ortiz | 2/2 | Ⓡ 2/2/04 | N | | | 6808 | |
| 04-0057 | Playfair James | 1/19 | Ø | | X | mr. Goldsmith | 2/2 | Ⓡ 2/17/04 | Y | 2/17/04 | | 6809 | |
| 04-0058 | Nicholia H | 1/19 | Y | | | | 1/31 | | N | | | 6809 | |
| 04-0059 | Michael Peter | 1/21 | Ø | | | | 1/31 | | Y | | 1/10 | 6910 | |
| 04-0060 | Nelson Charles J | 1/21 | Ø | | | | 1/31 | | N | | | 6945 | |

Legend S = Screened I = Investigated R = Resolved

**Ex. 3, Page 2**

Legend S= Screened                    R= Resolved                    I = Investigated