Daniel P. Struck, Bar #012377
Timothy J. Bojanowski, Bar #022126
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-7324
Fax: (602) 200-7837
tbojanowski@jshfirm.com

Attorneys for Defendant Michael Evenson

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

**AT ANCHORAGE**

| | |
|---|---|
| JACK LAWRENCE EARL, JR.,<br><br>              Plaintiff,<br><br>    v.<br><br>MIKE ADDINGTON, et al.,<br><br>              Defendants.<br><br>. | NO. 3:06-cv-00126 (TMB) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OPPOSE DEFENDANT MICHAEL EVENSON'S MOTION TO DISMISS**

Defendant Michael Evenson, through counsel, submits this opposition to Plaintiff's Motion for Extension of Time to Oppose Defendant Evenson's Motion to Dismiss.[1]

---

[1] Defendant Evenson intends this Opposition to address all three of Plaintiff's December 10, 2007 filings: (1) Motion for Extension of Time to Opposed Defendant Evenson's Motion to Dismiss [Doc. No. 106]; (2) Affidavit of Plaintiff in Support of Motion for Extension of Time to Oppose Defendant Evenson's Motion to Dismiss [Doc. No. 107]; and (3) Judicial Notice of Denial of Access to Legal Materials and Thus Access to Court [Doc. No. 108] (hereinafter referred to as "Plaintiff's Motion").

Although, Plaintiff's Opposition to Defendant Evenson's Motion to Dismiss is due on December 14, 2007 Defendant Evenson does not object to a reasonable, definite extension of time for which Plaintiff to file his Opposition.[2]

However, Defendant Evenson does object to the open-ended extension implicit in Plaintiff's proposed Order and disputes Plaintiff's allegation that CCA is hindering inmates' ability to conduct legal research.

Defendant Evenson's Motion to Dismiss was filed and mailed to Plaintiff on November 26, 2007. Plaintiff's allegations regarding denial of access to legal materials prior to that date are irrelevant and moot, as he did not require any access until receipt of the Motion. Moreover, the alleged lengthy time which Plaintiff claims the electronic legal research system was unavailable, is without basis.[3] Plaintiff's Motion ostensibly was prepared on and dated "November 30, 2007," only days after Plaintiff's receipt of Defendant Evenson's Motion to Dismiss. The same day Plaintiff's Motion was mailed, partial functionality was restored and complete functionality was restored within three days.[4] Since then, the electronic legal research system is stable, without any interruptions in access.[5]

Defendant Evenson's Motion to Dismiss raises four simple questions: 1) Did Plaintiff properly exhaust all available

---

[2] *See* D. Ak. L.R. 7.1(e).
[3] *See* Affidavit of Carl Richey at ¶ 4. (Attached hereto as Exhibit 1).
[4] *Id.* at ¶ 6.
[5] *Id.* at ¶ 7.

Def's. Opp. to Pltf's Mot. for Extension of Time
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1858327.1                                          2 of 4

administrative remedies prior to filing suit?; 2) did Plaintiff provide notice to Defendant Michael Evenson, entitling him to benefit from equitable tolling of the statue of limitations?; 3) Can Defendant Michael Evenson, in his individual capacity, be held liable for violations of the Americans with Disability Act and/or Rehabilitation Act?; and 4) Do Defendant Michael Evenson's alleged actions rise to the level of cognizable constitutional violations of Plaintiff's rights under the Eighth Amendment of the U.S. Constitution and Article I, Section 12 of the Alaska State Constitution?  These are questions where the law is relatively settled and thus, they do not demand extensive legal research, or an open-ended period in which to file an opposition.

Furthermore, Plaintiff's Motion and proposed Order prejudice Defendant Evenson and run contrary to the interest of judicial economy.  Defendant Evenson, like all litigants, is entitled to expect that this litigation will be carried out expeditiously in accordance with a definite scheduling order and the rules governing proceedings in this Court.  Defendant Evenson does not object to an extension of time, but seeks a date certain by which Plaintiff will submit an Opposition to his pending Motion.

Since the electronic legal research system is available during time Plaintiff has in which to file his opposition, and that the issues presented in the Motion to Dismiss are not

Def's. Opp. to Pltf's Mot. for Extension of Time
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1858327.1                                          3 of 4

complex, Plaintiff does not need an open-ended period in which to file his Opposition. Defendant Evenson contends that an extension of time to file an Opposition up until December 30, 2007 is fair and reasonable.

RESPECTFULLY SUBMITTED this 14th day of December 2007.

JONES, SKELTON & HOCHULI, P.L.C.

By s/Timothy J. Bojanowski
   Daniel P. Struck
   Timothy J. Bojanowski
   2901 N. Central Ave., Suite 800
   Phoenix, Arizona  85012
   Tel:  (602) 263-7324
   Fax:  (602) 200-7837
   E-mail: tbojanowski@jshfirm.com

   Michael D. Corey
   ABA #8511130
   Sandberg, Wuestenfeld & Corey
   701 West 8th Avenue, Suite 1100
   Anchorage, Alaska  99501
   Tel:  (907) 276-6363
   Fax:  (907) 276-3528

   *Attorneys for Defendant Michael Evenson*

This is to certify that a true and
correct copy of the foregoing was
served by ( XX  ) mail (   ) hand (   ) fax
this 14th day of December 2007, to:

Earl Worthy, III, #368520
**RED ROCK CORRECTIONAL FACILITY (AK CONTRACT)**
1752 East Arica Road
Eloy, Arizona 85231
*Plaintiff Pro Per*

       s/Dianne Clark

Def's. Opp. to Pltf's Mot. for Extension of Time
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1858327.1                              4 of 4