IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JACK LAWRENCE EARL, JR.,

        Plaintiff,

vs.

MIKE ADDINGTON, et al.,

        Defendants.

Case No. 3:06-cv-00126TMB

ORDER REGARDING
MOTION TO DISMISS
DEFENDANT ITKOWITZ

## I.  MOTION PRESENTED

On May 30, 2006, Jack L. Earl, Jr., a self-represented state prisoner, filed a civil complaint under Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, or in the alternative, 42 U.S.C. § 1983.[1]  Earl filed an amended complaint, as ordered by the Court, on June 1, 2006.[2]  The claims against Defendant Itkowitz remain the same.[3]  Itkowitz has moved to dismiss all claims against him under Federal Rules of Civil Procedure 12(b)(1), (5), and (6).[4]  Earl has filed a response, and Itkowitz has filed a reply.[5]

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 77.  Earl was ordered to amend his complaint to name the specific individual S.O.R.T. team members he wished to name as defendants.  *See* Docket No. 65.

[3] *Compare* Docket No. 1 at 7 with Docket No. 77 at 8.

[4] See Docket No. 70.

[5] *See* Docket Nos. 83, 86.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), "the federal courts may not dismiss a complaint unless 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"[6]  Under Rule 12(b)(6), the Court must determine, "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."[7]  Further, in conducting its review of a self-represented plaintiff's pleadings, the Court is mindful that it must liberally construe the complaint, and give the plaintiff the benefit of any doubt.[8]

---

[6] *Davel Communications, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1088 (9th Cir. 2006) (quoting *Kwai Fun Wong v. United States*, 373 F.3d 952, 956-57 (9th Cir. 2002) (quoting *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514 (2002))).

[7] *Swartz v. KPMB LLP*, 476 F.3d 756, 763 (9th Cir. 2007), quoting *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).

[8] *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. ...  Additionally, in general, courts must construe *pro se* pleadings liberally."); *Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.");  *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

ORDER

### III.  FACTS

The facts pertaining to Itkowitz as alleged by Earl are as follows:  In December, 2003, Earl was transferred by air from Alaska to the Florence Correctional Center Arizona.[9]  Earl claims that Itkowitz, who was an employee of the United States Marshal Service, was the flight officer in charge.[10]  During the flight, Itkowitz threatened and harassed Earl about his disability, divulged confidential medical information about him, humiliated, and assaulted him.[11]  Itkowitz also falsely accused Earl of deliberately spilling fecal matter from his colostomy bag onto his clothing.[12]

---

[9]  *See* Docket No. 77 at 6.

[10]  *See id*. at 3.

[11]  *See* Docket No. 77 at 8; Docket No. 83 at 4; Docket No. 83-9 (Declaration of Witness: "[The] little red-faced marshal ... [said] 'you have a colostomy and that's what you deserve,'" and "kept berating Jack Earl saying you won't ever get a woman because of that thing ..." and "it seemed that he made great efforts to hit Jack Earl every time he passed by him."); Docket No. 83-8 at 2 (Witness Declaration: "The short guy continued to walk back and forth past us and each time he'd purposefully bump into Jack, and there was no excuse, no turbulence, but as he did this he'd ... turn and stare at the back of Jack's head ...").

[12]  *See* Docket No. 77 at 4-8; Docket No. 83 at 4; Docket No. 83-7 (Witness Declaration); Docket No. 83-8 at 2 (Witness Declaration: "a short agent came up to Jack and started yelling 'why did you do that?  You did that on purpose, didn't you, you piece of shit, why?'"); Docket No. 83-9 (Witness Declaration: "The little marshal then said something like 'I know you did that on purpose you piece of shit.'"); .

Before Earl left the plane in Arizona, Itkowitz spoke with several S.O.R.T. officers in black riot gear, pointing Earl out to the officers.[13]  Upon deplaning, Earl was separated from the other prisoners, and  S.O.R.T. Officer Defendant Evenson slammed Earl against a van, and then held him in a small segregated caged area of the transportation van.[14]  When Earl asked why he was being mistreated, one officer responded, "'we were told about you, shut up!'"[15]  Defendant Evenson continued to mistreat Earl upon his arrival at Florence Correctional Center.[16]

## IV.  DISCUSSION

A.    Neither the ADA nor the Rehabilitation Act Apply

*Miller v. King*, cited by the defendant for the proposition that individuals are not subject to individual liability for violations of ADA provisions, has been vacated and superceded.[17]  The Ninth Circuit has followed "the Sixth, Seventh, and Eighth Circuits in holding that Title II 's statutory language does not prohibit [the plaintiff's] injunctive action against state officials in their official capacities."[18]  However, the

---

[13]  Docket No. 77 at 8; *see also* Docket No. 83 at 4.

[14]  *See* Docket No. 77 at 8.

[15]  Docket No. 83 at 5.

[16]  *See* Docket No. 77 at 8-9; Docket No. 83 at 5.

[17]  *See Miller v. King*, 348 F.3d 1248 (11th Cir. 2004), vacated and superceded, 449 F.3d 1149 (11th Cir. 2006).

