Jack L. Earl, Jr. / Pro Se
# 302235
Red Rock Correctional Center
1752 East Arica Road
Eloy, AZ          85231



RECEIVED
JAN 02 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK L. EARL, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MIKE ADDINGTON, et al., <br><br> Defendants. | Case No. 3:06-cv-00126-TMB <br><br> **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OF DEFENDANT MICHAEL EVENSON** |

PLAINTIFF Jack L. Earl, Jr., appearing without the benefit of counsel, pro se, does hereby oppose defendant Michael Evenson's Motion to Dismiss, wherein defendant supports the motion stating that 1) Earl failed to properly exhaust all available administrative remedies; 2) Earl's claims are time-barred; and 3) Earl failed to state a claim upon which relief can be granted. All of defendant's assertions for dismissal are pursuant to Federal Rules of Civil Procedure (herein after FRCP) 12(b).

Plaintiff Jack L. Earl, Jr., (herein after Earl) will respond in opposition to defendant's assertions in the order in which defendant presented them. Earl would himself assert that this defendant has waived anyother claims that may have been available through affirmative defenses.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

**Factual Background:**

For the most part defendant's facts concerning procedural issues appears correct. However, the facts which gave rise to Earl's claims

against this defendant are either misleading, inaccurate or purposely vague, when issues of "purported" violations occurred. In defendant's motion [at 3 of 30] there is no mention of the unnecessary assault the defendant was solely responsible for, upon Earl, once they reached the transport van. There is no mention of the hours Earl spent with a over-full colostomy pouch, which the defendant had been made aware of, once they reached the Florence Correctional Center, and after the other inmates had been removed and taken into the facility. There is no mention that it was under the direction of the defendant, after the defendant put Earl in the 3X3 locked-caged shower in segregation, that Earl was left with an over-full pouch for an hour unattended, and not just an hour, as alleged in defendant's motion [at 3 of 30]. There is no mention that defendant told the segregation staff to leave Earl until he called, nor that once Earl was stripped completely naked he remained naked in the caged enclosure for additional time. There is no mention that by this time it had been in excess of six hours that Earl had had to endure the pain the over-full pouch caused him, because the defendant had controlled the situation, and not a mere hour as claimed by defendant. [at 4 of 30]

Defendant's further claim that Earl "at no point, pursued an administrative remedy," which too is factually inaccurate, as are defendant's claims of the matter being time-barred and that Earl failed to state a claim. As such the defendant's motion to dismiss must be denied.

Arguments:

Defendant's first claim was that Earl failed to exhaust the administrative remedies available to him required by 42 USC § 1997e(a). They seem to suggest that because they have asserted this that Earl had an expanded requirement to sufficiently exhaust.

-2-

Defendant's are mistaken. Not only has the United States Court of Appeals for the Ninth Cuircuit, rejected treating the Prisoner Litigation Reform Act (herein after PLRA) exhaustion as a pleading requirement, but does not require that exhaustion be established by the complaint; **Wheeler v Townsend, 100 Fed. Appx. 670, 2004 U.S. App. LEXIS 11125 (9th Cir. 2004) but Judge Burgess has previously ruled on this issue.**

Defendant's claim that Earl did not give Florence Correctional Center (herein after FCC) "a fair opportunity to consider the grievance." However, Earl did grieve the mistreatment of the defendant right after his release from segregation, via CCA Incident Report (see Exhibit 1) just before he was sent back to segregation on another trumped up allegation. He not only did not receive any response, but was glad to have made a copy of the submission, which simply disappeared. He gave FCC sufficient notice that a large guy in black did unnecessary violence to him when he got off the plane, and then when and after he arrived at FCC. One can assume that FCC would have understood the large guy in black at the airport to be a member of their S.O.R.T. team. Defendant's asserted that Earl, filed numerous grievances but none of them "related to the December 14, 2003 transport or Evenson," and that the grievances that were submitted were screened back, and Earl did nothing to seek further appeal, eventhough he was issued, upon arrival, with Prisoner Handbook. Earl asserts that defendants conclusion is in error. He not only did not receive a Prisoner handbook upon arrival, but was not oriented as declared, and as defendant points out one of the grievances shows that Earl was also denied access to the law library while in segregation, and sometime afterwards so knowing to appeal "screened grievances" to the warden, was not readily understood. In fact records show that the

first grievances submitted by Earl after his arrival were all screened which supports two conclusions. Either he had no understanding of proper procedures, or someone did not want his grievances to be heard, denying him due process based on alleged misconduct.

