Daniel P. Struck, Bar #012377
Timothy J. Bojanowski, Bar #022126
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-7324
Fax:  (602) 200-7837
tbojanowski@jshfirm.com

Attorneys for Defendant Michael Evenson

### UNITED STATES DISTRICT COURT

### DISTRICT OF ALASKA

### AT ANCHORAGE

| | |
|---|---|
| JACK LAWRENCE EARL, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>MIKE ADDINGTON, et al.,<br><br>    Defendants.<br>. | NO. 3:06-cv-00126 (TMB) |

### MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT OF CARL RICHEY

### IN SUPPORT OF DEFENDANT EVENSON'S MOTION TO DISMISS

Defendant Michael Evenson, through counsel and pursuant to D. Ak. LR 7.1(h)(2), hereby moves for leave to file the Supplemental Affidavit of Carl Richey in Support of Defendant Evenson's Motion to Dismiss [Doc. No. 103], attached hereto as Exhibit 1.  This Motion is supported by the following Statement of Points and Authorities.

Mot. for Leave to File Supp. Aff.
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1863379.1                                                1 of 6

**Statement of Points and Authorities**

I. **THE AFFIDAVIT AND ITS SUPPORTING DOCUMENTATION WAS UNAVAILABLE AT THE TIME DEFENDANT EVENSON'S RESPONSIVE MOTION WAS DUE.**

Service of the Amended Complaint was perfected on Defendant Evenson on November 6, 2007 [Doc. No. 102]. Furthermore, while this Court permitted Defendant Evenson thirty days from date of service to file his answer or responsive pleading [Doc. No. 92 at 2], court staff indicated that Defendant Evenson's responsive pleading was due on November 26, 2006, only twenty days after service [Doc. No. 102]. Out of an abundance of caution, Defendant Evenson filed his Motion to Dismiss on November 26, 2007.

Following the Court's October 2, 2007 Order, Defendant Evenson contacted the Florence Correctional Center to obtain copies of the relevant inmate handbook, grievance policy and grievance logs. A review of those logs showed that Plaintiff filed 9 grievances during the 30 day period following the incident. While the grievance log subjects do not describe any of the allegations in the Complaint, Defendant sought, in good faith to obtain copies of the actual grievance submissions and screenings to confirm their content.

Both Plaintiff and Affiant were transferred from the Florence Correctional Center ("FCC") to the Red Rock Correctional Center. The grievance records dating from 2004 have not been transferred to the Red Rock facility. Mr. Richey,

Mot. for Leave to File Supp. Aff.
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1863379.1                    2 of 6

in addition to fulfilling his duties under AK Policy 808.03, had to find time to go to FCC and locate Plaintiff's grievances. The complete grievance listing which was necessary to retrieve all nine of Plaintiff's grievances was transmitted to counsel on December 3, 2007. Furthermore, Mr. Richey then needed to make several additional trips in order to obtain the nine grievances before transmitting them to counsel on December 13th, 18th, and 19th. Furthermore, the facsimiles were not clear, and counsel did not receive copies of the original grievance documents until several days later by mail. Despite counsel's good faith efforts to obtain all documentation relevant to Defendant Evenson's Motion to Dismiss prior to filing it on November 26, 2007, these supplemental supporting documents were unavailable.

Defendant Evenson previously inquired whether any incident report had been filed regarding the December 14, 2003 transport and been assured that no FCC staff had initiated the incident report process. Defendant Evenson was unaware, until receipt of Plaintiff's Opposition on December 27, 2007, that Plaintiff had allegedly sent a CCA Incident Statement to Warden Luna, which Plaintiff contends "achieves the purpose" of a grievance under the Prison Litigation Reform Act. However, this statement, in and of itself, would only be filed with an incident report, if a staff member had initiated the incident reporting process.[1] Paragraphs 23-24 of the Affidavit provide rebuttal to

---

[1] Richey Aff. at ¶ 23.

