**EXHIBIT 1**

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| JACK LAWRENCE EARL, JR.,<br><br>               Plaintiff,<br><br>v.<br><br>MIKE ADDINGTON, et al.,<br><br>               Defendants. | NO. 3:06-cv-00126 (TMB) |

### SUPPLEMENTAL AFFIDAVIT OF CARL RICHEY IN SUPPORT OF DEFENDANT MICHAEL EVENSON'S MOTION TO DISMISS

I, **Carl Richey**, first duly sworn upon my oath, depose and state that:

1. I have been employed with CCA since August 1996, and I have over 25 years of experience in the corrections field. Currently, I am the Grievance Compliance Officer at the Red Rock Correctional Center. Previously, and at all times relevant to this action, I was the Grievance Compliance Officer at the Florence Correctional Center ("FCC").

2. I am of the age of majority, of sound mind, having

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                          1 of 13


reviewed Plaintiff's First Amended Complaint [Doc. No. 77] in this litigation and have personal knowledge of the facts stated herein, make this Supplemental Affidavit in Support of Defendant Michael Evenson's Motion to Dismiss.

3. Exhibit 1 to Defendant Evenson's Motion to Dismiss is a true and correct copy of the excerpted pages of the FCC Prisoner Handbook for the Alaska Unit, in effect at the time of Plaintiff's arrival at FCC in December 2007. All Alaska DOC Inmates were provided with access to the inmate handbook which summarized the prisoner grievance procedures. Additionally, the prisoner grievance procedure is also discussed during orientation, which all inmates receive upon arrival to the facility.

4. Exhibit 2 to Defendant Evenson's Motion to Dismiss is a true and correct copy of the State of Alaska Department of Corrections Policies and Procedures No. 808.03, relating to Prisoner Grievances, and is the version in effect at all relevant times while Plaintiff was incarcerated at FCC.

5. Alaskan Inmates at FCC may file a grievance over any matter within either FCC or the Alaska Department of Corrections' control, including but not limited to alleged violations of the Department's regulations, a statute, a procedure set forth in the Prisoner Handbook, or health care. Only matters relating to inmate discipline and classification are exempt from the grievance policy. Inmates must also file

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                                  2 of 13

separate grievances for unrelated subjects or incidents.

6.   Plaintiff's allegations in the Amended Complaint regarding Defendant Evenson's conduct during Inmate Earl's transport and Defendant Evenson's alleged denial of colostomy self-care, are grievable matters under Policy 808.03.

7.   Alaskan Inmates at FCC must first try to resolve a problem informally before filing a grievance, except for emergency grievances and allegations of staff misconduct. Only if the informal resolution is both documented and unsatisfactory, may the inmate proceed with a formal grievance.

8.   Alaskan Inmates at FCC are provided with a three-step grievance procedure. A summary of that procedure is as follows:

   a.   **Filing a Grievance (Level One)**

   If the prisoner cannot resolve a problem informally, he or she may file a grievance. To file a grievance, the prisoner must fill out a Prisoner Grievance Form and attach the response to the informal resolution attempt. In order to be timely, the grievance form must be submitted no later than thirty (30) days after the prisoner learns of the alleged incident, conditions, or violation giving rise to the grievance. The

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                              3 of 13

grievance process begins when the Grievance Coordinator records and files the grievance.

b. **Appeal Process (Level Two)**

A prisoner may appeal a Superintendent/Deputy Director's decision. The prisoner must complete and file a Prisoner Grievance Appeal Statement form with the Grievance Coordinator within two working days after receiving the Superintendent/Deputy Director's decision. The Grievance Coordinator shall record the appeal and immediately send the appeal to the Deputy Director or, in the case of an appeal from the Deputy Director's decision where the Superintendent has been initially grieved, to the Director.

c. **Review by the Grievance and Compliance Administrator (Level Three)**

A prisoner who believes a grievance has not been handled consistent with this policy may seek review by the Grievance and Compliance Administrator after the Deputy Director/Director renders a decision. The prisoner must request a

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                        4 of 13

review by writing a letter, and sending it in a sealed envelope directly to the Grievance and Compliance Administrator within 30 days.

9. If an inmate fails to follow this procedure or omits any part of it, he has not exhausted the administrative remedies available. If an inmate fails to cooperate with the investigation process, he has failed to carry the grievance through to its finish and thus has failed to exhaust the administrative remedies available.

10. Inmates complete the State of Alaska Prisoner Grievance Form, sign it, date it, and place in the locked grievance mailbox in their housing unit. (Inmates in segregation may give the grievance to either the segregation officer or a supervisor for deposit into the grievance mailbox). The Grievance Mailbox is checked five days a week (excluding holidays), and grievances are acknowledged as received on that date and assigned a log number. Grievances are deemed "filed" on the date their receipt is acknowledged.

