Daniel P. Struck, Bar #012377
Timothy J. Bojanowski, Bar #022126
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-7324
Fax:  (602) 200-7837
tbojanowski@jshfirm.com

Attorneys for Defendant Michael Evenson

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

**AT ANCHORAGE**

| | |
|---|---|
| JACK LAWRENCE EARL, JR.,<br><br>                    Plaintiff,<br><br>     v.<br><br>MIKE ADDINGTON, et al.,<br><br>                    Defendants. | NO. 3:06-cv-00126 (TMB) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT MICHAEL EVENSON'S**

**MOTION TO DISMISS**

**I.   INTRODUCTION**

    Defendant Michael Evenson, through counsel, files this Reply Memorandum in response to Plaintiff's Opposition to Motion to Dismiss ("Opp."). Plaintiff's Opposition fails to assert any legal or factual arguments in support of his assertion that he (1) properly exhausted the administrative remedies pursuant to 42 U.S.C. § 1997e(a) before filing the subject lawsuit; (2) is entitled to equitable tolling of the statute of limitations; (3)

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1862797.1                                    1 of 20

may proceed against Defendant Evenson in his individual capacity for claims under the ADA/RA; and, (4) states a cognizable federal or state constitutional claim upon which relief can be granted. In fact, Plaintiff's opposition confirms that he did not submit any grievance pursuant to 22 AAC 05.185, is not entitled to equitable tolling and that he fails to state a claim upon which relief can be granted. Accordingly Defendant Evenson's Motion to Dismiss must be granted.

## II. PLAINTIFF FAILED TO EXHAUST ALL AVAILABLE ADMINISTRATIVE REMEDIES PRIOR TO BRINGING SUIT.

The PLRA requires that an incarcerated plaintiff *properly* exhaust all available administrative remedies prior to bringing suit for all claims arising under federal law. Plaintiffs bringing state law claims under Alaska law must also exhaust administrative remedies prior to filing suit.[1] "[E]xhaustion … is mandatory. Prisoners must now exhaust *all* 'available remedies' … Indeed as we held in *Booth,* a prisoner must now exhaust administrative remedies even where the relief sought – monetary damages – cannot be granted by the administrative process."[2] It is not enough for a plaintiff to "achieve the purpose" of the PLRA; rather, proper exhaustion requires "using

---

[1] *Broeckel v. Alaska,* 941 P.2d 893, 896 (Alaska 1997).

[2] *Woodford v. Ngo*, 126 S. Ct. 2378, 2382-83 (*citing, Booth v. Churner,* 532 U.S. 731, 739 and 734 (2001) (emphasis added). Likewise, the *Panero* court correctly recognized that *Booth* overturned it's previous circuit case law that the PLRA did not require exhaustion for *Bivens* suits. *Panero v. City of North Las Vegas,* 432 F.3d 949, 952 (9th Cir. 2005).

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                                                                2 of 20

all steps that the agency holds out, and doing so properly."[3] Non-exhaustion is an affirmative defense which must be properly raised and proved by a defendant. Defendant Evenson, through the Affidavit of Timothy Lyden[4] and the Supplemental Affidavit of Carl Richey (hereinafter "Richey Aff.") provide ample proof.[5]

In Alaska, administrative remedies available to prisoners are codified at 22 AAC 05.185 and are specified in AK Policy 808.03. Plaintiff concedes that he did not properly exhaust those remedies. "A prisoner's concession to nonexhaustion is valid ground for dismissal, so long as no exception to exhaustion applies."[6] Plaintiff contends, that (1) he did not understand the grievance process; (2) he need not specifically name Defendant Evenson in his grievance; (3) he "grieved" Defendant Evenson's conduct via a CCA Incident Statement; and, (4) Plaintiff "achieved the purposes of the PLRA's exhaustion requirement"[7] by submitting and exercising all appeals under AK Policy 808.16 relating to ADA Complaints. None of these contentions, constitutes *proper* exhuastion nor a legally valid exception to the exhaustion requirement.

---

[3] *Woodford,* 126 S.Ct. at 2385 (2006)

[4] The Lyden Aff [Doc Nos. 42-1, *et seq.*] was previously submitted to the Court and to Plaintiff by Defendants Addington

[5] *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir. 2003) (affidavits supporting exhaustion defense must allege that a plaintiff failed to exhaust administrative remedies and authenticate supporting documentary evidence.)

