IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK Lawrence EARL, JR.,<br><br>　　Plaintiff,<br><br>vs.<br><br>MIKE ADDINGTON, et al.,<br><br>　　Defendants. | Case No. 3:06-cv-00126-TMB<br><br>ORDER re AMENDING<br>COMPLAINT to ADD DEFENDANT |

On June 1, 2007, Jack Lawrence Earl, Jr. filed an amended civil rights complaint under 42 U.S.C. § 1983, naming several defendants, including Debbie Carter.[1] Because Mr. Earl made no specific allegations about Ms. Carter, she was dismissed as a defendant.[2] Mr. Earl then moved for reconsideration, and moved for permission to file another amended complaint, in which he sets forth specific allegations against Ms. Carter.[3] Because some of Mr. Earl's allegations against Ms.

---

[1] *See* Docket No. 77.

[2] *See* Docket No. 92.

[3] *See* Docket Nos. 94-97, 99.

Carter, liberally construed,[4] may state a cause of action, Mr. Earl's motion to amend will be granted.

However, Mr. Earl is cautioned that the same reasoning applied in the Order Regarding Motion to Dismiss Defendant Itkowitz,[5] will apply to Ms. Carter, who was also named as an employee of the U.S. Marshal Service on the plane transporting Mr. Earl to Arizona.[6]

First, in suits brought under Title II of the ADA or § 504 of the Rehabilitation Act, individuals may not be sued in their individual capacities,[7] and there appears to

---

[4] *See Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004) ("We construe the complaint liberally because it was drafted by a pro se plaintiff."); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. ... Additionally, in general, courts must construe *pro se* pleadings liberally."); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) ("The 'complaint should not be dismissed unless it appears beyond doubt that [Jackson] can prove no set of facts in support of the claim that would entitle [Jackson] to relief.' *Thompson*, 295 F.3d at 895. 'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.' *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).")

[5] *See* Docket No. 114.

[6] *See* Docket Nos. 77 and 96-1 at 3.

[7] *See* 42 U.S.C. § 12131(1); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 & n. 7 (9th Cir. 2003); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

be no injunctive relief that can be sought against Ms. Carter at this time.  Second, Title II of the ADA does not apply to the Federal Government.[8]

Third, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which allows suits against federal employees for civil rights violations,[9] it appears that the two-year statute of limitations has run,[10] because there is no exhaustion requirement.[11]

---

[8] *See Agee v. United States*, 72 Fed.Cl. 284 (Fed.Cl. 2006), citing 42 U.S.C. § 12131 ("The term 'public entity' means – (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)").

[9] The Ninth Circuit has decided to "join the Fifth, Eighth, and Eleventh Circuits and hold that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act." *Vinson v. Thomas*, 288 F.3d 1145, 1155, 1156 (9th Cir. 2002), *cert. denied*, 537 U.S. 1104, 1156 (2003).  The same rules generally apply to *Bivens* actions as to actions under the Civil Rights Act.

[10] *See Pesnell v. Arsenault*, 490 F.3d 1158, 1163 (9th Cir. 2007) ("Although federal law determines when a Bivens claim accrues, the law of the forum state determines the statute of limitations for such a claim. ... Tolling provisions for Bivens claims are also borrowed from the forum state.") (quoting *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002)); *see also* AS 09.10.070 (providing for 2-year limitations period).

[11] The Ninth Circuit has determined that exhaustion is not required for *Bivens* lawsuits, requesting only money damages from a defendant.  *See Panaro v. City of Las Vegas*, 432 F.3d 949, 952 n. 5 (9th Cir. 2005).  And individuals may only be sued under *Bivens* in their individual, not official, capacities.  *See Morgan v. United States*, 323 F.3d 776, 780 n. 3 (9th Cir. 2003); *see also Dale-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("a Bivens action can be maintained against a defendant in his

Fourth, in the event that Ms. Carter was a "state actor," who acted "in concert or conspiracy with state officials to deprive [Mr. Earl of his] federal rights, [and who] may be held liable for prospective relief under § 1983 when sued in [her] official capacity,"[12] under the Civil Rights Act, Earl was required to exhaust his administrative remedies.[13] Thus, the statute of limitations would have been tolled

---

or her individual capacity only, and not in his or her official capacity."); *Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996), following *Dale-Murphy*.

