**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

    JACK LAWRENCE EARL  v.  MIKE ADDINGTON, et al.

THE HONORABLE TIMOTHY M. BURGESS

DEPUTY CLERK                       CASE NO.  3:06-cv-00126-TMB

Pam Richter

PROCEEDINGS: **MINUTE ORDER FROM CHAMBERS**    DATE: April 1, 2008

    Jack Earl, representing himself, has moved for clarification of the Court's Order at docket number 125. In particular, Mr. Earl asks whether paragraph 2 of that Order, dismissing claims against individual defendants under the Americans with Disabilities Act and the Rehabilitation Act, includes injunctive relief against defendants in their official capacities.[1] It does not.

    The Ninth Circuit has followed "the Sixth, Seventh, and Eighth Circuits in holding that Title II's statutory language does not prohibit [the plaintiff's] injunctive action against state officials in their official capacities."[2] However, the Court is clear that, in suits brought under Title II of the ADA or § 504 of the Rehabilitation Act, individuals may not be sued in their individual capacities.[3] Thus, no individual defendant may be sued in his or individual capacity for money damages, and all such claims have been dismissed with prejudice.[4]

    Furthermore, while Title II of the ADA states that "no

---

[1] Official capacity actions are actions for **prospective relief**. In an official capacity suit, the plaintiff must demonstrate that a **policy or custom** of the **government entity** of which the official is an agent was the moving force behind the violation. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[2] *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003), cited in *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 414 n. 7 (5th Cir. 2004), also citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003); *Bruggeman ex rel. Bruggeman v. Blagovich*, 324 F.3d 906, 912-13 (7th Cir. 2003); *Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002).

[3] *See* 42 U.S.C. § 12131(1); *Miranda B.*, 328 F.3d at 1188 n. 7; *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

[4] *See* Docket No. 125 at 5.

qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity,"[5] the "term 'public entity' does not include the Federal Government."[6]

Thus, Mr. Earl's motion to clarify, at docket number 127, is hereby GRANTED.

IT IS SO ORDERED.

---

[5]  42 U.S.C. § 12132.

[6]  *Agee v. United States*, 72 Fed.Cl. 284 (Fed.Cl. 2006) ("The term 'public entity' means – (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)").