Jack L. Earl, Jr. / Pro Se
# 302235
Red Rock Correctional Center
1752 East Arica Road
Eloy, AZ                85231



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK L. EARL, JR.,                    )<br>                                       )<br>           Plaintiff,                 )<br>                                       )<br>vs.                                    )  Case No. 3:06-cv-00126-TMB<br>                                       )<br>MIKE ADDINGTON,                        )<br>CYNDI ADDINGTON,                       )<br>MATTHEW ITKOWITZ,                      )<br>DEBBIE CARTER, Flight Nurse for        )<br>U.S. Marshal-JPATS,                    )<br>JOHN DOE, United States Marshal,       )<br>MICHAEL EVENSON, S.O.R.T. TEAM         )<br>MEMBER-F.C.C.,                         )<br>LEITONI TUPOU,                         )<br>                                       )<br>           Defendants.                )<br>_____) | |

MEMORANDUM IN SUPPORT

Plaintiff, after reviewing, and researching Defendant's Motion for Summary Judgment realizes that he has been the only party that has been forthright in automatic discovery matters. The Defendant's cited that "18 U.S.C. § 4013, note, Pursuant to Pub.L. 105-119, Title I, November 26, 1997, 111 State, 2444 (31 U.S.C. § 6505, note) and 28 CFR § 110(k)" authorizes the USMS to transport state prisoners pursuant to **intergovernmental agreements.**" This would suggest, and is supported by 31 U.S.C. § 6505(b)(1)(2) that such documentation is available and would not be proprietory. Under section (b) it is true that a executive agency ,may provide services prescribed by the Director of the Office of Management and Budget, currently called the "President," to a State of local government when--

(1) "written request is made by the State or local government; and (2) statement of pay and all other identifiable costs of providing the services is made to the executive agency by the State of local government making the request.' Also stated under the "code" that gives the authority to provide specialized and technical services it states that " the services prescribed **must** be consistent with, and further the policy of the United States government of relying on the private enterprise system to provide services reasonably and quickly available through ordinary business channels.

One other aspect is that federal funds are utilized (pending the State's reimbursements) raising the issues surrounding Americans with Disabilities Act adherances.

Moreover, when reviewing, for "state actor" under the governmental nexus test (taking into consideration <u>Lopez v Dep't of Health Services</u>, 939 F.2d 881, 883 (9th Cir. 1991)[federal agents, like private citizens, can act under color of state law if the conspire or act in concert with state officials to deprive a person of their civil rights] the Defendant acts under color of state law if "There is a sufficiantly close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself; <u>Jackson v Metropolitan Edison Co.</u>, 419 U.S. 345, 351 and see <u>West v Atkins</u>, 487 U.S. 42.

Therefore without the required discovery anything could be asserted by the Defendant, and any opposition at this time would be incoherent and frivolous.

Respectfully submitted.

By: *[signature]*
Jack L. Earl, Jr.

-2-