John K. Bodick
Assistant Attorney General
310 K Street, Suite 403
Anchorage, Alaska 99501
Telephone: (907)269-6379
Attorney for defendants Mike
Addington and Cyndi Addington

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JACK L. EARL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MIKE ADDINGTON, et al., )<br>)<br>Defendants. )<br>_____) | Case No. 3:06-CV-00126-TMB<br><br>**MOTION TO DISMISS** |

Defendants Mike Addington and Cyndi Addington, by and through their legal counsel, Assistant Attorney General for the State of Alaska, John K. Bodick, hereby move to dismiss plaintiff Jack Earl's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and pursuant to 42

U.S.C. §1997e(e) due to his failure to allege physical injury.[1]

## FACTS

Earl alleges that defendants Mike Addington and Cyndi Addington were deliberately indifferent to his serious medical needs during his transport from Alaska to Arizona in December of 2003. Earl alleges he had a colostomy in 1996 that requires him to defecate into a colostomy pouch. Amended Complaint, Docket 77 at paragraphs 13-14. Earl alleges that former Alaska Department of Corrections Director of Institutions Addington "was responsible for the transfer preparation and transport of prisoners from one facility to another." Amended Complaint, Docket 77 at paragraph 5. Earl alleges that former Alaska Department of Corrections Prisoner Transport Coordinator Cyndi Addington "was responsible for managing the transfer itself, including the special medical needs of prisoners being transferred and the briefing of other individuals involved in the transfer." Amended Complaint, Docket 77 at paragraph 6.

Earl alleges that he provided his mod officer with supplies necessary to care for his colostomy prior to leaving the Anchorage Jail and that he was assured by an Officer Holcomb that the supplies had been boxed and clearly marked for access during the transport. Amended Complaint, Docket 77 at paragraph 22. Earl alleges that he was transported to the airport and was required to empty his colostomy bag behind a snowbank on the tarmac. Amended Complaint, Docket 77 at paragraphs 23-24. Earl

---

[1] This court previously dismissed Earls claims against all defendants under the ADA and Rehabilitation Act. Docket 125 at page 5. Thus, only Earl's claims under 42 U.S.C. §1983 remain against defendants Mike Addington and Cyndi Addington.

alleges that he was escorted behind a snowbank by four officers who were supervised by Mike Addington. Amended Complaint, Docket 77 at paragraph 24. Earl alleges that he was provided with two small bottles and a paper towel, that he was urged to quickly complete the process, and that when he complained about the conditions and his treatment, he was "roughed up by an officer". Amended Complaint, Docket 77 at paragraph 24.

Earl alleges that during the flight he asked to use the restroom twice and was told by a U.S. Marshall that he did know anything about his colostomy supplies and that he would remain in restraints while in the bathroom. Amended Complaint, Docket 77 at paragraph 27-28, 30. Earl alleges that there was no water in the restroom and that because he remained in restraints he had difficulties emptying his colostomy bag and as a result spilled some of the contents of the colostomy bag on his clothing and the bathroom. Amended Complaint, Docket 77 at paragraphs 29-32.

Earl claims that as a result of the above allegations, defendants Mike Addington and Cyndi Addington were deliberately indifferent to his serious medical needs because they were aware of his medical condition and purposely denied him appropriate supplies and conditions for self care. Amended Complaint, Docket 77 at paragraphs 53-58.

## ARGUMENT

I. EARL HAS FAILED TO STATE AN EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS MIKE ADDINGTON AND CYNDI ADDINGTON

Earl has failed to state a cognizable Eighth Amendment claim against

defendants Mike Addington and Cyndi Addington because he has not alleged facts that show they were deliberately indifferent to his serious medical needs or an excessive risk to his health or safety. Dismissal of a complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990); *see also Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984). Civil rights claims must state facts which support the allegation of a constitutional violation by each defendant. *Richards v. Harper,* 864 F.2d 85, 88 (9th Cir. 1988); *Jones v. Community Redev. Agency,* 733 F.2d 646, 649 (9th Cir. 1984). The failure to allege facts which show personal participation in an alleged civil rights violation warrants dismissal. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987). The Ninth Circuit has repeatedly stated that conclusory allegations are insufficient and that specific facts are required. *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998); *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992); *McCarthy v. Mayo,* 827 F.2d 1310, 1316 (9th Cir. 1987).