[18]  *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003), cited in *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 414 n. 7 (5th Cir.

Court is clear that, in suits brought under Title II of the ADA or § 504 of the Rehabilitation Act, individuals may not be sued in their individual capacities.[19] Thus, Itkowitz may not be sued in his individual capacity, and there appears to be no injunctive relief that can be sought against him at this time.

B.    Title II of the ADA does not apply to the Federal Government

Furthermore, as the defendant argues,[20] while Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity,"[21] the "term 'public entity' does not include the Federal Government."[22]

_____

2004), also citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003); *Bruggeman ex rel. Bruggeman v. Blagovich*, 324 F.3d 906, 912-13 (7th Cir. 2003); *Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002).

[19]    *See* 42 U.S.C. § 12131(1); *Miranda B.*, 328 F.3d at 1188 n. 7; *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

[20]    See Docket No. 70 at 5, citing *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2nd Cir. 2000), in support.

[21]    42 U.S.C. § 12132;

[22]    *Agee v. United States*, 72 Fed.Cl. 284 (Fed.Cl. 2006), citing 42 U.S.C. § 12131 ("The term 'public entity' means – (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)").

5                            ORDER

C.    *Bivens* Violations

Because Itkowitz is not covered under either the ADA or the Rehabilitation Act, he may only be sued as a government employee, for allegedly violating Earl's civil rights, such as under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[23]   Under *Bivens*, and the Eighth and Fourteenth Amendments to the Constitution, if Earl was deprived of the "minimal civilized measure of life's necessities," Itkowitz can be held liable, for actions he took "with deliberate indifference to a substantial risk of serious harm."[24]  The facts, as alleged by Earl, allege such deliberate indifference.  In fact, the allegations suggest that Itkowitz encouraged others to harm Earl.

---

[23]   The Ninth Circuit has decided to "join the Fifth, Eighth, and Eleventh Circuits and hold that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1155, 1156 (9th Cir. 2002), *cert. denied*, 537 U.S. 1104, 1156 (2003).  The same rules generally apply to *Bivens* actions as to actions under the Civil Rights Act.

[24]   *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1999), citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).  An "official's conduct must have been 'wanton,' which turns not on its effect on the prisoner, but on the constraints facing the official."  *Id*., citing *Wilson*, 501 U.S. at 302-03.  The "definition of cruel and unusual punishment is subject to 'the evolving standards of decency the mark the progress of a maturing society.'"  *Frost v. Agnos*, 152 F.3d at 1129, quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

ORDER

However, Earl is barred from bringing this action by the statute of limitations.[25]

The statute of limitations for a *Bivens* claim, like that for a claim under the Civil

Rights Act, is the limitations period under Alaska state law, which is two years.[26]

Thus, Earl's *Bivens* claims against Itkowitz accrued when the actions

occurred, in December of 2003, and lapsed in December 2005.  This case was not

filed until May 30, 2006.  The *Bivens* claims are, therefore, barred by the two-year

limitations period.[27]

---

[25] *See* Docket No. 70 at 8.

[26] *See Pesnell v. Arsenault*, 490 F.3d 1158, 1163 (9th Cir. 2007) ("Although federal law determines when a Bivens claim accrues, the law of the forum state determines the statute of limitations for such a claim. ... Tolling provisions for Bivens claims are also borrowed from the forum state.") (quoting *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002)); *see also* AS 09.10.070 (providing for 2-year limitations period).

[27] Itkowitz argues that there can be no tolling, under *Bivens*, for the time in which Earl was required, under the Civil Rights Act, to exhaust his administrative remedies, as is necessary before bringing suit against state officials. *See* Docket No. 86 at 2.  The Ninth Circuit has determined that exhaustion is not required for *Bivens* lawsuits, requesting only money damages from a defendant. *See Panaro v. City of Las Vegas*, 432 F.3d 949, 952 n. 5 (9th Cir. 2005).  And individuals may only be sued under *Bivens* in their individual, not official, capacities.  *See Morgan v. United States*, 323 F.3d 776, 780 n. 3 (9th Cir. 2003); *see also Dale-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("a Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996), following *Dale-Murphy*.

ORDER

D.    Was Itkowitz a "State Actor" while Transporting Earl?

Earl alleges facts that indicate that Itkowitz could have been a "state actor" in his capacity as an employee of the United States Marshal Service. Itkowitz disputes that position, but cites no authority in support.[28] However, "a well-established line of cases has held that federal officials, who act in concert or conspiracy with state officials to deprive persons of their federal rights, may be held liable for prospective relief under § 1983 when sued in their official capacity."[29]

Earl contends that Itkowitz participated in such a "joint activity" with state actors in this case.[30] And in the event that Itkowitz was a "state actor," under the Civil Rights Act, Earl was required to exhaust his administrative remedies, as

---

[28] *See* Docket No. 86 at 2.