Regarding defendant's extended administrative exhaustion claim under defendant's motion [at B] this claim also fails. Defendant's assert that Earl did not use the grievance process concerning allegations of Evenson. But as defendant's pointed out Earl did not find out who the large guy in black was for quite sometime after the court accepted the suit for litigation, this of course would include defendant's claim [at C] where they assert that the Alaska Policy #808.16 which is the form provided to inmates regarding ADA issues, does not constitute exhaustion under 42 USC § 1997e(a). This too is incorrect. As Judge Burgess pointed out in a previous ruling regarding other defendants' exhaustion claims against Earl. Judge Burgess stated that the PLRA does not impose a "name all defendants' requirement" citing **Jones v Brock**, 127 U.S. at 923 which would seem to take care of defendant's claim that he was not properly noticed. Judge Burgess also cited **Williams v Beard**, ___F.3d___, 2007 WL 973953 *3 (3rd Cir. 2007) which that court held that the primary purpose,of grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that may be sued. This purportedly would have been satisified by the CCA Incident Report Earl submitted 1/03/04 (See Exhibit 1) and concerning the assertion of the defendant that AK Policy #808.16 does not constitute exhaustion under § 1997e(a) Earl took what forms were available, took all the steps required, appealed to the appropriate entity , and thus achieved the purposes of the PLRA's exhaustion requirement; **Butler v Adams**, 397 F.3d 1181, 2005

-4-

U.S. App. LEXIS 1898 (9th Cir. 2005, filed) as authoritatively set out in <u>Porter v Nussle</u>, 534 U.S. 516, 524-25, 152 L.Ed.2d 12, 122 S.Ct. 983 (2002)

The PLRA does **not** require more. Completion of the form, followed by the prisoner's taking all the steps of the administrative process the state gave him; <u>Strong v David</u>, 297 F.3d 646, 648 (7th Cir. 2002).

Assuming arguendo, when Earl was finally given the names of all S.O.R.T. team members, and having since the date of the incident interacted with all of them discovered it was Evenson that was the abuser, and once that was known Earl immediately sought him out to serve him with the summons and complaint, but had discovered that he had been fired by CCA, apparently due to another excessive force case against him. Subsequently there was no way to contact him. Then suddenly Evenson reappeared as a regular officer without rank, and Earl pursued service, giving him notice of the allegations against him and the grounds upon which they arose; <u>Leatherman v Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 122 L.Ed.2d 517, 113 S.Ct. 1160 (1993). Perhaps Earl's Incident Report did not go unnoticed afterall, and defendant Evenson was properly and timely notified of Earl's claims, not to mention a very lengthy investigation (in which Earl was not privvy) done by the Alaska State A.D.A. Coordinator and Alaska D.O.C. Grievance and Standards Administrator.

Defendants next claim that Earl's claims against defendant Evenson are time-barred, asserting that it is time-barred because "Plaintiff's Original Complaint was filed five Months after the Statute of Limitations Expired." [at 12 of 30] This assertion is without merit, and was previously addressed in an order from Judge Burgess in this case, wherein other like defendants' agreed that Earl

"correctly states that the statute of limitations for prisoner claims are tolled while administrative remedies are being pursued" SEE Johnson v Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v Morgan, 209 F.3d 595, 596 (6th Cir. 2000); Harris v Hegmann, 198 F.3d 153, 157-59 (5th Cir. 1999) Brown v Valoff, 422 F.3d 926 (9th Cir. 2005)[emphasis] See also Docket Nos. 41 &43 at 1-2.