Mot. for Leave to File Supp. Aff.
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1863379.1                    3 of 6

Plaintiff's contention that his CCA Incident Statement allegedly sent to Warden Luna, is properly submitted under AK Policy 808.03. As this argument was only raised by Plaintiff in opposition and could not have been foreseen by Defendant Evenson, filing of Mr. Richey's Supplemental Affidavit, is proper as the pertinence of this material was not known to Defendant Evenson at the time the original motion was submitted.

## II. PLAINTIFF WILL NOT BE PREJUDICED BY THE FILING OF THIS SUPPLEMENTAL AFFIDAVIT.

While the Affidavit and its supporting documents could not be obtained sooner, Plaintiff does not experience any prejudice as a result of the Court granting this Motion for Leave to File. With respect to Plaintiff's grievances filed under AK Policy 808.03, the Richey Affidavit merely expands upon the Affidavit of Timothy Lyden [Doc. Nos. 42-1, *et seq.*], previously filed in this case, regarding Plaintiff's failure to exhaust administrative remedies under AK Policy 808.03 and relied upon in Defendant Evenson's Motion to Dismiss. Paragraphs 1-2 of the Supplemental Affidavit establish Affiant's competence to provide testimony. Paragraphs 3-4 and 12 authenticate the Exhibits to Defendant Evenson's Motion to Dismiss. Paragraphs 5-22 and 25 provide affirmative testimony for the factual contentions set forth in Defendant Evenson's Motion to Dismiss at 7-9.

Defendant Evenson gave Plaintiff knowledge of the factual contentions in support of his Motion to Dismiss and Plaintiff was provided the opportunity to respond in his Opposition.

Mot. for Leave to File Supp. Aff.
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1863379.1                                    4 of 6

Plaintiff does not contend by way of Opposition that Defendant Evenson did not provide sufficient affirmative proof of non-exhaustion or otherwise dispute that he failed to exhaust the Prisoner Grievance procedure set forth as AK Policy 808.03.  As such, Plaintiff suffers no prejudice from the filing of the Supplemental Affidavit.

### III. CONCLUSION

Because no prejudice will result to Plaintiff and the documentation upon which the Supplemental Affidavit of Carl Richey was not available despite good a faith search and the pertinence of Plaintiff's CCA Incident Statement was unknown by Defendant Evenson at the time his Motion to Dismiss was filed, leave should be granted to file the attached Supplemental Affidavit of Carl Richey in support of Defendant Evenson's Motion to Dismiss [Doc. No. 103].

RESPECTFULLY SUBMITTED this 7th day of January 2008.

JONES, SKELTON & HOCHULI, P.L.C.


By s/Timothy J. Bojanowski
   Daniel P. Struck
   Timothy J. Bojanowski
   2901 N. Central Ave., Suite 800
   Phoenix, Arizona  85012
   Tel:  (602) 263-7324
   Fax:  (602) 200-7837
   E-mail: tbojanowski@jshfirm.com

Mot. for Leave to File Supp. Aff.
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1863379.1                                    5 of 6

Michael D. Corey
ABA #8511130
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Tel: (907) 276-6363
Fax: (907) 276-3528

*Attorneys for Defendant Michael Evenson*

This is to certify that a true and correct copy of the foregoing was served by ( XX ) mail (　) hand (　) fax this 7th day of January 2008, to:

Jack Lawrence Earl, Jr. #302235
**RED ROCK CORRECTIONAL FACILITY (AK CONTRACT)**
1752 East Arica Road
Eloy, Arizona 85231
*Plaintiff Pro Per*

and that true and correct copies were served, via the CM/ECF system, this date, upon:

The Honorable Timothy J. Burgess
**U.S. DISTRICT COURT**
222 West 7th Avenue, #4
Anchorage, Alaska 99513

John K. Bodick, Esq.
**STATE OF ALASKA**
Attorney General's Office
310 K Street, Suite 403
Anchorage, Alaska 99501
*Counsel for Defendants Addington*

and

Richard L. Pomeroy, Esq.
**U.S. ATTORNEY'S OFFICE**
222 West 7th Avenue, #9
Anchorage, Alaska 99512
*Counsel for Defendant Itkowitz*

          s/Dianne Clark
_____

Mot. for Leave to File Supp. Aff.
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1863379.1                                              6 of 6