11. Once a grievance has been filed, the Grievance Coordinator is to review the grievance and determine whether it is to be screened, resolved, investigated or sent to the Warden. Grievances which are screened are rejected as being deficient because they (1) attempt to grieve non-grievable issues; (2) are not within the Institution or Department's jurisdiction; (3) the issue was not first addressed informally, and is not an

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                        5 of 13

emergency grievance; (4) grieve an issue which was already grieved by the prisoner or another prisoner and the issue was already resolved; (5) are submitted on behalf of another prisoner who is able to file his own grievance; (6) are incomplete; (7) are untimely; (8) grieve an action not yet taken; (9) contain inappropriate use of obscene or profane words; (10) are factually incredible or clearly devoid of merit; (11) fail to clearly specify what relief is sought; (12) raise unrelated issues that should be presented in separate grievances; or, (13) are against the Warden, but not for action taken directly by the Warden. When a grievance is screened, the inmate is notified of the deficiency and has two days within which to correct the deficiency and resubmit the grievance. Furthermore, if the inmate contends that the grievance was improperly screened, the inmate may, within two days, appeal the screening decision to the Warden, who has ten (10) days to review and issue a written decision concerning the appeal.

12. The Grievance Officer tracks the grievances in the facility grievance log, by grievance number. Exhibit 3 to Defendant Michael Evenson's Motion to Dismiss are true and correct copies of the handwritten FCC grievance log, reflecting grievances filed from January 2, 2004 until January 6, 2004, and from January 12, 2004 until January 21, 2004. Attached hereto as Exhibit A is a true and correct copy of the typed FCC grievance log reflecting grievances filed between January 6,

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                6 of 13

2004 and January 19, 2004. Additionally, grievance log information is transmitted to the Alaska Department of Corrections Standards Administrator, who maintains a log of all grievances submitted by all Alaskan prisoners, regardless of facility. The Standard Administrator also assigns a code number to each grievance.

13. I have reviewed the FCC grievance logs for the 30 day period following Plaintiff's arrival at FCC on December 14, 2003, and identified nine (9) grievances filed by Plaintiff. None of these grievance address any of the issues raised in Plaintiff's complaint regarding Defendant Evenson's conduct during his transport or denial of colostomy self-care.

14. On January 2, 2004, Inmate Earl filed Grievance 04-0004 (Code No. 6613) complaining that he was not on the law library list and that as a result, his unspecified pending, current and ADA non-compliance actions were hindered. As Inmate Earl did not attach documentation indicating that he had previously attempted to raise this issue with his case manager, the grievance was screened on January 2, 2004. Inmate Earl did not timely resubmit this grievance or appeal the screening. Exhibit B is a true and correct copy of the Grievance Officer's file relating to Grievance 04-0004.

15. On January 2, 2004, Inmate Earl filed Grievance 04-0005 (Code No. 6614) complaining that he had not received responses to unspecified Requests for Service submitted to

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                    7 of 13

unspecified individuals on December 22, 2003. As Inmate Earl did not attach copies of these requests indicating that he had attempted to informally resolve those issues, the grievance was screened on January 2, 2004. Inmate Earl did not timely resubmit this grievance or appeal the screening. Exhibit C is a true and correct copy of the Grievance Officer's file relating to Grievance 04-0005.

16. On January 2, 2004, Inmate Earl filed Grievance 04-0006 (Code No. 6615) complaining that upon his release from segregation, his orange facility-issued clothing was not timely replaced with grey facility-issued clothing which was not the proper size and had been previously issued to other inmates. Inmate Earl requested that he be issued clothing that fits and is in good condition. As Inmate Earl did not describe any attempt to handle his clothing issue informally, the grievance was screened on January 2, 2004. Inmate Earl did not timely resubmit this grievance or appeal the screening. Exhibit D is a true and correct copy of the Grievance Officer's file relating to Grievance 04-0006.

17. On January 6, 2004, Inmate Earl filed Grievance 04-0022 (Code No. 6673) complaining that he was not receiving medically ordered fruit with his breakfast. As Inmate Earl did not provide a copy of the doctor's order, this grievance was screened on January 6, 2004 as not first addressed informally. Inmate Earl was instructed to either provide a copy of the order

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                    8 of 13

or seek to resolve the grievance informally with the Health Service Administrator. Inmate Earl did not timely resubmit this grievance with the required documentation or appeal the screening. Exhibit E is a true and correct copy of the Grievance Officer's file relating to Grievance 04-0022.