[6] *Id.*

[7] Opp. at 4.

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1862797.1                               3 of 20

A.  **Plaintiff fully utilized and understood AK Policy 808.03 long before the subject incident.**

Plaintiff's allegation that he did not receive an inmate handbook or orientation of the grievance process upon his arrival at FCC is a red herring. The grievance policy at FCC is not a policy unique to the institution, but is the statewide policy of the Alaska Department of Corrections. Further, the facts demonstrate that Plaintiff was intimately familiar with the policy. Prior to his transfer to FCC, Plaintiff, pursuant to AK Policy 808.03, submitted more than forty (40) grievances at the Spring Creek Correctional Center.[8] Fifteen were screened and rejected as deficient.[9] In at least one case Plaintiff appealed the screening decision.[10] Of Plaintiff's grievances that survived screening, five were referred for investigation, one was easily resolved, sixteen resulted in relief being denied, and in three instances, Plaintiff's requested relief was granted.[11] Furthermore, prior to his transfer to FCC, Plaintiff submitted numerous grievances under AK Policy 808.03 relating to both ADA Complaints and alleged staff misconduct, similar in nature to his allegations in the instant case.[12]

---

[8] *See* Lyden Aff. Ex. G [Doc. No. 42-13] (Plaintiff's DOC grievance log) at 1-2.

[9] *Id.*

[10] *Id.* Grievance Code No. 539 relating to legal services, upheld the screening decision upon appeal. However, if the screening decision was reversed on appeal, the grievance log would not reflect any screening results.

[11] *Id.*

[12] *Id.* Grievance Code Nos. 571, 1463, and 5039 relate to ADA

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                                    4 of 20

Following Plaintiff's arrival at FCC, he filed nine grievances, during the time when he could have filed a timely grievance regarding Defendant Evenson's alleged conduct.[13] Although these nine grievances were all screened as not properly submitted in accordance with the policy, Plaintiff was advised in every case how he could remedy the defect.[14]  Further, the screening form which was returned to Plaintiff and explained the defect also gave Plaintiff notice of his right to appeal the screening decision.[15]  Plaintiff's extensive history of use of AK Policy 808.03 belies any self-serving and misleading allegation that he did not know of the policy or its provisions and is exempt from the proper exhaustion requirement.

B. **<u>Plaintiff need not name Defendant Evenson.</u>**[16]

While the PLRA does not require a plaintiff to name all defendants, it does not excuse a Plaintiff from submitting a grievance which sets forth all information provided by the

---

Complaints.  Grievance Code Nos. 245, 307, 1408 and 2463 related to officer conduct during pat searches, denial of medical attention, and cell searches.

[13] Def't Evenson's Mot. to Dismiss [Doc. No. 103](hereinafter "Mot. Dismiss")at 8-9; Richey Aff at ¶¶ 13-22.

[14] Richey Aff. at ¶¶ 14-22.

[15] Richey Aff, Exs. B-J at 2 ("If you have evidence to show that this screening decision is incorrect or improper, you may appeal this decision to the Superintendent in writing.")

[16] Defendants argument that Plaintiff did not name Defendant Evenson in any pre-suit correspondence is not an argument directed towards non-exhaustion, but rather, is directed towards the proposition that Plaintiff is not entitled to equitable tolling.  *See* § III, *infra*.

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1862797.1                               5 of 20

grievance policy.[17] If the grievance policy is silent as to the level of specificity, the grievance "must alert the prison to the nature of the wrong [and] object intelligently to some asserted shortcoming."[18] Plaintiff failed to submit a grievance pursuant to 22 AAC 05.185 and AK Policy 808.03 regarding any allegation which he now raises against Defendant Evenson.

### C. Plaintiff's CCA Incident Statement does not constitute *proper* exhaustion.

Since Plaintiff cannot demonstrate he submitted a grievance under AK Policy 808.03, he alleges that on January 3, 2004, he sent a CCA Incident Statement to Warden Luna wherein he advised the Warden that during his transport a "very large guy" "in black" utilized excessive force and denied him colostomy self-care.[19] This form, however, is not the proper form required by AK Policy 808.03.[20] Rather, it is a form used to solicit statements from employees and prisoners, once the facility recognizes that an incident may have occurred.[21] The failure to use the form required by the grievance policy is sufficient to establish that Plaintiff's exhaustion was improper.[22] Moreover, even if FCC solicited this statement from Plaintiff, any

---

[17] *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002).