[12] *Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992); *see also Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3rd Cir. 1998) ("It is a well-established principle ... that federal officials are subject to section 1983 liability when sued in their official capacity where they have acted under color of state law, for example in conspiracy with state officials."); *Strickland v. Shalala*, 123 F.3d 863, 867 (6th Cir. 1997) (a federal official has acted under color of state law only when there is evidence that federal and state officials engaged in a conspiracy or "symbiotic" venture to violate a person's rights under the Constitution or federal law); *Merritt v. Mackey,* 932 F.2d 1317, 1323 (9th Cir. 1991) (a federal official is "exempt from section 1988 liability unless he 'conspire[d] with or participate[d] in concert with state officials who, under color of state law, act[ed] to deprive a person of protected rights.'") (citation omitted).

[13] *See* Docket No. 86 at 2 ("Since there were administrative remedies for Earl to pursue and exhaust against the State of Alaska, the starting point for that two year limitations clock did not start from the date of the event but from when the administrative claim was denied.").

during the time Earl was exhausting those remedies.[14]  This claim does not, however, allow for any monetary relief.[15]

**IT IS HEREBY ORDERED:**

1. Mr. Earl's motion for reconsideration, at docket number 94, is DENIED; and Mr. Earl's motion to amend to add specific allegations against Debbie Carter, at docket number 96, is GRANTED.  Mr. Earl is hereby directed to file his second amended complaint.

2. Mr. Earl's claims against any individual defendant under the Americans with Disabilities Act and the Rehabilitation Act are DISMISSED with prejudice.

---

[14] *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) ("We do not regard the intersection of the exhaustion and statute of limitations requirements as creating a problem for prisoners, however, as we agree with the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process") (citations omitted).

[15] *See Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992); *see also Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3rd Cir. 1998) ("It is a well-established principle ... that federal officials are subject to section 1983 liability when sued in their official capacity where they have acted under color of state law, for example in conspiracy with state officials."); *Strickland v. Shalala*, 123 F.3d 863, 867 (6th Cir. 1997) (a federal official has acted under color of state law only when there is evidence that federal and state officials engaged in a conspiracy or "symbiotic" venture to violate a person's rights under the Constitution or federal law); *Merritt v. Mackey,* 932 F.2d 1317, 1323 (9th Cir. 1991) (a federal official is "exempt from section 1988 liability unless he 'conspire [d] with or participate[d] in concert with state officials who, under color of state law, act[ed] to deprive a person of protected rights.'") (citation omitted).

3. Only defendant Debbie Carter must submit an answer or other appropriate response to the second amended complaint.[16] Unless the Court is informed to the contrary, the answers and/or responses filed by the other defendants will stand.

4. Once Mr. Earl files his second amended complaint, the Clerk of Court shall issue the summons at docket number 80 to Debbie Carter, and send a copy of the original summons, and a Form 285 to Mr. Earl.

5. Mr. Earl shall then proceed with the steps outlined in this Order to immediately serve Debbie Carter with a copy of his second amended complaint.

6. Mr. Earl shall send a fully completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order to:

> United States Marshal
> 222 West 7th Avenue, Box 28
> Anchorage, Alaska 99513

7. When the United States Marshal receives from Mr. Earl an appropriately completed Form 285, a copy of the complaint, an original and one copy of the summons, and a copy of this Order, the Marshal shall serve a copy of the complaint, summons and this Order upon Debbie Carter. All costs of this service shall be paid in advance by the United States. **Mr. Earl is**

---

[16] Mr. Earl's amended complaint, at docket number 77, has not been altered except for the addition of specific allegations against Debbie Carter. *See* Docket Nos. 77, 92-1.

**responsible for paying the U.S. Marshal's fees and costs, however, and will be billed for these fees and costs after service of process is complete.**

8. Ms. Carter shall have sixty (60) days after the date of service to file an answer or other responsive pleading.

DATED this 10th day of January, 2008, at Anchorage, Alaska.

                   /s/Timothy M. Burgess
                   TIMOTHY M. BURGESS
                   U.S. DISTRICT COURT JUDGE