The Supreme Court has held that to establish an Eighth Amendment violation a prisoner must show that (1) the alleged deprivation is sufficiently serious resulting in the minimal civilized measure of life's necessities, and (2) that the prison officials were deliberately indifferent to an excessive risk to inmate health or safety, meaning the officials actually knew about and disregarded the risk. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 1982, 128 L.Ed.2d 811 (1994). A prison official acts with

deliberate indifference only if the official knows of and disregards an excessive risk to prisoner health and safety. *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002). This must be a purposeful act or failure to act. *McGuckin v. Smith*, 974 F.2d. 1050, 1060 (9th Cir. 2002). Because Earl did not allege facts that show defendants Mike Addington and Cyndi Addington personally knew of any special medical need he had, that they personally and intentionally denied, delayed, or interfered with his receipt of medical care for such needs, or that he suffered harm as a result, Earl has failed to state a claim upon which relief can be granted and his claims against them must be dismissed.

A.   Earl Has Failed to State a Claim Against Defendant Mike Addington

Earl has failed to state an Eighth Amendment claim against defendant Mike Addington because he alleges no facts that show defendant Addington was aware that he had special medical needs regarding his colostomy or that defendant Addington personally denied him proper supplies or access to care. Earl alleges only that Mike Addington supervised the officers who escorted him behind the snowbank to empty his colostomy bag during his transport in December of 2003 and that defendant Mike Addington was aware of his medical condition and purposely denied him appropriate supplies and conditions for self care. Amended Complaint, Docket 77 at paragraphs 24 and 54. Earl does not allege specific facts that show defendant Mike Addington had any knowledge of his colostomy condition, of the specific type of supplies he needed to empty his colostomy bag, that Earl ever asked him for his supplies, or that defendant Addington in any way denied Earl access to necessary supplies or care. Earl does not allege specific

facts that show defendant Mike Addington instructed the officers to direct Earl to empty his colostomy bag behind the snowbank or to deny Earl access to his supplies. In short, Earl does not allege that defendant Mike Addington personally did anything to violate his civil rights. Earl's allegations against defendant Mike Addington are conclusory in nature and do not support a cause of action for a civil rights violation.

Defendant Mike Addington cannot be held liable just because, as Director of Institutions, he was the ultimate supervisor of the officers who escorted Earl behind the snowbank to empty his colostomy bag. See Amended Complaint, Docket 77 at paragraphs 5 and 24. There is no supervisory or *respondeat superior* liability for civil rights violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Wood v. Sunn*, 865 F.2d 982, 990 (9th Cir. 1989). Thus, defendant Mike Addington cannot be held liable just because of his official position as director; instead, Earl must allege facts that show defendant Mike Addington personally participated in a civil rights violation. Earl's failure to allege any such facts as to defendant Mike Addington requires dismissal of his complaint.

Last, Earl fails to allege any harm or impairment of health that occurred as a result of any actions by defendant Mike Addington. A prisoner can make no claim for deliberate medical indifference unless the denial was harmful. *McGuckin v. Smith*, 974 F.2d at 1060, citing *Shapley v. Nevada Board of State Prison Comm'rs*, 766 F.2d 494, 407 (9th Cir. 1985). Conditions that merely cause inconvenience or discomfort do not rise to the level of constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-9 (7th Cir.

1971). A number of courts have held that similar situations do not rise to the level of civil rights violations because they did not result in any harm to the prisoner.2 Thus, since Earl has not stated any harm as a result of his allegations against defendant Mike Addington, the deprivation he alleges is not sufficiently serious to state an Eighth Amendment claim and Earl's claims must be dismissed.

      B. <u>Earl Has Failed to State a Claim Against Defendant Cyndi Addington</u>

Earl has failed to state an Eighth Amendment claim against defendant Cyndi Addington because he alleges no facts that show she was aware that he had special medical needs regarding his colostomy and personally denied him proper care. Earl alleges only that defendant Cyndi Addington was the prisoner transport coordinator who

---

    2 In *Booker v. Herman*, 2006 WL 2457230, No. 1:06-CV-178 TLS (N.D. Ind. August 22, 2006) the district court granted defendants' motion to dismiss holding that exposure to contents of another inmate's colostomy bag did not state a cognizable Eighth Amendment claim because there was no allegation or of injury. In *Harris v. Fleming*, 839 F2d 1232, 1236 (7th Cir. 1988), the Seventh Circuit held that a temporary deprivation of toilet paper was insufficient to state an Eighth Amendment claim because the prisoner suffered no physical harm. In *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996), the Eighth Circuit found that exposure to raw sewage for four days did not state a constitutional violation because there was no allegation that the "prisoner was exposed to disease or any other consequences of the exposure" and the "raw sewage allegation amounts to a *de minimus* imposition." In *Williams v. Delo*, 49 F.3d 442, 445-46 (8th Cir. 1995) the Eight Circuit held that four days in a cell without clothing or a flushing toilet did not violate Eighth Amendment because the health of prisoner was not impaired. In *Juliano v. Camden County Dept. of Corr.*, 2006 WL 1210845, Action No. 06-1110 (FLW) (D.N.J. May 3, 2006) the district court granted defendants' motion to dismiss holding that no Eighth Amendment claim was stated where restraints made it impossible to use bathroom facilities during a prisoner transport because the prisoner alleged no injury. In *Jensen v. Jorgensen*, 2005 WL 2412379, Action No. 03-4200 (D.S.D. Sept. 29, 2005), the court held that the denial of the use of a toilet for twelve hours during a prisoner transport did not state a civil rights claim due to lack of any resulting physical injury.