[29] *Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992); *see also Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3rd Cir. 1998) ("It is a well-established principle ... that federal officials are subject to section 1983 liability when sued in their official capacity where they have acted under color of state law, for example in conspiracy with state officials."); *Strickland v. Shalala*, 123 F.3d 863, 867 (6th Cir. 1997) (a federal official has acted under color of state law only when there is evidence that federal and state officials engaged in a conspiracy or "symbiotic" venture to violate a person's rights under the Constitution or federal law); *Merritt v. Mackey,* 932 F.2d 1317, 1323 (9th Cir. 1991) (a federal official is "exempt from section 1988 liability unless he 'conspire [d] with or participate[d] in concert with state officials who, under color of state law, act[ed] to deprive a person of protected rights.'") (citation omitted).

[30] *See* Docket No. 83 at 7.

ORDER

explained by Itkowitz.[31]  Thus, the statute of limitations would have been tolled during

the time Earl was exhausting those remedies.[32]

This claim does not, however, allow for any monetary relief against Itkowitz.[33]

And the only prospective relief requested by Earl which applies to Itkowitz (and

which can be granted in light of the claims which must be dismissed), is a

declaration by the Court that his Constitutional rights were violated by Itkowitz.  If the

parties can reach agreement on that one point, this case may be resolved insofar as

Itkowitz is concerned.[34]

E.   Alaska Constitutional Claims

It is unclear whether Itkowitz can be held liable to Earl under the Alaska

Constitution, as he can under the Civil Rights Act, and, if so, whether he would be

barred by the limitations period, as he is in a *Bivens* action.  However, Itkowitz has

───────────────

[31]  *See* Docket No. 86 at 2 ("Since there were administrative remedies for Earl to pursue and exhaust against the State of Alaska, the starting point for that two year limitations clock did not start from the date of the event but from when the administrative claim was denied.").

[32]  *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) ("We do not regard the intersection of the exhaustion and statute of limitations requirements as creating a problem for prisoners, however, as we agree with the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process") (citations omitted).

[33]  *See* footnote 29, above.

[34]  The Court suggests that the parties confer to see if they can settle this case with some statement to that effect.

9                              ORDER

moved to dismiss any claims against him under the Alaska Constitution, and Earl

has not objected.  Therefore, this Court will not address any such claims, and will

dismiss them without prejudice to litigating such claims in the state courts.[35]

F.    Service

Itkowitz claims that he was improperly served with the summons and

complaint in this action, because the Attorney General of the United States was not

also served.[36]   Although the Ninth Circuit has held that "the failure to perfect

individual service is fatal to appellants' *Bivens* action against the named

defendants,"[37] the Court has also held that service upon a federal official sued in his

individual capacity need not be served upon the United States, but may be served

simply upon the individual, as Earl has done in this case.[38]   However, with the

dismissal of the *Bivens* claims, and because of the finding that Itkowitz may be

_____

[35]   *See Wilbur v. Locke*, 423 F.3d 1105, 1106 (9th Cir. 2005), citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998), and *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85 (1999) ("district courts do not overstep Article III limits when they decline jurisdiction of state-law claims on discretionary grounds without determining whether those claims fall within their pendent jurisdiction.").

[36]   *See* Docket No. 70 at 9.

[37]   *Dale-Murphy v. Winston*, at 355; *see also Vaccaro v. Dobre*, 81 F.3d at 857, following *Dale-Murphy*.

[38]   *See Vacarro,* 81 F.3d at 857, following the Second Circuit in holding that service upon the United States is not required in a *Bivens* action, "on the theory that a *Bivens* action is against federal officials in their individual capacities, not in their official capacities, and is not an action against the government."

considered a "state actor" for purposes of this lawsuit, who can only be served in his official capacity, this question is now unclear.  Accordingly, Earl will be allowed to serve the United States Attorney with a copy of the summons and complaint to resolve this issue as between the parties.[39]

**IT IS HEREBY ORDERED:**

1.    Matthew Itkowitz's motion to dismiss all claims brought under the Americans with Disabilities Act and the Rehabilitation Act is GRANTED.

2.    Itkowitz's motion to dismiss any *Bivens* claims is GRANTED.

3.    Any state law claims against Itkowitz are DISMISSED without prejudice to litigating any such claims in the state courts.

3.    Itkowitz's motion to dismiss the claims against him under the Civil Rights Act is DENIED, but Itkowitz may only be sued in his official capacity.

4.    On or before **January 21, 2008**, Itkowitz, through counsel, shall file a notice with the Court indicating whether he still disputes service, and who he contends remains to be served, or whether he will accept service as has been done at this time by Earl; if service upon Itkowitz is still at issue, Earl will be given an opportunity to effect service through the United States Marshal.

---

[39]  Earl is correct in his contention that this resolution does not prejudice the defendant, who has had notice of this lawsuit since he was served.

5.      The parties are directed to confer and file a notice with the Court, on or before

**January 21, 2008**, as to whether they are able to resolve the one remaining

issue in this case to their mutual satisfaction.[40]


DATED this 26th day of December, 2007,  at Anchorage, Alaska.


/s/Timothy  M.  Burgess
TIMOTHY   M.   BURGESS
U. S. DISTRICT JUDGE

---

[40]  Earl is reminded that he can recover no monetary damages from Itkowitz.

ORDER