Defendant is also mistaken with the claim that even if Earl met the statute of limitations when filing his complaint, it is still time barred because of the Doctrine of Equitable Tolling [at 13 of 30]. Apparently worried about potential witness testimonies that are not available, and that because of the long time past the filing of the compliant, defendant did not have sufficient warning of the claims against him. That Earl's pursuit of redress for the assault defendant Evenson was solely responsible for is not in good faith, and that defendant Evenson is thus prejudiced. And as the CCA Incident Report states, and as FCC surely knew one of their large guys in black was involved in the incident at the airport with Earl, and because of the obvious potential for legal redress, some sort of internal investigation, if not done, most assuredly should have been done, thus giving the FCC the first bite of the apple. (see Exhibit A)

The only thing that should be demanded in this instance is that defendant Evenson be made to answer for his violative and assultive acts upon Earl, as it was he who was told by defendant Itkowitz what had allegedly happened on the airplane concerning the spilled colostomy pouch in the restroom, he who was told by defendant Itkowitz that Earl was a troublemaker who should have his "ass kicked" and Evenson alone who made good that wish.

Defendant's next claim is that Earl failed to state a claim

-6-

against defendant Evenson upon which relief can be granted under the Americans with Disabilities Act (herein after ADA) and the Rehabilitation Act (herein after RA) [at 18 of 30] this too is without merit.

The ADA covers inmates; **Pennsylvania Dept. of Corrections v Yeskey**, 524 U.S. 206 (1998); **Frost v Angos**, 152 F.3d 1124 (1998). When a disabled prisoner is injured by the failure of defendants to comply with the ADA's requirements, suit may be brought in federal court. See **Armstrong v Davis**, 275 F.3d 849 (9th Cir. 2001)(class action).

Notwithstanding the assault at the airport by defendant Evenson, which did cause injury to Earl, Earl pleaded numerous times to be allowed to take care of his over-full pouch, because it was causing pain in his groin. Actually showing whom he now knows as Evenson, only to be told "it's not my problem," and outright denied. Eventhough the court need not find a constitutional violation to establish actual injury under the ADA and RA; **Armstrong, Id.** at 864-65 injury did in fact occur. This coupled with the "correctional officer's" failure to respond to Earl's repeated requests to use a restroom to evacuate the over-full pouch; **Mahler v Gatten**, 2002 U.S. App. LEXIS 9178 (March 6, 2002) establishes deliberate indifference, especially when considering the acts done by defendant Evenson, how and why he did them; **Love v Westville Correctional Center**, 103 F.3d 558 (1996). Could a jury find that not accommodating Earl's needs were considered and deliberate in this instance? Earl would assert most assuredly; **Duvall v County of Kitsap**, 260 F.3d 1124, 1135 (9th Cir. 2001)

It goes without saying that Earl meet his burden regarding the ADA, and discovery will support that the corporation and/or state of Alaska, that employed defendant Evenson received some sort of federal funding; **Duvall, supra.**

-7-

Defendant's counsel attempts to mislead this Court to support that defendant Evenson was "never a senior official at the facility", in two ways. First it is/was common knowledge that Evenson was part of the higher echlon in "SORT" and secondly, Earl and not the Court dismissed Warden Frank Luna from the lawsuit, after learning that Mr. Luna had not been told the whole truth, and acted appropriately for what he had been told by staff concerning the flight and what Earl was alleged to have done aboard and during the flight.

The deprivation and injury therefrom claimed by Earl carried out by Evenson wrongfully restricted liberty without due process when after repeated requests were made and disregarded, where injury occurred; **Gomez v Chandler**, 163 F.3d 921 (5th Cir. 1998) and were done in retaliation for Earl exercising his rights; **Thaddeus-X v Blatter**, 175 F.3d 378 (6th Cir. 1999)(en banc) precludes summary judgment.

## CONCLUSION

Defendant's counsel purposely fails to reveal the totality of the circumstances, that it wasn't merely an hour of delay as stated, but six or more hours before Earl was finally allowed to do self-care. Defendant's counsel minimizes the gross and wanton acts of assault as merely incidental, that Evenson did not know of Earl's disability, and was just doing his job. Nowhere in the Bill of Rights or the United States and Alaska Constitutions does Evenson's job give him the right to assault, or deprive , or disregard congressional mandates. defendant's have failed in their Motion to Dismiss and accordingly the Court should Deny their motion with prejudice.

Respectfully Submitted this ___ day of December, 2007.

By: _____
Jack L. Earl, Jr./Pro Se

-8-

IN. Jack Earl / #302235
Red Rock Correctional Center
1752 East Arica Road
Eloy, AZ 85231

24. December 20[0_]

United States District Court
District of Alaska
222 West 7th Avenue, #4
Federal Courthouse
Anchorage, AL 99513-7564