18. On January 6, 2004, Inmate Earl filed Grievance 04-0023 (Code No. 6674) complaining that the handicap sink in his cell leaks and that his locker does not have "proper shelves." As Inmate Earl did not attach copies of his unspecified Requests to Staff Member regarding these concerns, his grievance was screened on January 6, 2004 as not first addressed informally and Inmate Earl was instructed to discuss the issue with his Unit Manager. Inmate Earl did not timely resubmit this grievance with the required documentation or appeal the screening. Exhibit F is a true and correct copy of the Grievance Officer's file relating to Grievance 04-0023.

19. On January 6, 2004, Inmate Earl filed Grievance 04-0024 (Code No. 6675) complaining that his request for an egg-crate mattress to place on top of his facility issued mattress was improperly denied by Warden Luna in violation of his previously agreed upon ADA accommodations with the State of Alaska. As Inmate Earl did not attach copies of showing efforts to informally address his grievance, his grievance was screened on January 6, 2004. Moreover, the grievance was also screened as being completely without merit, since the documentation

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                    9 of 13

received regarding Inmate Earl's ADA accommodations did not reflect anything regarding provision of a second mattress of any type. Inmate Earl did not timely resubmit this grievance or appeal the screening. Exhibit G is a true and correct copy of the Grievance Officer's file relating to Grievance 04-0024.

20. On January 6, 2004, Inmate Earl filed Grievance 04-0027 (Code No. 6678) complaining that the segregation and general population law libraries both contained insufficient materials. While Inmate Earl first raised the issue with the Grievance Coordinator, his grievance was screened on January 6, 2004 for failure to attempt to informally resolve the grievance and Inmate Earl was advised that an attempt to informally raise the grievance must be made with the Law Librarian, rather than the Grievance Coordinator. Inmate Earl did not timely resubmit this grievance or appeal the screening. Exhibit H is a true and correct copy of the Grievance Officer's file relating to Grievance 04-0027.

21. On January 6, 2004, Inmate Earl filed Grievance 04-0028 (Code No. 6679) complaining that when he refused pill call and refused to sign a refusal form, Sgt. Walls and Capt. Walker did not follow proper policy regarding refusal to sign forms. As Inmate Earl did not describe any attempt to informally address the issue, it was screened on January 6, 2004. The Screening Form also advised Inmate Earl that he was correct regarding the policies and that Sgt. Walls and Capt.

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                                    10 of 13

Walker would be reminded of the policy. Furthermore, Inmate Earl was advised that should he have future issues with security staff, he should seek informal resolution with the Chief of Security. Inmate Earl did not timely resubmit this grievance or appeal the screening. Exhibit I is a true and correct copy of the Grievance Officer's file relating to Grievance 04-0028.

22. On January 12, 2004, Inmate Earl filed Grievance 04-0037 (Code No. 6737) complaining that FCC medical staff would not refill a prescription of his multi-vitamins, that he could keep on his person ("KOP"), but rather would only provide it via prescription if he would receive the vitamins at through the daily pill line. Alternatively, Inmate Earl was advised that if he wished to keep the vitamins on his person, he may purchase them himself through the commissary. As Inmate Earl did not first attempt the resolve the issue informally with Ms. Ortiz, the Health Services Administrator, and did not attach documentation of any attempt to informally resolve it, the grievance was screened on January 12, 2004. Inmate Earl did not timely resubmit the grievance or appeal the screening. Exhibit J is a true and correct copy of the Grievance Officer's file relating to Grievance 04-0037.

23. The Corrections Corporation of America Incident Statement, Form 5-1C attached as Exhibit 1 to Plaintiff's Opposition to Motion to Dismiss of Defendant Michael Evenson is not a Prisoner Grievance Form recognized at FCC or by the State

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                                     11 of 13

of Alaska. This form is an internal form which is used by CCA employees and inmates to record statements which are solicited once an incident as defined in FCC Corporate and Facility Policy 5-1, has been reported. Plaintiff's "Incident Statement" is not recognizable as either a grievance or a grievance appeal, and only appears to be an effort to communicate informally with Warden Luna.

24. The Incident Report which Inmate Earl alleges to have completed and signed on January 3, 2004 is addressed to Warden Luna, skipping the screening and first level investigation of the formal grievance process by going directly to the Warden. If an inmate fails to follow or omits any part of the formal grievance process, he has failed to exhaust his administrative remedies.

25. I hereby attest that Inmate Earl failed to properly exercise and exhaust the administrative remedies available to him for the allegations contained in his Amended Complaint.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                                    12 of 13

FURTHER AFFIANT SAYETH NAUGHT.

_____
CARL RICHEY

State of Arizona   )
                   )
County of Pinal    )

Subscribed and sworn to before me this 3rd day of January 2008.

_____
Notary Public

My Commission Expires:

11/8/2009



"OFFICIAL SEAL"
Josette L. Pouges
Notary Public-Arizona
Pinal County
My Commission Expires 11/8/2009

Supp. Aff. of Carl Richey in Support of Dft. Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1861291.1                                          13 of 13