[18] *Id.*

[19] Opp. Ex. 1.

[20] *Compare* Prisoner Grievance Form, Mot. Dismiss, Ex. 2 at 9, *with* Incident Statement, Opp., Ex. 1. *See* Richey Aff. ¶ 23.

[21] Richey Aff. at ¶ 23.

[22] *Woodford,* 126 S.Ct. at 2385.

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                                          6 of 20

participation by Plaintiff in a Use of Force or other internal investigation, still does not satisfy the dictate of the PLRA and "cannot be considered equivalent to [Plaintiff's] assertion of a grievance."[23]

Plaintiff's incident statement fails in two other ways to comport with AK Policy 808.03. First, the policy requires that grievances be submitted to the grievance coordinator to be screened. If it survives screening, it may be resolved by the grievance officer or referred for investigation or sent to the Warden.[24] By sending the incident statement directly to Warden Luna rather than the grievance coordinator, Plaintiff bypassed the essential steps of the policy and failed to exhaust his administrative remedies.[25] Second, Plaintiff's incident statement may only be considered an attempt to informally resolve his concerns, prior to filing a formal grievance.[26] However, Plaintiff admits that "he did not receive any response" and speculates that this incident statement "simply disappeared."[27] Yet, hearing no response, Plaintiff did not seek to either file a formal grievance, or appeal the denial of his this alleged grievance. In short, Plaintiff's submission of an Incident Statement, as a matter of law, is not a proper

---

[23] *Panero*, 432 F.3d at 954.
[24] *See* Mot. Dismiss at 7-8, Richey Aff at ¶¶ 7, 8 and 11.
[25] Richey Aff. at ¶¶ 9, 24.
[26] *Id.* at ¶ 23.
[27] Opp. at 3.

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                                    7 of 20

exhaustion of administrative remedies required by the PLRA or *Woodford.*

### D.  Plaintiff's ADA Complaints under AK Policy 808.16.

Plaintiff maintains that his pursuit and exhaustion of appeals relating to the ADA Complaint submitted under AK Policy 808.16 "achieved the purposes" of the PLRA.[28] Plaintiff is incorrect, both as a matter of law, and of fact. The exhaustion requirement, both under the PLRA and Alaska state law, is unequivocal. A plaintiff must use the prison grievance system, not some other system[29] and must exhaust "all available remedies."[30] The administrative remedies available to all Alaska Prisoners are codified at 22 AAC 05.185 and specified by AK Policy 808.03, *not* AK Policy 808.16.[31] As Plaintiff failed to avail himself of the remedies available under AK Policy 808.03, he simply did not exhaust "such administrative remedies as [were] available."[32] Plaintiff's reliance on *Butler v. Adams*, which was decided before *Woodford,* is misplaced. The *Butler* court merely adopted the *Strong*[33] standard as to the level of

---

[28] Opp. at 4.

[29] *See* Mot. Dimsiss at 10, n.33.

[30] *Woodford,* 126 S.Ct. at 2382; *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1063 (9th Cir. 2007).

[31] *Compare* Policy 808.03, Mot. Dismiss, Ex. 2 at 1 (referring to 22 AAC 05.185) *with* Policy 808.16, Lyden Aff, Ex. A at 1 [Doc No. 42-2] (refers only to 6 AAC 54.010 - .990).

[32] 42 U.S.C. § 1997e(a).

[33] Likewise, *Strong* is inapposite, as Plaintiff in that case, Strong files two intraprison grievances and "defendants concede[d] that Strong pursued all administrative remedies

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1862797.1                              8 of 20

detail required and reversed the dismissal predicated upon the fact that Plaintiff's Reasonable Modification or Accommodation Request failed to provide defendants with "specific notice of plaintiff's statutory claims against them."[34] *Butler* relates to an ADA Complaint against the California Department of Corrections and Rehabilitation ("CDCR") and is inapposite. The case does not mention whether ADA complaints are grievable under the CDCR's prisoner grievance policy, let alone address whether a Plaintiff seeking monetary damages under the ADA must also use the CDCR grievance system. In the instant case, however, Plaintiff's ADA, RA and constitutional claims are all grievable matters under AK Policy 808.03.[35]

In fact, the Ninth Circuit did not provide guidance concerning the application of a prison grievance policy to inmate ADA suits until nearly five months after the Court denied Defendants Addingtons' Motions to Dismiss.[36] In *O'Guinn*, Plaintiff did not avail himself to the Nevada Department of Corrections administrative grievance process, but rather filed a

---

available to him." *Strong,* 297 F.3d at 647.