was responsible for managing the transport and that she was aware of his medical condition and purposely denied him appropriate supplies and conditions for self care. Amended Complaint, Docket 77 at paragraphs 6 and 54. Earl does not allege specific facts that show he ever asked defendant Cyndi Addington for his supplies or that she personally denied him access to the supplies or any necessary care. In fact, Earl does not allege any facts that show defendant Cyndi Addington did anything to violate his civil rights. Earl's allegations against defendant Cyndi Addington are conclusory and do not support a cause of action for a civil rights violation.

Defendant Cyndi Addington cannot be held liable just because, as prisoner transport coordinator, she was responsible for some aspects of the prisoner transport. There is no supervisory or *respondeat superior* liability for civil rights violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Wood v. Sunn*, 865 F.2d 982, 990 (9th Cir. 1989). Thus, defendant Cyndi Addington cannot be held liable just because of her official position as transport coordinator; instead, Earl must allege facts that show she personally participated in the alleged civil rights violation. Earl's failure to allege any such facts as to defendant Cyndi Addington requires dismissal of his claims against her.

Last, Earl fails to allege any harm or impairment of health that occurred as a result of any actions by defendant Cyndi Addington. As stated above, a prisoner does not state a claim for deliberate indifference unless the alleged denial was harmful and conditions that merely cause inconvenience or discomfort do not rise to the level of

constitutional violations. *Citations omitted.* A number of courts have held that similar situations do not rise to the level of civil rights violations because they did not result in any harm to the prisoner.3 Thus, since Earl has not stated any harm as a result of his allegations against defendant Cyndi Addington, the deprivation he alleges is not sufficiently serious to state an Eighth Amendment claim.

II.   EARL'S CLAIM MUST DISMISSED DUE TO HIS FAILURE TO ALLEGE PHYSICAL INJURY UNDER 42 U.S.C. §1997e(e)

Earl's claims against Mike Addington and Cyndi Addington must be dismissed because he has failed to allege physical injury. 42 U.S.C. §1997e(e) requires physical injury in order for a prisoner to bring a civil rights action:

> No federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Physical injury for purposes of §1997e(e) requires more than *de minimus* injury. *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002). A complaint that fails to allege physical injury is subject to dismissal. *Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003). Earl has failed to allege any physical injury as a result of his allegations against Mike Addington and Cyndi Addington. At most, the facts Earl has alleged indicate he may have soiled himself with the contents of his colostomy bag during the transport. However, this de minimus injury does not state physical injury under 42 U.S.C. §1997e(e). Thus, Earl's claims against

---

3 See footnote 1 above.

Mike Addington and Cyndi Addington must be dismissed due to his failure to allege physical injury.

## CONCLUSION

Earl has failed to allege specific facts that show defendants Mike Addington and Cyndi Addington personally participated in his alleged civil rights violations or that he suffered physical injury as a result of their actions. Earl's conclusory allegations that defendants Mike Addington and Cyndi Addington violated his civil rights are insufficient to sustain a civil rights claim. Thus, Earl's claims against defendants Mike Addington and Cyndi Addington must be dismissed for failure to state a claim upon which relief can be granted.

Dated this 29 day of August, 2008.

TALIS J. COLBERG
ATTORNEY GENERAL

By: s/ John K. Bodick
Assistant Attorney General
State of Alaska, Department of Law
Criminal Division Central Office
310 K Street, Suite 403
Anchorage, AK 99501
Telephone: 269-6379
Facsimile: 269-6305
Email: John_Bodick@law.state.ak.us
AK Bar No. 8411098

### Certificate of Service

I certify that on August 29, 2008, a copy of the foregoing Motion to Dismiss and Proposed Order were served on
Jack Earl, inmate
#302235

CCA, Red Rock Correctional Center
1752 East Arica Road, Eloy, AZ., 85231
<u>s/ John K. Bodick</u>