[34] *Butler v. Adams,* 397 F.3d 1181, 1183 (9th Cir. 2005).

[35] Lyden Aff. [Doc. No. 42-1] at ¶ 2; Richey Aff. at ¶¶ 5-6.

[36] In denying Defendants Addingtons' Motions to Dismiss, the Court declined to rule on exhaustion, since Defendants Addington, did not properly raise the affirmative defense until submitting their reply memorandum. April 26, 2007 Order [Doc. 62] at 5. Furthermore, the court then held that since the PLRA does not contain a name all defendants requirement, that Plaintiff's ADA Complaint provided sufficient notice as to Defendants Addington. *Id.* at 5-8.

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1862797.1                                     9 of 20

complaint with the Department of Justice ("DOJ"), who sought and received authorization to investigate those complaints.[37]  The Ninth Circuit held whether or not the DOJ complaint "achieved the purposes" of the 42 U.S.C. § 1997e(a) was immaterial since the PLRA requires exhaustion in compliance with the rules that are established by the prison grievance process.[38]  Since O'Guinn filed a complaint in an alternate forum rather than avail himself of the grievance policy available at the Lovelock Correctional Center, the Ninth Circuit upheld dismissal.  Just as participation in an internal use of force, or other investigation, does not constitute exhaustion under the PLRA, neither does Plaintiff's election to only avail himself to AK Policy 808.16.  As Plaintiff chose to forego the administrative remedies available to him under 22 AAC 05.185 and AK Policy 808.03, his claim against Defendant Evenson is barred by 42 U.S.C. § 1997e(a).

Plaintiff's contention that his 808.16 complaint "alerted the *prison* to the nature of the wrong"[39] does not constitute compliance with the grievance policy.  Plaintiff's initial 808.16 complaint is not addressed to anyone at FCC and makes no mention of any alleged excessive force or denial of colostomy self-care by and "very large guy" "in black" who is ostensibly

---

[37] *O'Guinn,* 502 F.3d at 1058-59.

[38] *Id.* at 1062 (*citing, Jones v. Bock,* 127 S.ct. 910, 922 (2007)).

[39] *Strong,* 297 F.3d at 650 (emphasis added).

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                                               10 of 20

employed at FCC.[40]  Understandably, the final response to that complaint also does not mention those allegations and was not copied to FCC.[41]  Furthermore, Plaintiff submitted a thirteen page appeal of the findings on March 10, 2004 and still failed to make any mention of any use of excessive force or denial of colostomy self-care by any FCC employee.[42]  Again, Plaintiff failed to provide a copy of that letter to FCC.[43]

Moreover, Plaintiff knew that in order to properly exhaust available administrative remedies he must not only submit an ADA Complaint, but must also submit a grievance under AK Policy 808.03.  With respect to his complaint that FCC did not provide him with an eggcrate mattress, Plaintiff did precisely that.[44]  Plaintiff's 808.16 correspondence neither specifies any wrong relating to excessive force or denial of colostomy self-care by an employee of FCC nor does it "achieve the purpose" of the PLRA requiring the proper exhaustion of all available administrative remedies.

---

[40] Lyden Aff., Ex. C [Doc. No. 42-4].

[41] Lyden Aff., Ex. E [Doc. No. 42-6].

[42] Lyden Aff., Ex. F [Doc. Nos. 42-7, 42-8 and 42-9].

[43] *Id.*

[44] In his ADA Complaint, Plaintiff contends that FCC did not provide him with an eggcrate mattress. Lyden, Aff., Ex. C [Doc. No. 42-4] at 2.  Yet, even before he submitted that ADA Complaint, he submitted a grievance raising that issue under AK Policy 808.03.  Richey Aff. ¶ 19 and Ex. G at 1.

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                                11 of 20

III. **PLAINTIFF'S CLAIMS ARE TIME-BARRED.**

As Plaintiff did not send a grievance to the FCC as required by the Alaska Administrative Code, he did not comply with the PLRA's exhaustion requirement and thus is not entitled to tolling of the statute of limitations under the *Harris* line of cases, pursuant to AS 09.10.170.  Moreover, as AK Policy 808.03 requires the grievance process will be complete within no more than 129 days[45] from the date of incident, Plaintiff's Complaint was filed after the tolling period for exhaustion of administrative remedies.

There is no doubt Plaintiff's complaint is time-barred even if the Court considers equitable tolling as construed by applicable case law.  In order to evoke equitable tolling, Plaintiff must meet all three prongs of the *Gudenau* test.[46] Alaska case law is clear that, Plaintiff's one-time CCA Incident Statement is a private complaint rather than a claim through a quasi-legal or quasi-judicial process, and does not provide adequate notice.[47]  Likewise, Plaintiff's ADA Complaint did not invoke quasi-judicial or quasi-legal process which could give

---

[45] Allowing full time for filing of the grievance (30 days), screening, appeal of screening decision or resubmission of grievance (2 days), decision on screening appeal (10 days), investigation and step one resolution (10 days), filing of Prisoner Grievance Appeal (2 days), investigation and step two resolution (15 days), filing of step three appeal (30 days) and step three investigation and resolution (30 days).  Mot. Dismiss Ex. 2 at 3-5.

[46] Mot. Dismiss at 14.

[47] Mot. Dismiss at 16-17.

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                              12 of 20

adequate notice to Defendant Evenson.[48] Moreover, Plaintiff does not dispute that Defendant Evenson's ability to gather evidence is prejudiced by Plaintiff's lengthy delay in filing the original complaint against him as "John/Jane Doe SORT Member." Given these facts, equity demands that the statute of limitations, with respect to Defendant Evenson not be tolled.

## IV. **PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### A. **As a matter of law, Plaintiff's ADA/RA claims must be dismissed.**

Plaintiff's opposition does not dispute that, as a matter of law, neither Title II of the ADA nor the RA permit suits only against public entities, not individuals in their individual capacity.[49] Furthermore, none of the cases cited by Plaintiff suggest that an individual officer may be held individually liable under the ADA or RA.[50] Plaintiff's Amended Complaint is

---

[48] Plaintiff's ADA correspondence was neither provided to FCC nor describes any of the allegations Plaintiff now attributes to Defendant Evenson. *Supra* at 14.

[49] *See* Mot. Dismiss at 19-20.

[50] *Frost v. Agnos,* 152 F.3d 1124 (9th Cir. 1998) (holding that Maricopa County Sheriff's Office *officials* may be held liable for failure to provide pre-trial detainee with handicapped-accessible shower under 14th Amendment and ADA); *Armstrong v. Davis,* 275 F.3d 849, 879 (9th Cir. 2001) (holding that California Board of Prison Terms and its secretary, in his *official capacity*, may be held liable under the ADA); *Maher v. Gatten,* 40 Fed. Appx. 415 (9th Cir. 2002) (suit brought against Plaintiff's counselor for 8th Amendment violations under § 1983, not ADA or RA); *Love v. Westville Correctional Center,* 103 F.3d 558 (7th Cir. 1996) (suit brought against correctional center, not individual officers, under ADA); and *Duvall v. City of Kitsnap,* 260 F.3d 1124, 1141 (9th Cir. 2001) (reversing grants of summary judgment to County, County's ADA Coordinator, Chair of County

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                                      13 of 20

clear that he is only suing Defendant Evenson in his individual capacity and all claims against Warden Luna and the Florence Correctional Center have already been dismissed. Thus, Counts 5 and 6 must be dismissed, irrespective of whether or not Plaintiff has plead any other requisite claim establishing a potential violation of the ADA or RA.

B. **Plaintiff's constitutional claims likewise must be dismissed.**

Defendant Evenson's Motion is directed at the sufficiency of the claims raised in the Amended Complaint, which contain only legal conclusions, cloaked as allegations of fact, without the any necessary factual predicates. "A liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled"[51], including but not limited to, allegations that a Plaintiff suffered an injury in fact.[52] Likewise, the Court should reject conclusory allegations where a civil rights Plaintiff fails to "'allege with at least some degree of particularity overt acts which defendants engaged in' that support the plaintiff's claim."[53]

---

ADA Committee and County Court Administrator, in their *official capacities*).

[51] *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (*citing, Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982) (alteration in original).

[52] *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981).

[53] *Jones v. Community Redevelopment Agency of City of Los Angeles,* 733 F.2d 646, 649 (9th Cir. 1984) (*citing, Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir. 1977); *see, Mitchell v. King,* 537 F.2d 285, 386 (10th Cir. 1976).

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1862797.1                                    14 of 20

Finally, the Court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."[54] As a motion to dismiss under Rule 12(b) focuses on the sufficiency of the Complaint, the Court need not accept unverified or unauthenticated claims, speculation or innuendo raised only in Plaintiff's Opposition.

Rather than argue that his Amended Complaint is sufficient, Plaintiff only provides unverified allegations in his opposition that he suffered actual injury due to his overfull colostomy bag and that Defendant Evenson was deliberately indifferent. Whether or not a party was deliberately indifferent is a legal conclusion. Absent any supporting factual predicate, those claims must be dismissed.

Only in his Opposition, does Plaintiff suggest that as a result of the "excess of six hours"[55] with an overfull colostomy pouch, he suffered "a sore groin."[56] This is still only an allegation of mere discomfort over a relatively short period of time, and does not rise to the level of a cognizable constitutional violation.[57]

At best, Defendant Evenson's less than six-hour delay in providing colostomy self-care after Plaintiff allegedly advised

---

[54] *Western Mining Council,* 643 F.2d at 624.
[55] Opp. at 2.
[56] Opp. Ex. 1 at 1.
[57] *See* Mot. Dismiss at 25 and n.92.

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                                                    15 of 20

him of the need, amounts to negligence, not deliberate indifference. Defendant Evenson admittedly acted by sending another officer to assist Plaintiff with his colostomy bag.[58] Furthermore, the case law cited by Plaintiff does not dispute that as a matter of law, a delay in providing colostomy self-care is not deliberate indifference amounting to a constitutional violation. Plaintiff cites *Armstrong* for the proposition that claims under the ADA/RA need not rise to the level of constitutional violations.[59] *Armstrong*, *Love*,[60] and *Duvall*[61], as cited by Plaintiff, only allege ADA violations, not constitutional claims and are inapposite here.[62]

Furthermore, the facts behind *Frost* and *Maher* are easily distinguished. *Frost* held that it was Plaintiff's "repeated injuries and unsafe conditions" due to his need to use crutches, without any provision by the Sheriff's Office of *any* accommodation to assist him with showering in a non-handicapped

---

[58] *See id.* at 25-27; *see also Duvall*, 260 F.3d at 1124 ("Deliberate indifference requires … a failure to act upon that liklihood) (*citing, City of Canton v. Harris*, 489 U.S. 278, 389 (1988).

[59] *Armstrong*, 275 F.3d at 864-65.

[60] 103 F.3d 558 (7th Cir. 1996)

[61] 206 F.3d 1124 (9th Cir. 2001)

[62] *Armstrong* makes no mention of deliberate indifference. *Duvall* makes it clear that Plaintiff must prove intentional discrimination using the deliberate indifference standard in order to recover monetary damages under the ADA and RA. 260 F.3d at 1138. *Love* challenged the propriety of a jury instruction during a retrial for damages that Defendants intentionally disciminated against Plaintiff in violation of the ADA. 103 F.3d at 559.

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                              16 of 20

accessible shower that *may* amount to deliberate indifference to serious medical needs.[63]  In the instant case, however, Plaintiff neither suffered "repeated injuries" nor alleged being detained in unsafe conditions.  Rather, when one considers the factual surroundings, Plaintiff admitted that he urinated down the shower drain,[64] and one cannot help but wonder why Plaintiff did not take a similar opportunity to empty his colostomy bag if it was truly causing so much discomfort.  Likewise, *Maher,* an unpublished opinion, involves a counselor who allegedly received five requests from Plaintiff and one written request from a facility doctor to move Plaintiff to a first floor housing assignment.  He failed to act for at least sixteen days, forcing Plaintiff to endure substantial and chronic pain and permanent aggravation of a serious medical condition because he had to climb the stairs to a cell on an upper tier.[65]  In *Mahler,* Defendant's knowledge came from a medical professional, and the pain was chronic, unlike the few hours Plaintiff was in the transport van and shower as claimed in the instant case.  Plaintiff fails to allege that Defendant Evenson had similar knowledge of the consequences of his delay in acting and that Plaintiff's sore groin amounted to "chronic and substantial" pain.  Since he has failed to plead the necessary prerequisite

---

[63] *Frost v. Agnos,* 152 F.3d 1124, 1129 (9th Cir. 1998).

[64] Opp. Ex. 1 at 2.

[65] *Mahler v. Gatten,* 40 Fed. Appx. 415, 417 (9th Cir. 2002).

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                                    17 of 20

facts supporting a legal conclusion that Defendant Evenson was deliberately indifferent to his medical needs, dismissal is appropriate.[66]

Plaintiff concedes that he does not state a due process claim arising from his placement in segregation. Furthermore, even if Plaintiff's additional speculation and innuendo regarding Defendant Evenson's alleged use of excessive force is accepted, Plaintiff still has not stated a cognizable constitutional claim. Plaintiff does not allege any serious physical injuries due to his placement in segregation or any excessive force. While Plaintiff alleges that he was handled roughly, *de minimus* uses of force do not constitute cognizable constitutional violations.[67]

**V.   CONCLUSION**

In the instant case, Plaintiff elected not to avail himself of the Prisoner Grievance procedure established by 22 AAC 05.185 and implemented by AK Policy 808.03. As Plaintiff did not pursue those administrative remedies, his suit is foreclosed by both the PLRA and the statute of limitations.

Second, Plaintiff's complaint remains time-barred as the proper time for service of suit. Moreover, Plaintiff failed to

---

[66] *McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).
[67] *See id.* at 28.

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)
1862797.1                                  18 of 20

provide notice to Defendant Evenson and cannot now benefit from equitable tolling.

Third, Defendant Evenson, as an individual is immune from suit in his individual capacity for any alleged violation of the ADA or RA.

Finally, Plaintiff does not plead any facts amounting to a cognizable constitutional claim against Defendant Evenson. As such, Counts 5-8 of Plaintiff's Amended Complaint should be dismissed.

RESPECTFULLY SUBMITTED this 7th day of January, 2008.

JONES, SKELTON & HOCHULI, P.L.C.

By s/Timothy J. Bojanowski
Daniel P. Struck
Timothy J. Bojanowski
2901 N. Central Ave., Suite 800
Phoenix, Arizona  85012
Tel:  (602) 263-7324
Fax:  (602) 200-7837
E-mail: tbojanowski@jshfirm.com

Michael D. Corey, ABA #8511130
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, Alaska  99501
Tel:  (907) 276-6363
Fax:  (907) 276-3528

*Attorneys for Defendant Michael Evenson*

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1862797.1                                  19 of 20

This is to certify that a true and correct copy of the foregoing was served by ( XX ) mail ( ) hand ( ) fax this 7th day of January, 2008 to:

The Honorable Timothy J. Burgess
**U.S. DISTRICT COURT**
222 West 7th Avenue, #4
Anchorage, Alaska 99513

Jack L. Earl, Jr., #302235
**RED ROCK CORRECTIONAL FACILITY (AK CONTRACT)**
1752 East Arica Road
Eloy, Arizona 85231
*Plaintiff Pro Per*

and that true and correct copies were served, via the CM/ECF system, this date, upon:

John K. Bodick, Esq.
**STATE OF ALASKA**
Attorney General's Office
310 K Street, Suite 403
Anchorage, Alaska 99501
*Counsel for Defendants Addington*

and

Richard L. Pomeroy, Esq.
**U.S. ATTORNEY'S OFFICE**
222 West 7th Avenue, #9
Anchorage, Alaska 99513
*Counsel for Defendant Itkowitz*


  s/Letitia L. Wright
_____

Reply in Support of Def't Evenson's Mot. to Dismiss
*Earl v. Addington, et al.*
3:06-cv-00126 (TMB)

1862797.1                                   20 of 20